1  **BOUTIN JONES INC.**
   Daniel S. Stouder SBN 226753
2  Ian K. McGlone SBN 315201
   555 Capitol Mall, Suite 1500
3  Sacramento, CA 95814-4603
   T: (916) 321-4444/F: (916) 441-7597
4  dstouder@boutinjones.com
   ianmcglone@bointjones.com
5
   Attorneys for Defendant Steven Maviglio
6

7

8                UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  Ms. PARVIN OLFATI,                    Case No.:  2:21-cv-00606-WBS-CKD

12              Plaintiff,

13       vs.                              **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
14  CITY OF SACRAMENTO, et al.            DEFENDANT STEVEN MAVIGLIO'S
                                          MOTION TO DISMISS AND SPECIAL
15              Defendants.               MOTION TO STRIKE [Fed. R. Civ. P.
                                          12(b)(6) and Cal. Civ. Proc. Code § 425.16]**
16
                                          **Date:        June 1, 2021
17                                        Time:        1:30 pm
                                          Courtroom: 5, 14th Floor
18                                        Judge:       Hon. William B. Shubb**

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      INTRODUCTION...................................................................................................1

II.     FACTUAL BACKGROUND ...............................................................................1

  A. Essential Allegations ........................................................................................1

  B. Additional Pertinent Facts...............................................................................3

III.    LEGAL STANDARD ..........................................................................................4

IV.     ARGUMENT .......................................................................................................5

  A. Plaintiff's sole federal claim against Maviglio fails as a matter of law, because it fails to allege facts sufficient to demonstrate a conspiracy....................................................5

  B. Plaintiff's state law claims against Maviglio are all rooted in protected petitioning activity and should be stricken pursuant to California's anti-SLAPP statute. ...................................7

    1. The Court may consider an anti-SLAPP motion under California law, applying the Federal Rules of Civil Procedure. ....................................................................................7

    2. Under the first prong, each of Plaintiff's state law claims arises from activity in furtherance of Maviglio's right of petition or free speech. .........................................................8

    3. Under the second prong, Plaintiff cannot demonstrate a reasonably probability of prevailing on any of her state law claims.....................................................................................9

      i.      None of Plaintiff's state law claims is legally sufficient, because the Complaint does not include sufficient factual allegations to state any claim. ..........................................9

        a.      NINTH CALIFORNIA COUNT FOR BANE ACT VIOLATIONS .....................9

        b.      TENTH CALIFORNIA COUNT FOR CONSPIRACY TO COMMIT TRESPASS.......................................................................................................10

        c.      ELEVENTH CALIFORNIA COUNT FOR MALICIOUS PROSECUTION.......11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2

d.      TWELFTH CALIFORNIA COUNT FOR DEFAMATION AND THIRTEENTH CALIFORNIA COUNT FOR FALSE LIGHT INVASION OF PRIVACY .........12

e.      FIFTEENTH CALIFORNIA COUNT FOR IIED .................................................12

ii.    Plaintiff cannot demonstrate that any of her state law claims are supported by a sufficient prima facie showing of evidence to sustain a favorable judgment. ...........13

4. Plaintiff is entitled to reasonable attorney's fees for bringing this motion. ..........................14

C.  Plaintiff's state law claims are also subject to dismissal because Plaintiff has failed to include sufficient factual allegations to state any claim. ..........................................................14

D.  The Court may decline to exercise supplemental jurisdiction over the state law claims. ........15

E.  The Court should not grant leave to amend. ...........................................................15

F.  The Complaint may be dismissed as prolix under Rule 8(a). ...................................................15

V.  CONCLUSION ...............................................................................................16

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Acri v. Varian Associates, Inc.*,
  114 F.3d 999 (9th Cir. 1997) ............................................................................................ 15

*Albrecht v. Lund*,
  845 F.2d 193 (9th Cir.) ...................................................................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 4, 7, 9, 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................................. 4

*Burns v. Cty. of King*,
  883 F.2d 819 (9th Cir. 1989) ................................................................................................ 6

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ............................................................................................ 16

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) ................................................................................................ 15

*Corrie v. Caterpillar, Inc.*,
  503 F.3d 974 (9th Cir. 2007) ................................................................................................ 4

*Cox v. Ashcroft*,
  603 F. Supp. 2d 1261 (E.D. Cal. 2009) ................................................................................ 6

*Davis v. Elec. Arts Inc.*,
  775 F.3d 1172 (9th Cir. 2015) .............................................................................................. 9

*Outdoor Media Group, Inc. v. City of Beaumont*,
  506 F.3d 895 (9th Cir. 2007) ................................................................................................ 5

*Paulsen v. CNF, Inc.*,
  559 F.3d 1061 (9th Cir. 2009) ..................................................................................... 4, 5, 11

*Pena v. Gardner*,
  976 F.2d 469 (9th Cir. 1992) ................................................................................................ 6

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
  890 F.3d 828 (9th Cir.) ................................................................................................... 8, 14

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ......................................................................................... 7, 14

*United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*,
  463 U.S. 825 (1983) .............................................................................................................. 6

*Vega v. JPMorgan Chase Bank, N.A.*,
  654 F. Supp. 2d 1104 (E.D. Cal. 2009) ................................................................................ 4

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .............................................................................................. 7

State Cases

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal.4th 503 (1994) .......................................................................................................... 11

*Cabesuela v. Browning-Ferris Industries*,
   68 Cal.App.4th 101(1998) ............................................................................................. 10

*Chabak v. Monroy*,
   (2007) 154 Cal.App.4th 1502, 65 Cal.Rptr.3d 641 ....................................................... 13

*Dwight R. v. Christy B.*,
   (2013) 212 Cal.App.4th 697, 151 Cal.Rptr.3d 406 ....................................................... 13

*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures*,
   184 Cal.App.4th 1539, (2010) ..................................................................................... 14

*Hughes v. Pair*,
   46 Cal.4th 1035 (2009) .......................................................................................... 12, 13

*IIG Wireless, Inc. v. Yi*,
   22 Cal.App.5th 630( 2018) ........................................................................................... 11

*Kenne v. Stennis*,
   230 Cal. App. 4th 953 (2014) ................................................................................ 13, 14

*King v. State of California*,
   242 Cal.App.4th 265 (2015) ......................................................................................... 10

*Seltzer v. Barnes*,
   182 Cal. App. 4th 953 (2010) ......................................................................................... 7

*Siam v. Kizilbash*,
   (2005) 130 Cal.App.4th 1563, 31 Cal.Rptr.3d 368 (*Siam*) ......................................... 13

*Sullivan v. County of Los Angeles*,
   12 Cal.3d 710 (1974) .................................................................................................... 11

*Walker v. Kiousis*,
   93 Cal. App. 4th 1432 (2001) ........................................................................................ 8

Federal Statutes

28 U.S.C. § 1367(c)(3) ......................................................................................................... 15
42 U.S.C. § 1985(3) .......................................................................................................passim

State Statutes

Cal. Civ. Code § 52.1 ......................................................................................................... 3, 9
Cal. Civ. Code, § 52.1(j) ....................................................................................................... 10
Cal. Civ. Proc. Code § 425.16 ......................................................................................... 1, 14
Cal. Civ. Proc. Code § 425.16 (e) ......................................................................................... 8
Cal. Civ. Proc. Code § 425.16(b) ................................................................................. 1, 8, 16
Cal. Civ. Proc. Code § 425.16(b)(1) ...................................................................................... 7
Cal. Civ. Proc. Code § 425.16(c) ............................................................................... 1, 14, 16
California Civil Code, Section 47(b)(5) ................................................................................. 12

Federal Rules

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 4
Fed. R. Civ. P. 12(b)(6) ...................................................................................................passim
Federal Rule of Civil Procedure 8(a) ............................................................................. 15, 16
Federal Rule of Civil Procedure 56 ....................................................................................... 8
Federal Rules of Civil Procedure.7 .......................................................................................... i

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2

Other Authorities

CACI No. 3066 .......................................................................................................... 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2

# I.    INTRODUCTION

On May 9, 2020, officers from the Sacramento City Police Department responded to an alleged complaint concerning Plaintiff Parvin Olfati ("Plaintiff"). Plaintiff was arrested, though the charge of resisting arrest was later dropped. In a sprawling tome, spanning 321 pages and replete with redundant and irrelevant content, Plaintiff attempts to brings claims against everyone conceivably involved with her arrest, including Defendant Steven Maviglio, the moving party who is Plaintiff's neighbor and a mere witness ("Maviglio").

The Complaint includes a single federal claim and six state law claims against Maviglio. Each claim arises from the same alleged actions by Maviglio – filing complaints with and making statements to police officers. Because such actions are in furtherance of Maviglio's First Amendment rights, the claims are subject to a special motion to strike pursuant to California's Anti-SLAPP ("strategic lawsuit against public participation") statute.

Furthermore, the Complaint fails to allege facts sufficient to state even a single claim against Maviglio. It appears that Plaintiff named Maviglio in her Complaint in an attempt to continue to harass him, after he successfully obtained a restraining order against Plaintiff based on her other incidents of harassment. Consistent with the policy of California's anti-SLAPP statute, the Court should eliminate this meritless and retaliatory litigation at this early stage. Maviglio respectfully requests that the Court dismiss the single federal claim against Maviglio with prejudice under Rule 12(b)(6); strike all state law claims against Maviglio pursuant to Cal. Civ. Proc. Code § 425.16(b); and order that Maviglio is entitled to reasonable attorney's fees under Cal. Civ. Proc. Code § 425.16(c).

# II.    FACTUAL BACKGROUND

## A. Essential Allegations

Despite its length, the allegations in the Complaint that underpin the claims against Maviglio can be summed up in a few short paragraphs. On the morning of May 9, 2020, Plaintiff, Maviglio, and Defendant Barbara Andres ("Andres") were allegedly standing on their respective properties, yelling at each other. (Compl. ¶¶ 92–97.) Then, Andres purportedly walked onto Plaintiff's driveway and made a hand signal to police officers who were around the corner. (Complaint ¶¶ 97–

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2
1160415.2

100.)  Thereafter, the police arrived and arrested Plaintiff.  Allegedly, "Plaintiff (a 67 year old woman) was illegally assaulted, battered and falsely imprisoned in a no-warrant, inside the cartilage [sic], inside the living room illegal seizure. . . ."  (Comp. ¶ 10.)

Plaintiff claims that "[t]he false arrest without a warrant made in Plaintiff's living room was made based on false information (that Plaintiff had committed a 'battery' or an 'altercation') intentionally or recklessly communicated to the Defendant City's Police Department by two 'neighbors', Defendant Barbara Andres and Defendant Steven Maviglio. . . ."  (Compl. ¶ 14.)  Throughout, the Complaint repeats conclusory and vague allegations regarding Maviglio's communications to the police.  For example, the Complaint alleges that Maviglio "knowingly communicated false and defamatory accusations of fact of and concerning Plaintiff to the Defendant City's Police Department."  (Compl. ¶ 69).  However, the Complaint does not include any details regarding any of the statements Maviglio purportedly made to the police.  In contrast, the Complaint specifically alleges that "[t]he false statements made by Defendant Andres to Defendant City Police included, but are not limited to: (i) a statement that Plaintiff was a 'female involved in an altercation with a male subject'; (ii) a statement that Plaintiff was involved in a 'battery.' "  (Compl. ¶ 74.)[1]

After Plaintiff was handcuffed, Defendant Police Officer Maryna Stanionis allegedly took Plaintiff's cell phone to "meetings" with Maviglio and showed him the contents of the cell phone.  (Comp. ¶¶ 162–166.)  It is further alleged that the officers involved with the arrest had other "meetings" with Maviglio, while Plaintiff was detained in a police car, and "the topic of conversation was Plaintiff or Plaintiff's residence."  (Compl. ¶ 168.)

In relation to the events on May 9, 2020, Plaintiff was charged with resisting arrest.  (Compl. ¶ 185.)  The criminal complaint was dismissed by the Sacramento County District Attorney for insufficient evidence on October 15, 2020.  (*Ibid*.)

The Complaint makes several references to a restraining order that Maviglio obtained against Plaintiff.  Yet, the "Complaint does not seek relief against any Defendant for Defendant

---

[1] Maviglio does not intend to suggest that these allegations are sufficient to state any claim against Andres.  Still, this paragraph demonstrates how Plaintiff includes more detailed allegations as to other defendants, while leaving the allegations about Maviglio's actions even more vague and conclusory.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2
1160415.2

Steven Maviglio's and Defendant Barbara Andres's acts in obtaining the restraining order. . . ."
(Compl. ¶ 78.)

Plaintiff brings a total of seven claims against Maviglio: (1) the Ninth Federal Count for Conspiracy under 42 U.S.C. § 1985(3); (2) the Ninth California Count for Violations of the Bane Act (Cal. Civ. Code § 52.1); (3) the Tenth California Count for Conspiracy to Commit Trespass; (4) the Eleventh California Count for Malicious Prosecution; (5) the Twelfth California Count for Defamation; (6) the Thirteenth California Count for False Light Invasion of Privacy; (7) the Fifteenth California Count for Intentional Infliction of Emotional Distress ("IIED").

**B. Additional Pertinent Facts**

Relevant to the anti-SLAPP consideration, Maviglio submits a declaration herewith. Maviglio did not communicate with the police on May 9, 2020, before the police interacted with Plaintiff. (Declaration of Steven Maviglio ("Maviglio Decl.") ¶ 3.) After Plaintiff was in custody, police officers asked Maviglio questions about what he had witnessed on that day and at other times. (Maviglio Decl. ¶ 4.) Maviglio cooperated with the officers and answered their questions truthfully. (*Ibid.*) At no time did any police officer show Maviglio Plaintiff's phone or any of its contents. (*Ibid.*)

As noted above, it is alleged that these events were precipitated by Andres' report to the police of an altercation and/or battery on May 9, 2020. (*See*, Compl. ¶ 74.) At one point in the Complaint, Plaintiff asserts:

> None of the questions asked of Plaintiff by Defendant City Police Officer Maryna Stanionis in the handcuffed custodial interrogation referred to any "battery." Instead, Defendant City Police Officer Maryna Stanionis kept asking questions about a person named "Steve", and Plaintiff responded by telling her "go ask Steve Maviglio."

(Compl. ¶ 171.)

Steve Kamp ("Kamp") is Plaintiff's Attorney in this matter. Maviglio has personally witnessed: (a) Kamp stay overnight many nights a week at Plaintiff's residence at 1859 45th Street, Sacramento, California; (b) Plaintiff regularly driving Kamp's vehicle; (c) several domestic

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2
1160415.2

1  disturbances between Plaintiff and Kamp; and (d) several visits by police officers to the residence.

2  (Maviglio Decl. ¶ 5.)

3       On November 19, 2019, Maviglio was granted a restraining order against Plaintiff in

4  Sacramento County Superior Court, after a hearing.  (Maviglio Decl. ¶ 6.)  The restraining order

5  was granted after the court heard testimony from Maviglio and Andres, and considered a letter in

6  opposition by Plaintiff.  (Maviglio Decl. ¶ 7.)  Plaintiff did not appear at the hearing, despite having

7  been served by Maviglio. (*Ibid.*)  Kamp was in the courtroom during the hearing but did not testify.

8  (Maviglio Decl. ¶ 8.)  Maviglio testified about Plaintiff's conduct, including: (a) trespassing in his

9  backyard numerous times; (b) harassing and following his guests and relatives; (c) taking

10 photographs of him and his home repeatedly; (d) taking video of him, his property, and his guests

11 every time Plaintiff drove by the house; and (e) screaming expletives at him and his guests.

12 (Maviglio Decl. ¶ 9.)

13 **III.    LEGAL STANDARD**

14      A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

15 challenges the sufficiency of the pleadings set forth in the complaint.  *Vega v. JPMorgan Chase*

16 *Bank, N.A.*, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of

17 the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain

18 statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *see also*

19 *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss, a

20 complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

21 plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

22 *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

23 factual content that allows the court to draw the reasonable inference that the defendant is liable for

24 the misconduct alleged." *Id.*

25      On a motion to dismiss for failure to state a claim, all of the facts alleged in the complaint are

26 accepted as true and construed in the light most favorable to the plaintiff.  *Corrie v. Caterpillar, Inc.*,

27 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2
 1160415.2

1  allegations that are contradicted by documents referred to in the complaint, and [the court does] not

2  necessarily assume the truth of legal conclusions merely because they are cast in the form of factual

3  allegations." *Paulsen*, 559 F.3d at 1071.

4  In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

5  consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters

6  properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895,

7  899 (9th Cir. 2007) (citation and quotation marks omitted).

8  **IV.  ARGUMENT**

9  Because Plaintiff's rambling Complaint raises only one federal claim and six state law claims

10  against Maviglio, the majority of this memorandum concerns Plaintiff's state law claims, which are

11  subject to a special motion to strike under California law, as applied pursuant to the Federal Rules of

12  Civil Procedure.[2]

13  **A. Plaintiff's sole federal claim against Maviglio fails as a matter of law, because it
       fails to allege facts sufficient to demonstrate a conspiracy.**

14

15  The Complaint names Maviglio in the Ninth Federal Count for conspiracy pursuant to 42

16  U.S.C. § 1985(3). (Compl. ¶¶ 422–457.)  Maviglio allegedly conspired with the other defendants to

17  violate Plaintiff's rights under the First, Fourth, and Fourteenth Amendments, "to be free from

18  unreasonable search and seizure, excessive force, interference with protected liberty, and retaliation for

19  exercise of First Amendment rights of freedom of expression regarding police misconduct and to

20  petition the government for redress of grievances." (Compl. ¶ 423.)  Maviglio allegedly "made one or

21  more communications to Defendant's City's Police Department with the common objective to have

22  Plaintiff arrested; seized; subjected to assault, battery, and excessive force; to be detained with

23  handcuffs." (Compl. ¶ 424.)  Additionally, on May 9, 2020, Maviglio allegedly made a "hand signal to

24  Defendant Andres that within five minutes later was followed by a Defendant Andres hand signal to

25

26  _____

27  [2] Due to the Complaint's glaring deficiencies, Maviglio does not move to dismiss for insufficient service of process.
     However, service of process of the Complaint was highly unusual, even if technically sufficient.  On April 10, 2021,
     Kamp personally served Maviglio, by throwing a package containing the Complaint at Maviglio while Maviglio was

28  watering plants in his yard, and yelling, "You've been served.  F---you!"  (Maviglio Decl. ¶ 10).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2
 1160415.2

1    Defendant City Police Officer Robinet and the subsequent living room seizure of Plaintiff." (Compl. ¶

2    448(e).)

3        To state a claim under 42 U.S.C. § 1985(3), a plaintiff "must allege and prove four elements:

4    (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of

5    persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and

6    (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or

7    property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of*

8    *Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).

9        Importantly, a "plaintiff must state specific facts to support the existence of the claimed

10   conspiracy." *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989).  Here, the Complaint falls well

11   short of pleading sufficient facts to demonstrate the existence of a conspiracy.  Despite its length, the

12   Complaint is exceedingly vague and conclusory, especially as to Maviglio's alleged role in any

13   "conspiracy."

14       Claims based on vague and conclusory allegations that fail to specify each defendant's role in

15   the alleged conspiracy, are subject to dismissal.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

16   1992), *as amended* (Oct. 9, 1992).  Even assuming that Maviglio had communications with the police

17   before, during, and after the May 9, 2020 incident, Plaintiff fails to allege what Maviglio said to these

18   officers.  Instead, Plaintiff presumes to know Maviglio's intent during his communications with police,

19   without knowing what Maviglio said.  Thus, the Complaint includes no factual allegations to support

20   the conclusion that Maviglio communicated with police officers for the purpose of depriving Plaintiff

21   of any of her constitutional rights.

22       What is more, the Complaint does not allege facts to demonstrate a meeting of the minds

23   necessary for a conspiracy.  Plaintiff has pleaded no factual allegations to support a conclusion that the

24   police officers knew of Maviglio's presumed intent and shared it.  *See Cox v. Ashcroft*, 603 F. Supp. 2d

25   1261, 1271–72 (E.D. Cal. 2009) ("Plaintiff's complaint is completely devoid of any factual allegations

26   that the Wackenhut Defendants had an agreement or 'meeting of the minds' to conspire to violate

27   Plaintiff's constitutional rights. . . . The Wackenhut Defendants correctly argue that Plaintiff made a

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2
 1160415.2

variety of vague and conclusory allegations of conspiracy. . . . Other courts are in agreement as to the necessity of pleading the essential facts in a conspiracy cause of action. . . .").

As such, the Complaint lacks the factual content necessary to allow the Court to draw a reasonable inference that there was a conspiracy. *Iqbal*, 556 U.S. at 678. Pursuant to Rule 12(b)(6), Plaintiff's Ninth Federal Count for conspiracy under 42 U.S.C. § 1985(3) should therefore be dismissed as to Maviglio.

### B. Plaintiff's state law claims against Maviglio are all rooted in protected petitioning activity and should be stricken pursuant to California's anti-SLAPP statute.

"California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue.' " *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). The goal of the anti-SLAPP statute is to eliminate meritless or retaliatory litigation at an early stage of the proceedings. *Seltzer v. Barnes*, 182 Cal. App. 4th 953 (2010).

### 1. The Court may consider an anti-SLAPP motion under California law, applying the Federal Rules of Civil Procedure.

Anti-SLAPP motions can be raised in federal court to target state law claims. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999). "A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.' . . . Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'. . . If 'the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim,' the motion to strike must be denied. Cal Civ. Proc. Code § 425.16(b)(1)." *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1110 (9th Cir. 2003) (internal citations omitted).

1  "The district court, in making its decision [on an anti-SLAPP motion], considers the pleadings
2  and supporting and opposing affidavits stating the facts upon which the liability or defense is based."
3  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832–33 (9th Cir.),
4  *amended*, 897 F.3d 1224 (9th Cir. 2018).  "[O]n the one hand, when an anti-SLAPP motion to strike
5  challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil
6  Procedure 12(b)(6) standard and consider whether a claim is properly stated.  And, on the other hand,
7  when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal
8  Rule of Civil Procedure 56 standard will apply."  *Planned Parenthood*, 890 F.3d at 834.

9          2.  <u>Under the first prong, each of Plaintiff's state law claims arises from activity in furtherance of Maviglio' s right of petition or free speech.</u>

11          Each of Plaintiff's state law claims is based on alleged complaints and statements that Maviglio
12  made to the police.  (*See* Compl. ¶¶ 737–903; 924–952.)  Even the claim of conspiracy to trespass is
13  based on these alleged statements, because it is inextricably intertwined with Plaintiff's meritless
14  allegations of Maviglio's conspiracy with the police.  (*See, e.g.,* Compl. ¶ 780  (Maviglio and Andres
15  "had coordinated and concocted a scheme to subject Plaintiff to a false arrest where the Barbara Andres
16  trespass would be used to hand signal Defendant Robinet.").)

17          "An act in furtherance of a person's right of petition or free speech includes 'any written or oral
18  statement or writing made before a legislative, executive, or judicial proceeding, or any other official
19  proceeding authorized by law' . . . It also includes 'any written or oral statement or writing made in
20  connection with an issue under consideration or review by a legislative, executive, or judicial body, or
21  any other official proceeding authorized by law. . . .' "  *Walker v. Kiousis*, 93 Cal. App. 4th 1432, 1438
22  (2001) (citing Cal. Civ. Proc. Code § 425.16 (e)).

23          A complaint or witness statement to the police is "made in connection with an official
24  proceeding authorized by law" and in furtherance of a person's right of petition or free speech.  *Id.*, at
25  1439.  Therefore, the alleged complaints and statements that Maviglio made to the police are protected
26  petitioning activity, and Plaintiff's claims arising from these acts are subject to the special motion to
27  strike.  Cal. Civ. Proc. Code § 425.16(b); *Walker*, 93 Cal. App. 4th at 1438–39.

28

3. <u>Under the second prong, Plaintiff cannot demonstrate a reasonably probability of prevailing on any of her state law claims.</u>

To establish a reasonable probability that Plaintiff will prevail on her claims, as required to defeat a motion to strike under California's anti-SLAPP statute, "plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1177 (9th Cir. 2015).

*i. None of Plaintiff's state law claims is legally sufficient, because the Complaint does not include sufficient factual allegations to state any claim.*

Each state law claim is based on the same vague allegations that underpin the federal claim. The Complaint also includes several irrelevant statements regarding the restraining order Maviglio obtained and Plaintiff's interactions with her neighbors before May 9, 2020. However, plaintiff explicitly states that the "Complaint does not seek relief against any Defendant for Defendant Steven Maviglio's . . . acts in obtaining the restraining order . . . " (Compl. ¶ 78.) This leaves as factual predicate for each of Plaintiff's state law claims against Maviglio the following: unspecified communications to the police on May 9, 2020 (*e.g.*, Compl. ¶¶ 14, 162–166, 424); an undefined hand signal to Andres on May 9, 2020 (Compl. ¶ 448(e)); as well as comments to Plaintiff that she should seek counseling and that Maviglio would seek another restraining order (Compl. ¶¶ 93–95). None of these allegations amount to factual content that, if accepted as true, is sufficient to state any claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

a. NINTH CALIFORNIA COUNT FOR BANE ACT VIOLATIONS
(Cal. Civ. Code § 52.1)

Essentially restating her federal claim for conspiracy, Plaintiff attempts to state a claim against Maviglio under the Bane Act. (Compl. ¶¶ 737-69.) "The Bane Act permits an individual to pursue a civil action for damages where another person 'interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the

rights secured by the Constitution or laws of this state.' " *King v. State of California*, 242 Cal.App.4th 265, 294 (2015) (internal citation omitted).

In her typical conclusory fashion, Plaintiff alleges that Maviglio violated the Bane Act by "committing acts of threats, intimidation, or coercion; and/or [] aiding, abetting, or conspiring to have other Defendants commit the acts of threats, intimidation or coercion alleged in this Complaint." (Compl. ¶ 749.) As with each claim, the allegations in this claim are based on Maviglio's alleged communications with the police. (*See* Compl. ¶ 750.) The allegations of conspiracy under the Bane Act are legally insufficient for the same reasons they are legally insufficient under 42 U.S.C. § 1985(3). (*See* Section IV.A, *supra*.)

Furthermore, the Bane Act provides that speech alone is not sufficient to constitute a violation unless it involves a credible threat of violence. Cal. Civ. Code, § 52.1(j); *Cabesuela v. Browning-Ferris Industries*, 68 Cal.App.4th 101, 111(1998) (to state a cause of action under Bane Act there must first be violence or intimidation by threat of violence); CACI No. 3066. Yet, the Complaint fails to include factual allegations that Maviglio threatened or committed any acts of violence. Stern looks and encouragement to seek counseling are not threats of violence. (*See., e.g.*, Compl. ¶ 94 ("Plaintiff also observed Defendant Maviglio placing his hands on his hip in a contemptuous and condescending hostile gesture toward Plaintiff.").)

Accordingly, Plaintiff fails to state a claim under the Bane Act.

### b. TENTH CALIFORNIA COUNT FOR CONSPIRACY TO COMMIT TRESPASS

Plaintiff's Tenth California Count is based on allegations that Defendant Andres trespassed on Plaintiff's property on the morning of May 9, 2020, before the police arrived. (Compl. ¶ 770–788.) The claim for conspiracy to trespass is tied to the conclusory allegations of conspiracy under 42 U.S.C. § 1985(3). For example, it is alleged that "[i]n committing her act or acts of trespass of Plaintiff's driveway, Defendant Barbara Andres was in a conspiracy with Defendant Steven Maviglio, and Defendant Steven Maviglio was in conspiracy with Defendant Barbara Andres, in that the two of them

1  had coordinated and concocted a scheme to subject Plaintiff to a false arrest where the Barbara Andres

2  trespass would be used to hand signal Defendant Robinet." (Compl. ¶ 780.)

3      Under California law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes

4  liability on persons who, although not actually committing a tort themselves, share with the immediate

5  tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi*

6  *Arabia Ltd.*, 7 Cal.4th 503, 510–511 (1994) (internal citations omitted). "A conspiracy requires

7  evidence 'that each member of the conspiracy acted in concert and came to a mutual understanding to

8  accomplish a common and unlawful plan, and that one or more of them committed an overt act to

9  further it.' " *IIG Wireless, Inc. v. Yi*, 22 Cal.App.5th 630, 652( 2018) (citations omitted).

10      The allegations underpinning this claim are the same vague and conclusory allegations that fail

11  to state a claim for conspiracy under 42 U.S.C. § 1985(3). For the same reasons, these allegations fail

12  to state a claim for conspiracy to trespass. Most notably, the Complaint does not include any factual

13  allegations to allow a Court to reasonably infer that there was a mutual understanding (or meeting of

14  the minds) between Maviglio and any other defendant to participate in a scheme to violate any of

15  Plaintiff's rights on May 9, 2020.

16          c. ELEVENTH CALIFORNIA COUNT FOR MALICIOUS PROSECUTION

17      As with each claim, Plaintiff's claim for malicious prosecution fails to include the requisite

18  factual allegations necessary to state a claim. "Cases dealing with actions for malicious prosecution

19  against private persons require that the defendant has at least sought out the police or prosecutorial

20  authorities and falsely reported facts to them indicating that plaintiff has committed a crime." *Sullivan*

21  *v. County of Los Angeles*, 12 Cal.3d 710, 720 (1974) (internal citations omitted). The Complaint

22  simply recites this standard as a legal conclusion:

23          Defendant Barbara Andres and Defendant Steven Maviglio each singly or jointly
             sought out the Defendant City's Police Department and its' officers (including but not
24          limited to Robinet, Stanionis, and/or Reason) and falsely reported purported facts to
             Defendant City's Police Department indicating or purporting to indicate that Plaintiff
25          had committed a crime.

26  (Compl. ¶ 791.) The Court need not "assume the truth of legal conclusions merely because they are

27  cast in the form of factual allegations." *Paulsen*, 559 F.3d at 1071.

28

### d. TWELFTH CALIFORNIA COUNT FOR DEFAMATION AND THIRTEENTH CALIFORNIA COUNT FOR FALSE LIGHT INVASION OF PRIVACY

Similarly, Plaintiff casts her legal conclusions as factual allegations in her attempted claims for defamation and false light invasion of privacy:

> Defendant Steven Maviglio made one or more statements (by spoken or written words) to Defendant City's Police Department or its' officers, statements that were of and concerning Plaintiff and either accused Plaintiff of committing a crime, committing or being involved in a battery, committing or being involved in an altercation, or of committing acts requiring the intervention by Defendant City's Police Department.

(Compl. ¶ 829 (defamation); *see* Compl. ¶ 877 (false light invasion) (adding the words "intentionally and willfully").)

Such a vague and all-inclusive allegation only amounts to Maviglio making a statement to the police and saying *something* about Plaintiff. Indeed, these "allegations" are just a slight rewording of California Civil Code, Section 47(b)(5), which Plaintiff quotes at paragraphs 815 (defamation) and 863 (false light invasion) of the Complaint: "This subdivision does not make privileged any communication between a person and a law enforcement agency in which the person makes a false report that another person has committed, or is in the act of committing, a criminal act or is engaged in an activity requiring law enforcement intervention. . . ."

Plaintiff must do more than merely dress her legal conclusions in the trappings of factual allegations. As such, these claims fail to state factual allegations necessary to allow the Court to make a reasonable inference that Maviglio committed defamation or false light invasion of privacy.

### e. FIFTEENTH CALIFORNIA COUNT FOR IIED

As with her other claims, Plaintiff's vague and conclusory allegations fail to state a claim for IIED. "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' " *Hughes v. Pair* 46 Cal.4th 1035, 1050–1051 (2009). As just one example, Plaintiff alleges

that "[t]he conduct of Defendant Steven Maviglio was outrageous" but does not explain what conduct she is referencing.  (Compl. ¶ 927.)  Such legal conclusions are insufficient to state a claim.

> ### ii. Plaintiff cannot demonstrate that any of her state law claims are supported by a sufficient prima facie showing of evidence to sustain a favorable judgment.

Even assuming Plaintiff's claims are legally sufficient, she will be unable to show a reasonable probability of success as to <u>any</u> of her claims by proffering evidence to the Court.  Based on what has already been pleaded, the allegations that underpin these claims rely on several unprovable presumptions, e.g., that Maviglio made false reports with the intent to harm Plaintiff and that Maviglio made a hand signal to Andres with the intent to signal the police to carry out some undefined conspiracy.  Plaintiff has not pleaded what Maviglio falsely said to the police on May 9, 2020.  Nor will she be able to.

More importantly, Maviglio has presented facts in his declaration that controvert the allegations underpinning each of Plaintiff's claims.  Maviglio did not communicate with the police on May 9, 2020, before the police interacted with Plaintiff.  (Maviglio Decl. ¶ 3.)  After Plaintiff was in custody, police officers asked Maviglio questions about what he had witnessed on that day and at other times.  (Maviglio Decl. ¶ 4.)  Maviglio cooperated with the officers and answered their questions truthfully.  (*Ibid*.)  At no time did any police officer show Maviglio Plaintiff's phone or any of its contents.  (*Ibid*.)  In sum, Maviglio did not make any false statements to the police.

> Here, defendants deny that any report they made to the police was false or illegal. Thus, this case is controlled by the case law holding that when allegations of making false reports are controverted, they are insufficient to render that alleged conduct unlawful as a matter of law and outside the protection of section 425.16. (See *Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 712, 151 Cal.Rptr.3d 406 ["mere allegation that [the defendant] engaged in unlawful ... activities is insufficient to render [the defendant's] alleged actions unlawful as a matter of law and outside the protection of ... section 425.16"]; *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1512, 65 Cal.Rptr.3d 641 [the defendant's allegedly false report to police that the plaintiff inappropriately touched her was deemed protected activity because there was no uncontroverted evidence showing the report to be false]; *Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1569–1570, 31 Cal.Rptr.3d 368 (*Siam*) [defendant's allegedly false report to school official was protected activity, notwithstanding plaintiff's allegation of falsity, because no uncontroverted evidence showed that it was false].)

<u>Kenne v. Stennis</u>, 230 Cal. App. 4th 953, 967 (2014).

Maviglio's statements to the police on May 9, 2020, therefore, are protected under Cal. Civ. Proc. Code § 425.16, as a matter of law. This is so, even if Plaintiff attempts to argue that her state law claims are based upon additional unprotected allegations. " 'In general, whether a cause of action is subject to a motion to strike under the [anti-] SLAPP statute turns on whether the gravamen of the cause of action targets protected activity. . . . If liability is not based on protected activity, the cause of action does not target the protected activity and is therefore not subject to the [anti-] SLAPP statute. . . . Where . . . a cause of action is based on both protected activity and unprotected activity, it is subject to section 425.16 unless the protected conduct is merely incidental to the unprotected conduct." *Kenne*, 230 Cal. App. 4th at 967–68 (2014) (citing *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* 184 Cal.App.4th 1539, 1550, (2010)). The gravamen of each and every cause of action, here, targets Maviglio's alleged communications with the police.

    4. <u>Plaintiff is entitled to reasonable attorney's fees for bringing this motion.</u>

If a defendant successfully brings an anti-SLAPP motion to strike in federal court, he is "entitled to fees pursuant to [Cal. Civ. Proc. Code] § 425.16(c)." *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999).

**C. Plaintiff's state law claims are also subject to dismissal because Plaintiff has failed to include sufficient factual allegations to state any claim.**

In the alternative, for the same reasons that Plaintiff's state law claims fail as a matter of law under the second prong of the anti-SLAPP analysis (*see* Section IV.B.3.i, *supra*), the Court may dismiss each of Plaintiff's state law claims against Maviglio under Rule 12(b)(6). Each claim lacks the necessary factual allegations that, if accepted as true, are sufficient to state any claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

However, Plaintiff's failure to state *any* claim while targeting Maviglio's protected petitioning activity strongly counsels in favor of dispensing with this Complaint under California's anti-SLAPP statute, applying the standard of Rule 12(b)(6). *See Planned Parenthood*, 890 F.3d at 834 ("when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district

1  court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim

2  is properly stated").

3      **D.  The Court may decline to exercise supplemental jurisdiction over the state law claims.**

4

5      In the alternative, with the only federal claim against Maviglio subject to dismissal under

6  Rule 12(b)(6), the Court may decline to exercise supplemental jurisdiction over the state law claims

7  and dismiss the entire action as to Maviglio.  "The district courts may decline to exercise

8  supplemental jurisdiction over a claim . . . if – the district court has dismissed all claims over which

9  it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999,

10  1000-01 (9th Cir. 1997).

11      **E.  The Court should not grant leave to amend.**

12      "[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave

13  to amend may be denied . . . if amendment of the complaint would be futile . . . [or if] the 'allegation of

14  other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Albrecht*

15  *v. Lund*, 845 F.2d 193, 195 (9th Cir.), *amended*, 856 F.2d 111 (9th Cir. 1988) (internal citations

16  omitted); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (the district court did not

17  abuse its discretion in denying leave to amend, when further amendment was deemed to be futile).

18      The Court may dismiss all of the claims against Maviglio under Rule 12(b)(6) for different

19  reasons.  Under any of the theories outlined above, amendment would be futile.  Plaintiff has presumed

20  that Maviglio made communications to the police with a certain intent, but has no knowledge of what

21  Maviglio said.  Instead, she has set forth legal conclusions, masquerading as factual allegations.

22  Moreover, filing complaints with and making statements to the police is protected activity.  Plaintiff

23  cannot correct these issues with an amended complaint.

24      **F.  The Complaint may be dismissed as prolix under Rule 8(a).**

25      Finally, the Court may also dismiss the entire Complaint due to its extreme length, redundancy,

26  and the inclusion of irrelevant material.  Federal Rule of Civil Procedure 8(a) states that "[a] pleading

27  which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing

28

that the pleader is entitled to relief." *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (upholding dismissal of a prolix complaint without leave to amend) (collecting cases).

## V.     CONCLUSION

For the foregoing reasons, Defendant Steven Maviglio respectfully requests that the Court strike Plaintiff's state law claims against Maviglio pursuant to Cal. Civ. Proc. Code § 425.16(b); enter an order entitling Maviglio to reasonable attorney's fees pursuant to Cal. Civ. Proc. Code § 425.16(c); and dismiss Plaintiff's Ninth Federal Count for Conspiracy under 42 U.S.C. § 1985(3) against Maviglio with prejudice pursuant to Rule 12(b)(6).  In the alternative, Maviglio requests that the Court dismiss Plaintiff's federal and state law claims against Maviglio with prejudice pursuant to Rule 12(b)(6); or decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Maviglio; or dismiss the entire Complaint as prolix pursuant to Rule 8(a).

Dated:  May 3, 2021                              BOUTIN JONES INC.


                                        By:    /s/ Daniel S. Stouder
                                               Daniel S. Stouder
                                               Ian K. McGlone
                                               Attorney for Defendant, Steven Maviglio

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE 1160415.2
1160415.2