**BOUTIN JONES INC.**
Daniel S. Stouder SBN 226753
Ian K. McGlone SBN 315201
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
T: (916) 321-4444/F: (916) 441-7597
dstouder@boutinjones.com
ianmcglone@bointjones.com

Attorneys for Defendants Steven Maviglio
and Barbara Andres

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. PARVIN OLFATI,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, et al.<br><br>       Defendants. | **Case No.:  2:21-cv-00606-WBS-CKD**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES [Fed. R. Civ. P. 12(b)(6) and Cal. Civ. Proc. Code § 425.16]**<br><br>**Date:**      **July 12, 2021**<br>**Time:**      **1:30 pm**<br>**Courtroom:**  **5, 14th Floor**<br>**Judge:**     **Hon. William B. Shubb** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

# TABLE OF CONTENTS

I. INTRODUCTION.................................................................................................7

II. FACTUAL BACKGROUND ...............................................................................8

  A. Essential Allegations ...................................................................................8

  B. Additional Pertinent Facts ........................................................................10

III. LEGAL STANDARD .......................................................................................11

IV. ARGUMENT ...................................................................................................12

  A. Plaintiff's sole federal claim against Andres and Maviglio fails as a matter of law, because it fails to allege facts sufficient to demonstrate a conspiracy that is plausible on its face. ...............12

  B. Plaintiff's state law claims against Andres and Maviglio are all rooted in protected petitioning activity and should be stricken pursuant to California's anti-SLAPP statute. ..............................15

    1. The Court may consider an anti-SLAPP motion under California law, applying the Federal Rules of Civil Procedure. ..........................................................................15

    2. Under the first prong, each of Plaintiff's state law claims arises from activity in furtherance of Andres' and Maviglio's right of petition or free speech. ........................................16

    3. Under the second prong, Plaintiff cannot demonstrate a reasonably probability of prevailing on her state law claims. ...............................................................................17

      i. Plaintiff's state law claims are not legally sufficient, because the FAC does not include sufficient factual allegations to state any claim, with the possible exception of the trespass claim. ...............................................17

        a. NINTH CALIFORNIA COUNT FOR BANE ACT VIOLATIONS (CAL. CIV. CODE § 52.1).........................................................................17

        b. TENTH CALIFORNIA COUNT FOR TRESPASS AND CONSPIRACY TO COMMIT TRESPASS ...............................................................19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

c.     ELEVENTH CALIFORNIA COUNT FOR MALICIOUS PROSECUTION ...... 20

d.     TWELFTH CALIFORNIA COUNT FOR DEFAMATION AND THIRTEENTH CALIFORNIA COUNT FOR FALSE LIGHT INVASION OF PRIVACY ......... 20

e.     FIFTEENTH CALIFORNIA COUNT FOR IIED .................................................. 21

ii.     Plaintiff cannot demonstrate that her state law claims are supported by a sufficient prima facie showing of evidence to sustain a favorable judgment ............................ 22

4.  Andres and Maviglio are entitled to reasonable attorneys' fees for bringing this and the prior motion ..................................................................................................... 23

C.  Plaintiff's state law claims are also subject to dismissal because Plaintiff has failed to include sufficient factual allegations to state any claim. ........................................................ 24

D.  The Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Andres and Maviglio .................................................................................... 24

E.  The FAC may also be dismissed as prolix under Rule 8(a) .................................... 25

F.  The Court should not grant leave to amend. ........................................................ 25

V.     CONCLUSION ..................................................................................................... 26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

Federal Cases

*Acri v. Varian Associates, Inc.*,
   114 F.3d 999 (9th Cir. 1997)..............................................................................24

*Albrecht v. Lund*,
   845 F.2d 193 (9th Cir.).....................................................................................25

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................11, 15, 24

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................11

*Burns v. Cty. of King*,
   883 F.2d 819 (9th Cir. 1989).............................................................................13

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011)...........................................................................25

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996)...............................................................................25

*Clinton v. Director* (E.D. Cal. Mar. 24, 2009, No. CIV S-09-0645 DAD P),
   2009 WL 799084.................................................................................................13

*Corrie v. Caterpillar, Inc.*,
   503 F.3d 974 (9th Cir. 2007).............................................................................11

*Cox v. Ashcroft*,
   603 F. Supp. 2d 1261 (E.D. Cal. 2009).............................................................14

*Davis v. Elec. Arts Inc.*,
   775 F.3d 1172 (9th Cir. 2015)...........................................................................17

*Outdoor Media Group, Inc. v. City of Beaumont*,
   506 F.3d 895 (9th Cir. 2007).............................................................................12

*Paulsen v. CNF, Inc.*,
   559 F.3d 1061 (9th Cir. 2009)....................................................................11, 20

*Pena v. Gardner*,
   976 F.2d 469 (9th Cir. 1992).............................................................................13

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828 (9th Cir.)................................................................................16, 24

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
   190 F.3d 963 (9th Cir. 1999)......................................................................15, 23

*United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*,
   463 U.S. 825 (1983)...........................................................................................13

*Vega v. JPMorgan Chase Bank, N.A.*,
   654 F. Supp. 2d 1104 (E.D. Cal. 2009).............................................................11

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)....................................................................15, 16

State Cases

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal.4th 503 (1994)..........................................................................................19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

*Cabesuela v. Browning-Ferris Industries*,
    68 Cal.App.4th 101(1998).................................................................................18
*Chabak v. Monroy*,
    (2007) 154 Cal.App.4th 1502, 65 Cal.Rptr.3d 641 ...........................................23
*Dwight R. v. Christy B.*,
    (2013) 212 Cal.App.4th 697, 151 Cal.Rptr.3d 406 ...........................................23
*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures*,
    184 Cal.App.4th 1539, (2010)............................................................................23
*Hughes v. Pair*,
    46 Cal.4th 1035 (2009)......................................................................................22
*IIG Wireless, Inc. v. Yi*,
    22 Cal.App.5th 630( 2018)................................................................................19
Kenne v. Stennis,
    230 Cal. App. 4th 953 (2014).............................................................................23
*King v. State of California*,
    242 Cal.App.4th 265 (2015)...............................................................................18
*Seltzer v. Barnes*,
    182 Cal. App. 4th 953 (2010)....................................................................15, 25
*Siam v. Kizilbash*,
    (2005) 130 Cal.App.4th 1563, 31 Cal.Rptr.3d 368 (*Siam*) .............................23
*Sullivan v. County of Los Angeles*,
    12 Cal.3d 710 (1974).........................................................................................20
*Walker v. Kiousis*,
    93 Cal. App. 4th 1432 (2001).............................................................................17

Federal Statutes

28 U.S.C. § 1367(c)(3).............................................................................................24
42 U.S.C. § 1985(3) ...........................................................................................passim

State Statutes

Cal. Civ. Code § 47(b)(5).........................................................................................20
CAL. CIV. CODE § 52.1 ....................................................................................2, 9, 17
Cal. Civ. Code, § 52.1(j) ..........................................................................................18
Cal. Civ. Proc. Code § 425.16..............................................................................1, 23
Cal. Civ. Proc. Code § 425.16 (e) ...........................................................................17
Cal. Civ. Proc. Code § 425.16(b) ...................................................................8, 17, 26
Cal. Civ. Proc. Code § 425.16(b)(1) .................................................................15, 16
Cal. Civ. Proc. Code § 425.16(c) ...................................................................8, 23, 26

Federal Rules

Fed. R. Civ. P. 8(a)(2) .............................................................................................11
Fed. R. Civ. P. 12(b)(6).....................................................................................passim
Federal Rule of Civil Procedure 8(a) ..................................................................25, 26
Federal Rule of Civil Procedure 15(a) .......................................................................7
Federal Rule of Civil Procedure 56 ..........................................................................16
Federal Rules of Civil Procedure.15 ..........................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

Other Authorities

CACI No. 3066 ..........................................................................................................................18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

## I.    INTRODUCTION

On May 9, 2020, officers from the Sacramento City Police Department responded to an alleged complaint concerning Plaintiff Parvin Olfati ("Plaintiff"). Plaintiff was arrested, though a charge of resisting arrest was later dropped. On April 2, 2021, Plaintiff filed a sprawling tome of a complaint, spanning 321 pages and replete with redundant and irrelevant content. Plaintiff unsuccessfully attempted to state claims against everyone conceivably involved with her arrest, including Defendants Steven Maviglio ("Maviglio") and Barbara Andres ("Andres"), two of Plaintiff's neighbors and mere witnesses. In response, Maviglio moved to dismiss and strike the claims. Plaintiff did not oppose the motion. Rather, Plaintiff filed the First Amended Complaint ("FAC") on May 17, 2021, pursuant to Federal Rule of Civil Procedure 15(a).

Instead of providing a short and plain statement of the claims at issue, Plaintiff filed a sham amended pleading of 566 pages, which is 245 pages *longer* than the original complaint and full of even more redundant and irrelevant content. The FAC reads more like a rambling manifesto of fanciful grievances than a legal pleading. Moreover, in the FAC, Plaintiff's attorney, Steve Kamp ("Kamp") admits to conduct in this matter that is both highly unusual and inappropriate for a licensed attorney.[1]

The FAC includes a single federal claim and six state law claims against Andres and Maviglio. These claims arise from the same alleged actions by Andres and Maviglio – filing complaints with and making statements to police officers. Because such actions are in furtherance of Defendants' First Amendment rights, the claims are subject to a special motion to strike pursuant to California's Anti-SLAPP ("strategic lawsuit against public participation") statute.

Furthermore, even after amendment, the FAC fails to allege facts sufficient to state even a single claim against Defendants, with the possible exception of the trespassing claim against Andres, which does not belong in federal court in any event. It appears that Plaintiff named Maviglio and Andres in this matter in an attempt to continue to harass her neighbors, after Maviglio successfully

---

[1] In paragraph 475 of the FAC, Kamp admits that he personally served Maviglio in this matter. By itself, this is highly unusual. Furthermore, Kamp admits that he told Maviglio "You're served. F--- you!" (FAC ¶ 475.) Regardless of anything Maviglio may have said or done when Kamp served Maviglio, as a licensed attorney, Kamp has a duty to act in professional manner. This interaction would have been avoided, had Kamp simply utilized a professional process server, as is standard practice in the profession.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

obtained a restraining order against Plaintiff based on Plaintiff's other incidents of harassment. Consistent with the policy of California's anti-SLAPP statute, the Court should eliminate this meritless and retaliatory litigation at this early stage.

Andres and Maviglio respectfully request that the Court strike all state law claims against both defendants pursuant to Cal. Civ. Proc. Code § 425.16(b); dismiss the single federal claim against both defendants with prejudice under Rule 12(b)(6); and order that Andres and Maviglio are entitled to reasonable attorneys' fees under Cal. Civ. Proc. Code § 425.16(c) for bringing this, and the prior, motion.

## II.      FACTUAL BACKGROUND

### A.  Essential Allegations

Despite its length, the allegations in the FAC that underpin the claims against Andres and Maviglio can be summed up in a few short paragraphs.  On the morning of May 9, 2020, Andres and Maviglio were allegedly participating in a "yellathon" with Plaintiff "that was intended to provoke reactions from Plaintiff that would entrap Plaintiff into a staged incident that would give Defendant [police officers] . . . a pretext to arrest or seize Plaintiff and subject her to custodial interrogation."  (FAC ¶ 92.)  Then, Maviglio allegedly gave Andres a hand-signal; Andres purportedly trespassed onto Plaintiff's driveway; and Andres made a hand-signal to police officers who were around the corner.  (FAC ¶ 94.)  Thereafter, the police arrived and arrested Plaintiff. Allegedly, "Plaintiff (a 67 year old woman) was illegally assaulted, battered, falsely arrested, and falsely imprisoned [by the police officers] in a no-warrant, inside the curtilage, inside the living room illegal seizure. . . ."  (FAC ¶ 11.)

Plaintiff further claims that "[t]he false arrest without a warrant made in Plaintiff's living room was made based on false information (including but not limited to statements that Plaintiff had committed a "battery" or an "altercation") intentionally or recklessly communicated to the Defendant City's Police Department by two 45th Street "neighbors", Defendant Barbara Andres and Defendant Steven Maviglio, and/or one or more of the John Doe Conspirator Defendants. . . ." (FAC ¶ 15.)  Throughout, the Complaint repeats conclusory and vague allegations regarding Andres' and Maviglio's communications to the police.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

After Plaintiff was handcuffed, Defendant Police Officer Maryna Stanionis allegedly took Plaintiff's cell phone to "meetings" with Andres and Maviglio and showed them the contents of the cell phone. (FAC ¶¶ 17-19.) In a particularly far-fetched portion of the FAC, Plaintiff alleges that Andres and Maviglio used the police officers as their own agents to arrest and interrogate Plaintiff:

> Based on reasonable inferences from information obtained by her own eyes and ears, Plaintiff alleges that because Defendants Maviglio and Andres were able to use Defendant Robinet as their personal captor to seize Plaintiff and Defendant Stanionis to place Plaintiff into handcuffed custody; and Defendants Maviglio and Andres were able to use Defendant Stanionis as their personal handcuffer and interrogator of Plaintiff, with Defendants Maviglio and Andres feeding content to Stanionis for custodial interrogation of Plaintiff while Plaintiff was handcuffed, bleeding, dehydrated, shocked and distressed due to the actions of Defendants Robinet and Stanionis committed at the direction, order, suggestion, or communication from Defendants Maviglio and/or Andres.

(FAC ¶ 480.)

In relation to the events on May 9, 2020, Plaintiff was charged with resisting arrest. (FAC ¶ 21.) The criminal complaint was subsequently dismissed by the Sacramento County District Attorney for insufficient evidence on October 15, 2020. (FAC ¶ 22.)

The FAC also makes several references to a restraining order that Maviglio obtained against Plaintiff, and Andres' purported roll in assisting Maviglio obtain the restraining order. Yet, "[n]either Plaintiff's original Complaint nor this First Amended Complaint seek relief against any Defendant for Defendant Steven Maviglio's and Defendant Barbara Andres's [sic] acts in obtaining the restraining order. . . ." (FAC ¶ 102.)

Plaintiff brings a total of seven claims against Andres and Maviglio: (1) the Ninth Federal Count for Conspiracy under 42 U.S.C. § 1985(3); (2) the Ninth California Count for Violations of the Bane Act (Cal. Civ. Code § 52.1); (3) the Tenth California Count for Trespass (against Andres) and Conspiracy to Commit Trespass (against Maviglio); (4) the Eleventh California Count for Malicious Prosecution; (5) the Twelfth California Count for Defamation; (6) the Thirteenth California Count for False Light Invasion of Privacy; (7) the Fifteenth California Count for Intentional Infliction of Emotional Distress ("IIED").

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

## B. Additional Pertinent Facts

Relevant to the anti-SLAPP consideration, Andres and Maviglio each submit a declaration herewith.  Maviglio did not communicate with the police on May 9, 2020, before the police interacted with Plaintiff.  (Declaration of Steven Maviglio ("Maviglio Decl.") ¶ 3.)  Andres does not recall calling the police on May 9, 2020, before the police interacted with Plaintiff.  (Declaration of Barbara Andres ("Andres Decl.") ¶ 7.)  However, after Plaintiff was in custody, police officers asked Andres and Maviglio questions about what they had witnessed on that day and at other times. (Andres Decl. ¶ 8; Maviglio Decl. ¶ 7.)  Both Andres and Maviglio cooperated with the officers and answered their questions truthfully.  (Andres Decl. ¶ 8; Maviglio Decl. ¶ 7.)  At no time did any police officer show Andres or Maviglio Plaintiff's phone or any of its contents. (Andres Decl. ¶ 8; Maviglio Decl. ¶ 7.)

Andres and Maviglio did not conspire together or with the police to entrap Plaintiff into a staged incident where Plaintiff could be arrested.  (Andres Decl. ¶¶ 3-4; Maviglio Decl. ¶¶ 5-6.) Maviglio did not make any hand-signal to Andres on May 9, 2020, to signal Andres to take any action against Plaintiff.   (Andres Decl. ¶ 5; Maviglio Decl. ¶ 6.)  Andres did not make any hand-signal to the Police on May 9, 2020, let alone to inform the police that it was the time to seize Plaintiff.[2]  (Andres Decl. ¶ 6.)

On November 19, 2019, Maviglio was granted a restraining order against Plaintiff in Sacramento County Superior Court, after a hearing.  (Maviglio Decl. ¶ 9.)  The restraining order was granted after the court heard testimony from Maviglio and Andres, and considered a letter in

---

[2] As noted above, it is alleged that these events were precipitated by a report to the police of an altercation and/or battery on May 9, 2020 made by either Andres, Maviglio, and/or some other unknown "conspirator".  (FAC ¶ 15.) Notably, at one point in the FAC, Plaintiff asserts:

> None of the questions asked of Plaintiff by Defendant City Police Officer Maryna Stanionis in the handcuffed custodial interrogation referred to any "battery." Instead, Defendant City Police Officer Maryna Stanionis kept asking questions about a person named "Steve", and Plaintiff responded by telling her "go ask Steve Maviglio."

(Compl. ¶ 199.)  Interestingly, Andres and Maviglio have personally witnessed: (a) **Steve** Kamp (Plaintiff's attorney in this matter) stay overnight many nights a week at Plaintiff's residence at 1859 45th Street, Sacramento, California; (b) Plaintiff regularly driving Kamp's vehicle; (c) several domestic disturbances between Plaintiff and Kamp; and (d) several visits by police officers to the residence. (Andres Decl. ¶ 9; Maviglio Decl. ¶ 8.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

1    opposition by Plaintiff.  (Maviglio Decl. ¶ 10.)  Plaintiff did not appear at the hearing, despite

2    having been served by Maviglio.  (*Ibid*.) Kamp was in the courtroom during the hearing but did not

3    testify. (Maviglio Decl. ¶ 8.)  Maviglio testified about Plaintiff's conduct, including: (a) trespassing

4    in his backyard numerous times; (b) harassing and following his guests and relatives; (c) taking

5    photographs of him and his home repeatedly; (d) frequently taking video of him, his property, and

6    his guests when Plaintiff drove by the house; and (e) screaming expletives at him and his guests.

7    (Maviglio Decl. ¶ 12.)

8    **III.    LEGAL STANDARD**

9        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

10   challenges the sufficiency of the pleadings set forth in the complaint.  *Vega v. JPMorgan Chase*

11   *Bank, N.A.*, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of

12   the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain

13   statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *see also*

14   *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss, a

15   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

16   plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

17   *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

18   factual content that allows the court to draw the reasonable inference that the defendant is liable for

19   the misconduct alleged."  *Id.*

20       On a motion to dismiss for failure to state a claim, all of the facts alleged in the complaint are

21   accepted as true and construed in the light most favorable to the plaintiff.  *Corrie v. Caterpillar, Inc.*,

22   503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory

23   allegations that are contradicted by documents referred to in the complaint, and [the court does] not

24   necessarily assume the truth of legal conclusions merely because they are cast in the form of factual

25   allegations." *Paulsen*, 559 F.3d at 1071.

26       In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

27   consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters

28

1  properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895,

2  899 (9th Cir. 2007) (citation and quotation marks omitted).

3  **IV.   ARGUMENT**

4      Because Plaintiff's rambling FAC raises only one federal claim and six state law claims against

5  Andres and Maviglio, the majority of this memorandum concerns Plaintiff's state law claims, which

6  are subject to a special motion to strike under California law, as applied pursuant to the Federal Rules

7  of Civil Procedure.

8      It is worth noting at the outset, if Plaintiff were acting pro se and applying to the Court to

9  proceed *in forma pauperis*, the Court would be authorized to sua sponte dismiss the FAC, noting that

10  "Plaintiff's complaint is frivolous and should be dismissed. . . . Plaintiff's allegations are too far-

11  fetched to be believed." *Clinton v. Director* (E.D. Cal., Mar. 24, 2009, No. CIV S-09-0645 DAD P)

12  2009 WL 799084, at *2.  And yet, both the original complaint and the FAC were written by Kamp, a

13  licensed attorney, not a pro se plaintiff.  Accordingly, the far-fetched nature of the FAC, weighs even

14  more heavily in favor of granting this motion.

15      **A.  Plaintiff's sole federal claim against Andres and Maviglio fails as a matter of law,
         because it fails to allege facts sufficient to demonstrate a conspiracy that is plausible
16         on its face.**

17      The Complaint names Andres and Maviglio in the Ninth Federal Count for conspiracy pursuant

18  to 42 U.S.C. § 1985(3). (FAC ¶ 451–527.)  The FAC includes the following conclusory and

19  implausible allegations:

20

21      452. Defendant Barbara Andres and Defendant Steven Maviglio willfully engaged in
         joint action and conspired with Defendant City's Police Department. . . . that included
         a meeting of the minds to violate Plaintiff's federally protected rights (under the First,
22       Fourth, and Fourteenth Amendments) to be free from unreasonable search and seizure,
         excessive force, coerced questioning in handcuffs, interference with protected liberty,
23       and retaliation for exercise of First Amendment rights of freedom of expression
         regarding police misconduct and to petition the government for redress of grievances.

24
        453. Defendants Steven Maviglio and/or Barbara Andres communicated with
25       Defendant City's Police Department for the City Police to have City Police Officers
         available on May 9, 2020 between about 7:00 a.m. and about 8:00 a.m. in close
26       proximity to 1859 45th Street, so that a City Police officer could be summoned to
         Plaintiff's residence based on a hand signal or other communication from Defendant
27       Andres or Defendant Maviglio, with Defendant City's Police Department agreeing to
         seize and take Plaintiff into custody.

28      [. . .]

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

456. Defendant Andres and Defendant Maviglio (each or both), and/or one or more of the John Doe Conspirator Defendants, made one or more communications to Defendant City's Police Department with the common objective to have Plaintiff arrested; seized; subjected to assault, battery, and excessive force; to be detained with handcuffs; and to be subjected to questioning using content fed to Defendant City's Police Department and Defendant City Police Officer Maryna Stanionis by Defendant Steven Maviglio, Defendant Barbara Andres, and/or one or more of the John Doe Conspirator Defendants.

(FAC ¶¶ 452-453, 456.)

To state a claim under 42 U.S.C. § 1985(3), a plaintiff "must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).

Importantly, a "plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). Despite its length, the FAC falls well short of pleading sufficient facts to demonstrate the existence of a conspiracy. Clearly, after Maviglio's first motion, Plaintiff attempted to bolster her pleading by adding hundreds of additional pages of allegations in the FAC. Rather than support her claims and paint a plausible picture of what occurred, however, the additional content appears to move the pleading further away from reality. The FAC remains exceedingly vague and conclusory, especially as to Andres' and Maviglio's alleged role in any "conspiracy."

Claims based on vague and conclusory allegations that fail to specify each defendant's role in the alleged conspiracy, are subject to dismissal. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992). The FAC demonstrates that plaintiff **does not actually know** whether Andres or Maviglio communicated with the police on or before May 9, 2020 to "entrap" her, as she alleges. (*See, e.g.,* FAC ¶¶ 15 and 456.) The only "communications" that Plaintiff witnessed were a hand-signal Andres purportedly made to the police, followed by police interviews of Andres and Maviglio after Plaintiff was in custody.

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

The entire conspiracy claim is based upon Plaintiff's unsupported presumptions and assumptions that are not plausible on their face. Plaintiff presumes to understand, with precision, what Andres communicated by a hand-signal to a police officer who was "around the corner" from plaintiff at the time. Plaintiff alleges that "the Defendant Andres hand signal communicat[ed] the fact that Plaintiff was alone on her driveway and therefore was easy prey. . . ." (FAC ¶ 15.) Unless this hand-signal was made in some known sign language, there is no way Plaintiff – or anyone – could understand such a detailed statement from a single hand-signal.

Further, Plaintiff assumes that because she saw police officers speaking with Andres and Maviglio, after Plaintiff was in custody, this meant that her neighbors were directing and controlling the police. (*See* FAC ¶ 79.) Witnessing police officers interview witnesses after an arrest cannot constitute sufficient factual content to support a claim of conspiracy, without something more. Otherwise, every arrest that does not result in a conviction could be attacked in court as a conspiracy. Plaintiff does not know what Andres and Maviglio said during these interviews. Despite its length, the FAC includes no factual allegations to support the conclusion that Andres and Maviglio communicated with police officers for the purpose of depriving Plaintiff of any of her constitutional rights.

Relatedly, the FAC does not allege facts to demonstrate a meeting of the minds necessary for a conspiracy. Plaintiff has pleaded no factual allegations to support a conclusion that the police officers knew of Andres' and Maviglio's presumed intent and shared it. *See Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1271–72 (E.D. Cal. 2009) ("Plaintiff's complaint is completely devoid of any factual allegations that the Wackenhut Defendants had an agreement or 'meeting of the minds' to conspire to violate Plaintiff's constitutional rights. . . . The Wackenhut Defendants correctly argue that Plaintiff made a variety of vague and conclusory allegations of conspiracy. . . . Other courts are in agreement as to the necessity of pleading the essential facts in a conspiracy cause of action. . . ."). Rather, Plaintiff draws the unsupported conclusion that Andres and Maviglio were somehow controlling and directing the police officers – bolstered only by the implausible factual allegations about Andres' hand-signal and the after-arrest interviews. (*See, e.g.,* FAC ¶¶ 478 – 481.)

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

The closer the allegations are examined, the more implausible they are on their face. For example, Plaintiff's allegations do not even agree as to the reason for the "conspiracy." At points, Plaintiff asserts that the conspiracy was in "retaliation for exercise[ing her] . . . First Amendment rights of freedom of expression regarding police misconduct and to petition the government for redress of grievances." (FAC ¶ 452.) However, at other points, Plaintiff asserts that the conspiracy is motivated by the entire neighborhood's presumed animus toward her, separate and distinct from her exercising her First Amendment rights. (*See, e.g.,* FAC ¶ 469.) These are not merely allegations pleaded in the alternative, they are demonstrative examples of how the pleading lacks any clearly stated claim and appears increasingly disconnected from reality.

As such, the FAC lacks the factual content necessary to allow the Court to draw a reasonable inference that there was a conspiracy that is plausible on its face. *Iqbal*, 556 U.S. at 678. Pursuant to Rule 12(b)(6), Plaintiff's Ninth Federal Count for conspiracy under 42 U.S.C. § 1985(3) should therefore be dismissed.

### B. Plaintiff's state law claims against Andres and Maviglio are all rooted in protected petitioning activity and should be stricken pursuant to California's anti-SLAPP statute.

"California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue.' " *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). The goal of the anti-SLAPP statute is to eliminate meritless or retaliatory litigation at an early stage of the proceedings. *Seltzer v. Barnes*, 182 Cal. App. 4th 953 (2010).

#### 1. The Court may consider an anti-SLAPP motion under California law, applying the Federal Rules of Civil Procedure.

Anti-SLAPP motions can be raised in federal court to target state law claims. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999). "A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.' . . . Second, once the defendant has

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'. . . If 'the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim,' the motion to strike must be denied. Cal Civ. Proc. Code § 425.16(b)(1)." *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1110 (9th Cir. 2003) (internal citations omitted).

"The district court, in making its decision [on an anti-SLAPP motion], considers the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832–33 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018). "[O]n the one hand, when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. *Planned Parenthood*, 890 F.3d at 834.

      2. <u>Under the first prong, each of Plaintiff's state law claims arises from activity in furtherance of Andres' and Maviglio's right of petition or free speech.</u>

Each of Plaintiff's state law claims is based on alleged complaints and statements that Andres and Maviglio made to the police purportedly concerning a battery or domestic altercation, and which were part of the purported "conspiracy". (*See* FAC ¶¶ 811-1062; 1083-1119.) Even the claim of trespass and conspiracy to trespass is based on these alleged statements, because it is inextricably intertwined with Plaintiff's meritless allegations of Andres' and Maviglio's conspiracy with the police. (*See, e.g.,* Compl. ¶ 875 (". . . but for the Defendant Barbara Andres trespass, Defendants City Police Officers Robinet and Stanionis would not have been given the hand signaled path to violate Plaintiff's federal and California law rights. . .").)

"An act in furtherance of a person's right of petition or free speech includes 'any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law' . . . It also includes 'any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

any other official proceeding authorized by law. . . .' " *Walker v. Kiousis*, 93 Cal. App. 4th 1432, 1438 (2001) (citing Cal. Civ. Proc. Code § 425.16 (e)).

A complaint or witness statement to the police is "made in connection with an official proceeding authorized by law" and is in furtherance of a person's right of petition or free speech. *Id.*, at 1439. Therefore, the alleged complaints and statements that Andres and Maviglio made to the police are protected petitioning activity, and Plaintiff's claims arising from these acts are subject to the special motion to strike. Cal. Civ. Proc. Code § 425.16(b); *Walker*, 93 Cal. App. 4th at 1438–39.

3. Under the second prong, Plaintiff cannot demonstrate a reasonably probability of prevailing on her state law claims.

To establish a reasonable probability that Plaintiff will prevail on her claims, as required to defeat a motion to strike under California's anti-SLAPP statute, "plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1177 (9th Cir. 2015).

i. *Plaintiff's state law claims are not legally sufficient, because the FAC does not include sufficient factual allegations to state any claim, with the possible exception of the trespass claim.*

Each state law claim is based on the same vague allegations that underpin the federal "conspiracy" claim. The FAC also includes several irrelevant statements regarding the restraining order Maviglio obtained and Plaintiff's interactions with her neighbors before May 9, 2020. However, the FAC explicitly states that "[n]either Plaintiff's original Complaint nor this First Amended Complaint seek relief against any Defendant for Defendant Steven Maviglio's and Defendant Barbara Andres's [sic] acts in obtaining the restraining order. . . ." (FAC ¶ 102.)

a. NINTH CALIFORNIA COUNT FOR BANE ACT VIOLATIONS (CAL. CIV. CODE § 52.1)

Essentially restating her federal claim for conspiracy, Plaintiff attempts to state a claim against Andres and Maviglio under the Bane Act. (Compl. ¶¶ 811-62.) "The Bane Act permits an individual to pursue a civil action for damages where another person 'interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.' " *King v. State of California*, 242 Cal.App.4th 265, 294 (2015) (internal citation omitted).

In her typical conclusory and implausible fashion, Plaintiff alleges that Andres and Maviglio:

> violated the Bane Act by using Defendant Robinet as their personal captor to seize Plaintiff, based on requests, directions, orders, commands or suggestions from Defendants Maviglio and/or Andres; using Defendant Stanionis as their personal handcuffer to place Plaintiff into handcuffed custody, based on requests, directions, orders, commands or suggestions from Defendants Maviglio and/or Andres; and using Defendant Stanionis as their personal interrogator of Plaintiff, with Defendants Maviglio and Andres feeding content to Stanionis for custodial interrogation of Plaintiff while Plaintiff was handcuffed, bleeding, dehydrated, shocked and distressed -- due to the actions of Defendants Robinet and Stanionis committed at the request, direction, order, suggestion, or communication from Defendants Maviglio and/or Andres.

(FAC ¶ 814.)

As with each claim, the allegations in this claim are based on Andres' and Maviglio's alleged communications with the police: alleged but unknown complaints made before the arrest, Andres' hand-signal to the police around the corner, and unknown statements Andres and Maviglio made after the arrest. The allegations of conspiracy under the Bane Act are legally insufficient for the same reasons they are legally insufficient under 42 U.S.C. § 1985(3). (*See* Section IV.A, *supra*.)

Furthermore, the Bane Act provides that speech alone is not sufficient to constitute a violation unless it involves a credible threat of violence. Cal. Civ. Code, § 52.1(j); *Cabesuela v. Browning-Ferris Industries*, 68 Cal.App.4th 101, 111(1998) (to state a cause of action under Bane Act there must first be violence or intimidation by threat of violence); CACI No. 3066. Yet, the FAC fails to include factual allegations that Andres or Maviglio threatened or committed any acts of violence. The allegations that Maviglio committed or attempted "acts of threats, intimidation, or coercion against Plaintiff by using Defendant City's Police Department and Defendant Stanionis to coerce and intimidate Plaintiff," (FAC ¶ 815) are simply implausible on their face and dependent upon the insufficiently pleaded conspiracy.

Accordingly, Plaintiff fails to state a claim under the Bane Act.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

### b. TENTH CALIFORNIA COUNT FOR TRESPASS AND CONSPIRACY TO COMMIT TRESPASS

Plaintiff's Tenth California Count, confusingly seeks to bring a claim for trespass against Andres, and conspiracy to trespass against Maviglio, alone. (*See* FAC ¶¶ 863-888.) Even assuming Plaintiff has stated a claim of trespass against Andres under this so-called Tenth California Count, a simple trespass without any actual harm is the only claim that Plaintiff has stated in 566 pages. This is a quintessential state law claim that this Court should decline to exercise supplemental jurisdiction over, as no other related federal claim has been stated.

However, at the heart, both the alleged trespass and conspiracy to trespass are based on the conclusory and implausible allegations of conspiracy under 42 U.S.C. § 1985(3). For example, it is alleged that "[i]n committing her act or acts of trespass of Plaintiff's driveway, Defendant Barbara Andres was in a conspiracy with Defendant Steven Maviglio, and Defendant Steven Maviglio was in conspiracy with Defendant Barbara Andres, in that the two of them had coordinated and concocted a scheme to subject Plaintiff to a false arrest where the Barbara Andres trespass would be used to hand signal Defendant Robinet." (Compl. ¶ 877.)

Under California law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510–511 (1994) (internal citations omitted). "A conspiracy requires evidence 'that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it.' " *IIG Wireless, Inc. v. Yi*, 22 Cal.App.5th 630, 652( 2018) (citations omitted).

The allegations underpinning this claim are the same vague and conclusory allegations that fail to state a claim for conspiracy under 42 U.S.C. § 1985(3). For the same reasons, these allegations fail to state a claim for conspiracy to trespass. Most notably, the FAC does not include any factual allegations to allow a Court to reasonably infer that there was a mutual understanding (or meeting of the minds) between Maviglio and Andres to participate in a scheme to violate any of Plaintiff's rights on May 9, 2020.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

### c. ELEVENTH CALIFORNIA COUNT FOR MALICIOUS PROSECUTION

As with all other claims, Plaintiff's claim for malicious prosecution fails to include the requisite factual allegations necessary to state a claim. "Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime." *Sullivan v. County of Los Angeles*, 12 Cal.3d 710, 720 (1974) (internal citations omitted). The FAC simply lists several unsupported and implausible conclusions and recites this standard as a legal conclusion:

> Defendant Barbara Andres and Defendant Steven Maviglio each singly or jointly sought out the Defendant City's Police Department and its' officers (including but not limited to Robinet, Stanionis, and/or Reason) and falsely reported purported facts to Defendant City's Police Department indicating or purporting to indicate that Plaintiff had committed a crime.

(FAC ¶ 894; *see also*, FAC ¶¶ 889-896.) Plaintiff's factual allegations are merely presumptions and assumptions. She does not actually know whether Andres and Maviglio made any statements to police, let alone, false statements. The Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen*, 559 F.3d at 1071.

### d. TWELFTH CALIFORNIA COUNT FOR DEFAMATION AND THIRTEENTH CALIFORNIA COUNT FOR FALSE LIGHT INVASION OF PRIVACY

In apparent response to Maviglio's first motion to dismiss and special motion to strike, Plaintiff deleted several conclusory paragraphs from her Twelfth and Thirteenth California Counts. Plaintiff also added several more irrelevant paragraphs about Maviglio's website, prior communications to the police, and the same improperly pleaded allegations of "conspiracy" among Andres, Maviglio, and the police.

Moving Defendants have well documented the myriad issues undermining Plaintiff's "conspiracy" allegations and claims. As such, these claims for defamation and false light invasion of privacy rely only on the communications Andres and Maviglio purportedly made to the police. Under each theory, each defendant must make a **_false_** report. Cal. Civ. Code § 47(b)(5). However, Plaintiff does not actually know what Andres or Maviglio told the police on May 9, 2020. Early on in the FAC, Plaintiff states that the false information related to the May 9, 2020 arrest was communicated by

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

"Defendant Barbara Andres and Defendant Steven Maviglio, **and/or** one or more of the John Doe Conspirator Defendants." (FAC ¶ 15 (emphasis added); *see also, e.g.*, FAC ¶ 456.) Later, Plaintiff attempts to claim that Maviglio definitively made certain statements that lead to the May 9, 2020 arrest (FAC ¶ 925), while remaining uncertain what, if anything, Andres said to police regarding the same (FAC ¶ 955). Plaintiff attempts to bolster these allegations and her lack of knowledge by pointing to unrelated statements Maviglio made on the Internet, unrelated past complaints made to the police, and unrelated past interactions Plaintiff had with her neighbors. However, the FAC does not actually include factual allegations to support that either Andres or Maviglio made any false statements to the police concerning the events on May 9, 2020. The contradictions apparent on the face of the pleading demonstrate that Plaintiff does not know what, if anything, either defendant said to the police regarding the May 9, 2020 arrest.

These contradictions are beyond simple pleading in the alternative. The FAC is clearly a sham pleading, as the changes Plaintiff made to the allegations in the Twelfth and Thirteenth California Counts are inconsistent with the first pleading and Maviglio's declaration in support of his first motion to strike. Maviglio previously declared under the penalty of perjury that he did not call the police on May 9, 2020, or make any false reports to them. (ECF No. 12-2 at 1-2.) Plaintiff could have confronted this issue head-on through presenting facts to challenge Maviglio's sworn statement, as is allowed in response to an anti-SLAPP motion. Instead, Plaintiff sought to side-step the anti-SLAPP motion, by purporting to now know certain things that Maviglio said to the police. If she knew these things when filing the original complaint, why wait until now to so plead them? Plaintiff certainly was not seeking to save space in her original pleading of 321 pages, when she omitted these allegations.

Plaintiff has failed to state a claim for defamation or false light invasion because it is apparent by Plaintiff's filings and conduct in this matter that she does not actually know what, if anything, either defendant reported to the police.

### e. FIFTEENTH CALIFORNIA COUNT FOR IIED

As with her other claims, Plaintiff's conclusory and implausible allegations fail to state a claim for IIED. "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of

1164940.1

the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' " *Hughes v. Pair* 46 Cal.4th 1035, 1050–1051 (2009). Plaintiff bases this claim on her now-familiar allegations of conspiracy: "Defendants Barbara Andres and Steven Maviglio were in a conspiracy to cause Plaintiff to suffer emotional distress; each knew the objectives and shared the objectives of the conspiracy; and each committed one or more overt acts in furtherance of the conspiracy." (FAC ¶ 1084.) Again, these allegations fail to state facts to support a conspiracy that is plausible on its face and Plaintiff, therefore, fails to state a claim for IIED. No matter how many times Plaintiff restates her belief that Andres and Maviglio commanded and controlled the police, she has failed to state the facts necessary to support such an implausible and far-fetched conclusion.

### ii. Plaintiff cannot demonstrate that her state law claims are supported by a sufficient prima facie showing of evidence to sustain a favorable judgment.

Even assuming any of Plaintiff's claims are legally sufficient, she will be unable to show a reasonable probability of success as to **any** of her claims by proffering evidence to the Court. Based on what has already been pleaded, the allegations that underpin these claims rely on several unprovable presumptions, *e.g.*, that Andres and Maviglio made false reports with the intent to harm Plaintiff; that Maviglio made a hand-signal to Andres telling her to trespass on Plaintiff's property and alert the police to start the conspiracy; and that Andres made another hand-signal to police who were around the corner, telling them that Plaintiff was alone and that it was time to violate her rights. Yet, Plaintiff does not know what either Andres or Maviglio said to the police on May 9, 2020, or whether either made any false statements.

More importantly, Andres and Maviglio have each presented facts in their declarations that controvert the allegations underpinning each of Plaintiff's claims. Maviglio did not communicate with the police on May 9, 2020, before the police interacted with Plaintiff. (Maviglio Decl. ¶ 3.) Andres does not recall calling the police on May 9, 2020, before the police interacted with Plaintiff. (Andres Decl. ¶ 7.) However, after Plaintiff was in custody, police officers asked Andres and Maviglio questions about what they had witnessed on that day and at other times. (Andres Decl. ¶ 8; Maviglio Decl. ¶ 7.) Both Andres and Maviglio cooperated with the officers and answered their

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

1    questions truthfully.  (Andres Decl. ¶ 8; Maviglio Decl. ¶ 7.)  Thus, under California anti-SLAPP

2    law,

3
       [because] defendants deny that any report they made to the police was false or illegal.
4      . . . , this case is controlled by the case law holding that when allegations of making
       false reports are controverted, they are insufficient to render that alleged conduct
5      unlawful as a matter of law and outside the protection of section 425.16. (See *Dwight
       R. v. Christy B.* (2013) 212 Cal.App.4th 697, 712, 151 Cal.Rptr.3d 406 ["mere
6      allegation that [the defendant] engaged in unlawful ... activities is insufficient to render
       [the defendant's] alleged actions unlawful as a matter of law and outside the protection
7      of ... section 425.16"]; *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1512, 65
       Cal.Rptr.3d 641 [the defendant's allegedly false report to police that the plaintiff
8      inappropriately touched her was deemed protected activity because there was no
       uncontroverted evidence showing the report to be false]; *Siam v. Kizilbash* (2005) 130
9      Cal.App.4th 1563, 1569–1570, 31 Cal.Rptr.3d 368 (*Siam*) [defendant's allegedly false
       report to school official was protected activity, notwithstanding plaintiff's allegation
10     of falsity, because no uncontroverted evidence showed that it was false].)

11   Kenne v. Stennis, 230 Cal. App. 4th 953, 967 (2014).

12        Andres' and Maviglio's statements to the police on May 9, 2020, therefore, are protected under

13   Cal. Civ. Proc. Code § 425.16, as a matter of law.  This is so, even if Plaintiff attempts to argue that her

14   state law claims are based upon additional unprotected allegations.  "In general, whether a cause of

15   action is subject to a motion to strike under the [anti-] SLAPP statute turns on whether the gravamen of

16   the cause of action targets protected activity. . . . If liability is not based on protected activity, the cause

17   of action does not target the protected activity and is therefore not subject to the [anti-] SLAPP statute. .

18   . . Where . . . a cause of action is based on both protected activity and unprotected activity, it is subject

19   to section 425.16 unless the protected conduct is merely incidental to the unprotected conduct." *Kenne*,

20   230 Cal. App. 4th at 967–68 (2014) (citing *Haight Ashbury Free Clinics, Inc. v. Happening House*

21   *Ventures* 184 Cal.App.4th 1539, 1550, (2010)).  The gravamen of each and every cause of action, here,

22   targets Andres' and Maviglio's alleged communications with the police.

23        4.  Andres and Maviglio are entitled to reasonable attorneys' fees for bringing this and the
            prior motion.
24
25        If a defendant successfully brings an anti-SLAPP motion to strike in federal court, he is

26   "entitled to fees pursuant to [Cal. Civ. Proc. Code] § 425.16(c)." *U.S. ex rel. Newsham v. Lockheed*

27   *Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999).  Should the Court find in favor of Andres and

28   Maviglio, here, they should be entitled to fees for bringing both this motion and the prior motion.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

Plaintiff conceded the validity of Maviglio's first motion, when she chose to amended rather than formally oppose the motion. Because Plaintiff failed to address the fundamental issues that were present in the first complaint when filing the FAC, Maviglio should be entitled to fees for his original motion, in addition to Andres and Maviglio being entitled to fees for bringing the instant motion.

### C. Plaintiff's state law claims are also subject to dismissal because Plaintiff has failed to include sufficient factual allegations to state any claim.

In the alternative, for the same reasons that Plaintiff's state law claims fail as a matter of law under the second prong of the anti-SLAPP analysis (*see* Section IV.B.3.i, *supra*), the Court may dismiss Plaintiff's state law claims against Maviglio under Rule 12(b)(6). Each claim lacks the necessary factual allegations that, if accepted as true, are sufficient to state any claim to relief that is plausible on its face – with the possible exception of the claim for trespass against Andres. *Iqbal*, 556 U.S. at 678.

However, Plaintiff's failure to state more than a mere trespass claim, while targeting Andres' and Maviglio's protected petitioning activity, strongly counsels in favor of dispensing with the FAC under California's anti-SLAPP statute, applying the standard of Rule 12(b)(6). *See Planned Parenthood*, 890 F.3d at 834 ("when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated").

### D. The Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Andres and Maviglio.

With the only federal claim against Andres and Maviglio is subject to dismissal under Rule 12(b)(6), if the Court finds the Plaintiff stated a claim for trespass against Andres, the Court should still decline to exercise supplemental jurisdiction over that state law claims. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if – the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000-01 (9th Cir. 1997).

The Court may also chose to decline supplemental jurisdiction over the remaining state law claims for the same reason. However, again, because all of Plaintiff's state law claims target

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

1 Andres' and Maviglio's protected petitioning activity, the law strongly counsels in favor of

2 dispensing with the FAC under California's anti-SLAPP statute, rather than allowing Plaintiff to

3 refile these meritless claims in state court. *Seltzer*, 182 Cal. App. 4th at 953 (explaining that the

4 goal of the anti-SLAPP statute is to eliminate meritless or retaliatory litigation at an early stage of

5 the proceedings).

6 **E. The FAC may also be dismissed as prolix under Rule 8(a).**

7 Finally, the Court may also dismiss the entire FAC due to its extreme length, redundancy, and

8 the inclusion of irrelevant material. Federal Rule of Civil Procedure 8(a) states that "[a] pleading which

9 sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that

10 the pleader is entitled to relief." *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

11 1047, 1058–59 (9th Cir. 2011) (upholding dismissal of a prolix complaint without leave to amend)

12 (collecting cases). The fact that the FAC is prolix is especially egregious, here, because Maviglio

13 previously notified Plaintiff that the original complaint was also prolix. Instead of providing a short

14 and plain statement of her claims in the FAC, Plaintiff filed an amended pleading that is hundreds of

15 pages longer and not any more plain.

16 **F. The Court should not grant leave to amend.**

17 "[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave

18 to amend may be denied . . . if amendment of the complaint would be futile . . . [or if] the 'allegation of

19 other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Albrecht*

20 *v. Lund*, 845 F.2d 193, 195 (9th Cir.), *amended*, 856 F.2d 111 (9th Cir. 1988) (internal citations

21 omitted); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (the district court did not

22 abuse its discretion in denying leave to amend, when further amendment was deemed to be futile).

23 The Court may dismiss all of the claims against Andres and Maviglio for a variety of reasons.

24 Under any of the theories outlined above, amendment would be futile. Plaintiff has presented a far-

25 fetch manifesto, full of words but empty of relevant factual content. She has set forth legal

26 conclusions, masquerading as factual allegations. Furthermore, filing complaints with and making

27 statements to the police is protected activity. Finally, Plaintiff has already amended the pleading and

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1

1  failed to correct any of the material issues present in the original pleading. Plaintiff has demonstrated

2  that she cannot correct these issues with any further amendment.

3  **V.    CONCLUSION**

4          For the foregoing reasons, Defendants Barbara Andres and Steven Maviglio respectfully

5  request that the Court strike each of Plaintiff's state law claims against Andres and Maviglio pursuant

6  to Cal. Civ. Proc. Code § 425.16(b); enter an order entitling Andres and Maviglio to reasonable

7  attorneys' fees pursuant to Cal. Civ. Proc. Code § 425.16(c); and dismiss Plaintiff's Ninth Federal

8  Count for Conspiracy under 42 U.S.C. § 1985(3) against Andres and Maviglio with prejudice pursuant

9  to Rule 12(b)(6). In the alternative, Maviglio requests that the Court dismiss Plaintiff's federal and

10 state law claims against Andres and Maviglio with prejudice pursuant to Rule 12(b)(6); or decline to

11 exercise supplemental jurisdiction over each of Plaintiff's state law claims against Andres and

12 Maviglio; or dismiss the entire Complaint as prolix pursuant to Rule 8(a) with prejudice.

14 Dated: June 1, 2021                         BOUTIN JONES INC.

16                                      By:    /s/ Daniel S. Stouder
17                                             Daniel S. Stouder
                                               Ian K. McGlone
18                                             Attorney for Defendant, Steven Maviglio

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1164940.1