UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PARVIN OLFATI, | No. 2:21-cv-00606-WBS-CKD |
| Plaintiff, | |
| v. | ORDER RE: MOTIONS TO DISMISS |
| CITY OF SACRAMENTO; CITY OF SACRAMENTO POLICE OFFICER JARED ROBINET; CITY OF SACRAMENTO POLICE OFFICER MARYNA STANIONIS; CITY OF SACRAMENTO POLICE OFFICER NATHANIEL REASON; BARBARA ANDRES; STEVEN MAVIGLIO; JOHN DOE CITY DEFENDANTS 1-100; and JOHN DOE CONSPIRATOR DEFENDANTS 1-100, | |
| Defendants. | |

----oo0oo----

Plaintiff Parvin Olfati ("plaintiff") brought this action against Barbara Andres, Steven Maviglio, the City of Sacramento ("the City"), Sacramento Police Officers Jared Robinet, Maryna Staniosis, Nathaniel Reason, John Doe City Defendants 1-100, and John Doe Conspirator Defendants 1-100.

1

(See First Am. Compl. (Docket No. 17).)  The City and Officers Robinet, Staniosis, and Reason have moved to dismiss plaintiff's First Amended Complaint for failure to state a short and concise claim showing that she is entitled to relief under Federal Rule of Civil Procedure 8(a).  (See City Mot. to Dismiss (Docket No. 21).)  Defendants Maviglio and Andres have also moved to dismiss, arguing that plaintiff's complaint should be dismissed because it is too prolix to satisfy Federal Rule of Civil Procedure 8(a).  (See Maviglio and Andres Mot. to Dismiss (Docket No. 22).)

        Federal Rule of Civil Procedure 8(a) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).  The court agrees with defendants that plaintiff's complaint is so excessively "verbose, confusing, and almost entirely conclusory" that it violates Rule 8(a).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).  The incident giving rise to this lawsuit appears to be relatively straight forward -- a single altercation between plaintiff, her neighbors, and the police resulting in alleged violations of her civil rights pursuant to 42 U.S.C. § 1983.  (See City Mot. to Dismiss at 2.)  Nevertheless, plaintiff's initial complaint was 322 pages.  (See Compl.) (Docket No. 1.)  She then filed a First Amended Complaint which totals 566 pages and over 1100 paragraphs.  (See generally First Am. Compl.)  The First Amended Complaint is excessively repetitive, filled with citations to legal cases, and confusing and conclusory statements.  (See id.)  It is difficult for the court to even understand what claims are brought against which

defendants or how many causes of action plaintiff even asserts.

"Although normally verbosity or length is not by itself a basis for dismissing a complaint," the Ninth Circuit has never held that a pleading may be of unlimited length and opacity. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011). In fact, the Ninth Circuit has emphasized that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations." Id. This is particularly salient in the Eastern District of California, which is in a state of "judicial emergency" due to the judicial vacancies on the court that have not been filled and the sheer volume of cases filed within this district. See In re Approval of the Judicial Emergency Decl. in the E. Dist. of Cal., 956 F.3d 1175 (9th Cir. Judicial Council 2020). The court will therefore grant defendants' motions to dismiss under Rule 8 but will give plaintiff leave to amend.

The court is not going to succumb to the strong temptation to impose page limits in this case. However, in considering plaintiff's amended complaint, counsel is admonished that unnecessarily lengthy filings are unlikely to comply with the requirement of a short and plain statement under Federal Rule of Civil Procedure 8(a). The court does not have the unlimited capacity to read an infinite number of pages in any case.

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Docket Nos. 21, 22) are GRANTED. The July 12, 2021 hearing on said motions are VACATED. Plaintiff has twenty days from the date this Order is signed to file an amended complaint,

```
1    if she can do so consistent with this Order.
2             IT IS SO ORDERED.
3    Dated:   June 30, 2021
                                     WILLIAM B. SHUBB
4                                    UNITED STATES DISTRICT JUDGE
```