1  **BOUTIN JONES INC.**
   Daniel S. Stouder SBN 226753
2  Ian K. McGlone SBN 315201
   555 Capitol Mall, Suite 1500
3  Sacramento, CA 95814-4603
   T: (916) 321-4444/F: (916) 441-7597
4  dstouder@boutinjones.com
   ianmcglone@bointjones.com
5

6  Attorneys for Defendants Steven Maviglio
   and Barbara Andres
7

8

9              **UNITED STATES DISTRICT COURT**

10             **EASTERN DISTRICT OF CALIFORNIA**

11

12 Ms. PARVIN OLFATI,                    **Case No.:  2:21-cv-00606-WBS-CKD**

13              Plaintiff,
                                          **MEMORANDUM OF POINTS AND**
14      vs.                               **AUTHORITIES IN SUPPORT OF**
                                          **DEFENDANTS STEVEN MAVIGLIO'S**
15 CITY OF SACRAMENTO, et al.             **AND BARBARA ANDRES' MOTION TO**
                                          **DISMISS AND SPECIAL MOTION TO**
16              Defendants.               **STRIKE PLAINTIFF'S SECOND**
                                          **AMENDED COMPLAINT FOR DAMAGES**
17                                        **[Fed. R. Civ. P. 8(a) and 12(b)(6) and Cal.**
                                          **Civ. Proc. Code § 425.16]**
18

19                                        **Date:        September 7, 2021**
                                          **Time:        1:30 pm**
20                                        **Courtroom:   5, 14th Floor**
                                          **Judge:       Hon. William B. Shubb**
21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

# **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................6

II.  BACKGROUND ...........................................................................................6

 A. Procedural History ...................................................................................6

 B. Allegations in the SAC ............................................................................7

III. LEGAL STANDARD ...................................................................................9

IV. ARGUMENT ...............................................................................................10

 A. The SAC remains prolix under Rule 8(a) and is subject to dismissal. ......................10

 B. Plaintiff's sole federal claim against Andres and Maviglio fails as a matter of law, because it fails to allege facts sufficient to demonstrate a conspiracy that is plausible on its face. ...............10

 C. Plaintiff's state law claims against Andres and Maviglio are all rooted in protected petitioning activity and should be stricken pursuant to California's anti-SLAPP statute. ...............12

  1. The Court may consider an anti-SLAPP motion under California law, applying the Federal Rules of Civil Procedure. ......................13

  2. Under the first prong, each of Plaintiff's state law claims arises from activity in furtherance of Andres' and Maviglio's right of petition or free speech. ......................14

  3. Under the second prong, Plaintiff cannot demonstrate a reasonably probability of prevailing on her state law claims, because the claims are not legally sufficient nor can they be supported by a prima facie showing of facts. ......................14

   i. Plaintiff's state law claims are not legally sufficient, because the SAC does not include sufficient factual allegations to state any claim. ......................15

    a. FIRST CALIFORNIA COUNT FOR BANE ACT VIOLATIONS ......................15

    b. TWELFTH CALIFORNIA COUNT FOR MALICIOUS PROSECUTION ......................16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

c.     THIRTEENTH CALIFORNIA COUNT FOR TRESPASS AND CONSPIRACY TO COMMIT TRESPASS ................................................................................16

d.     FOURTEENTH CALIFORNIA COUNT FOR DEFAMATION AND FIFTEENTH CALIFORNIA COUNT FOR FALSE LIGHT INVASION OF PRIVACY ................................................................................17

e.     SIXTEENTH CALIFORNIA COUNT FOR IIED AND SEVENTEENTH CALIFORNIA COUNT FOR NEGLIGENCE ................................................17

ii.     Plaintiff cannot demonstrate that her state law claims are supported by a sufficient prima facie showing of evidence to sustain a favorable judgment ..............................18

4. Andres and Maviglio are entitled to all attorneys' fees for bringing this and the prior special motions to strike. ................................................................................19

D. Plaintiff's state law claims are also subject to dismissal because Plaintiff has failed to include sufficient factual allegations to state any claim. ................................................19

E. The Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Andres and Maviglio ................................................................................20

F. The Court should not grant leave to amend. ................................................................20

V.     CONCLUSION ................................................................................20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Acri v. Varian Associates, Inc.*,
   114 F.3d 999 (9th Cir. 1997)..............................................................20

*Albrecht v. Lund*,
   845 F.2d 193 (9th Cir.)......................................................................20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................10, 12, 19

*Avalos v. Baca*,
   596 F.3d 583 (9th Cir. 2010)..............................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................10

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011)............................................................10

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996)................................................................20

*Corrie v. Caterpillar, Inc.*,
   503 F.3d 974 (9th Cir. 2007)..............................................................10

*Cox v. Ashcroft*,
   603 F. Supp. 2d 1261 (E.D. Cal. 2009)..............................................12

*Davis v. Elec. Arts Inc.*,
   775 F.3d 1172 (9th Cir. 2015)............................................................14

*Matter of Wade*,
   969 F.2d 241 (7th Cir. 1992)..............................................................11

*Mendocino Env't Ctr. v. Mendocino Cty.*,
   192 F.3d 1283 (9th Cir. 1999)............................................................11

*Paulsen v. CNF, Inc.*,
   559 F.3d 1061 (9th Cir. 2009)......................................................10, 16

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828 (9th Cir.)............................................13, 15, 18, 19

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir.)................................................................10, 11

*Thompson v. Illinois Dept. of Professional Regulation*,
   300 F.3d 750 (7th Cir. 2002)..............................................................11

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
   190 F.3d 963 (9th Cir. 1999)......................................................13, 19

*Vega v. JPMorgan Chase Bank, N.A.*,
   654 F. Supp. 2d 1104 (E.D. Cal. 2009)................................................9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)............................................................13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

State Cases

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal.4th 503 (1994)........................................................................................16
*Cabesuela v. Browning-Ferris Industries*,
  68 Cal.App.4th 101(1998)................................................................................15
*Hughes v. Pair*,
  46 Cal.4th 1035 (2009)....................................................................................17
*IIG Wireless, Inc. v. Yi*,
  22 Cal.App.5th 630( 2018)...............................................................................16
*Kenne v. Stennis*,
  230 Cal. App. 4th 953 (2014)...........................................................................19
*King v. State of California*,
  242 Cal.App.4th 265 (2015).............................................................................15
*Seltzer v. Barnes*,
  182 Cal. App. 4th 953 (2010)......................................................................13, 20
*Sullivan v. County of Los Angeles*,
  12 Cal.3d 710 (1974).......................................................................................16
*Walker v. Kiousis*,
  93 Cal. App. 4th 1432 (2001)...........................................................................14

Federal Statutes

28 U.S.C. § 1367(c)(3).......................................................................................20
42 U.S.C. § 1983...........................................................................................passim
452 U.S.C. § 1983..............................................................................................11

State Statutes

Cal. Civ. Code § 47(b)(5)...................................................................................17
Cal. Civ. Code § 52.1..........................................................................................7
Cal. Civ. Code, § 52.1(j)....................................................................................15
Cal. Civ. Proc. Code § 425.16...........................................................1, 6, 15, 19
Cal. Civ. Proc. Code § 425.16 (e)......................................................................14
Cal. Civ. Proc. Code § 425.16(b)................................................................6, 14, 20
Cal. Civ. Proc. Code § 425.16(b)(1)..................................................................13
Cal. Civ. Proc. Code § 425.16(c)...............................................................6, 19, 20

Federal Rules

Fed. R. Civ. P. 8(a) and 12(b)(6)................................................1, 6, 7, 10
Fed. R. Civ. P. 8(a)(2).......................................................................................10
Fed. R. Civ. P. 12(b)(6)..................................................................................passim
Federal Rule of Civil Procedure 56....................................................................13

Other Authorities

CACI No. 3066...................................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

# I. INTRODUCTION

Three strikes and you are out. Despite clear direction from the Court, Plaintiff Parvin Olfati ("Plaintiff") remains incapable of providing a short and plain statement of her claims showing that she is entitled to relief under Federal Rule of Civil Procedure 8(a). For this alone, the Court may dismiss Plaintiff's Second Amended Complaint ("SAC")—which is 225 pages long and replete with redundant, irrelevant, and contradictory content—this time without leave to amend.

Simultaneously, the claims against Defendants Steven Maviglio ("Maviglio") and Barbara Andres ("Andres") are subject to a special motion to strike pursuant to California's Anti-SLAPP ("strategic lawsuit against public participation") statute, Cal. Civ. Proc. Code § 425.16. It is apparent that Plaintiff's claims against Andres and Maviglio were brought to harass them, in retaliation for a restraining order Maviglio obtained against Plaintiff based on prior incidents of harassment. Each claim against Andres and Maviglio arises from the same alleged conduct—filing complaints with and making statements to police officers—in furtherance of Defendants' First Amendment rights. Accordingly, consistent with the policy of California's anti-SLAPP statute, the Court should eliminate this meritless and retaliatory litigation at this early stage. Because these claims fail as a matter of law, the Court may strike these claims under the procedures of Fed. R. Civ. P. 12(b)(6).

Andres and Maviglio respectfully request that the Court strike all state law claims against them pursuant to Cal. Civ. Proc. Code § 425.16(b); dismiss the single federal claim against them with prejudice under Rule 12(b)(6); and order that Andres and Maviglio are entitled to all attorneys' fees incurred under Cal. Civ. Proc. Code § 425.16(c) for each special motion to strike filed in this matter.

# II. BACKGROUND

## A. Procedural History

On April 2, 2021, Plaintiff filed a complaint spanning 321 pages and full of redundant and irrelevant content. (Docket No. 1.) Plaintiff unsuccessfully attempted to state claims against everyone conceivably involved with her arrest on May 9, 2020, including Maviglio and Andres, Plaintiff's neighbors and mere witnesses. In response, Maviglio moved to dismiss and strike the claims. (Docket No. 12.) Rather than oppose the motion, Plaintiff filed the First Amended Complaint ("FAC") on May 17, 2021. (Docket No. 17.) Instead of providing a short and plain statement of the claims at issue, the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

FAC was a sham amended pleading of 566 pages that was "excessively repetitive, filled with citations to legal cases, and confusing and conclusory statements." (Docket No. 30 at 2.) Defendants again moved to dismiss and strike. (Docket Nos. 21 and 22.) On July 1, 2021, the Court granted the motions to dismiss without oral argument, but afforded Plaintiff the opportunity to amend while warning Plaintiff not to file a similar pleading:

> The court is not going to succumb to the strong temptation to impose page limits in this case. However, in considering plaintiff's amended complaint, counsel is admonished that unnecessarily lengthy filings are unlikely to comply with the requirement of a short and plain statement under Federal Rule of Civil Procedure 8(a). The court does not have the unlimited capacity to read an infinite number of pages in any case.

(Docket No. 30 at 3.)

Thereafter, Plaintiff filed the SAC. (Docket No. 32.) Contrary to the Court's order, the SAC remains prolix (225 pages), repetitive, conclusory, and full of irrelevant and contradictory content. The SAC fails to state even a single cause of action against Maviglio and Andres and reads more like a rambling manifesto of fanciful grievances than a legal pleading.

**B. Allegations in the SAC**

The theory behind all of the claims against Andres and Maviglio is quite simple: the two allegedly conspired with the Sacramento City Police Department ("Police Department") to arrest Plaintiff and violate her constitutional rights on the morning of May 9, 2020. Based on this conclusory theory, Plaintiff purports to bring eight claims against Andres and Maviglio: (1) the First Federal Count for Conspiracy under 42 U.S.C. § 1983; (2) the First California Count for Violations of the Bane Act (Cal. Civ. Code § 52.1); (3) the Twelfth California Count for Malicious Prosecution; (4) the Thirteenth California Count for Trespass (against Andres) and Conspiracy to Commit Trespass (against Maviglio); (5) the Fourteenth California Count for Defamation; (6) the Fifteenth California Count for False Light Invasion of Privacy; (7) the Sixteenth California Count for Intentional Infliction of Emotional Distress ("IIED"); and (8) the Seventeenth California Count for Negligence.

Several of Plaintiff's essential allegations are explicitly contradicted by other allegations in the SAC and exhibits that Plaintiff attached. Fundamentally, each of Plaintiff's claims is based on

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

the allegation that Maviglio and Andres made false statements to the police about Plaintiff on May 9, 2020, which caused Plaintiff's arrest. For example, Plaintiff alleges:

> At about 7:00 a.m. on Saturday, May 9, 2020, Defendant Andres or Defendant Maviglio, or both, made a "call for service" to Defendant City's Police Department, demanding, commanding that, suggesting that, requesting that, or communicating a purported need for City Police officers be sent to Plaintiff's residence.
>
> This May 9, 2020 "call for service" by Defendants Andres and/or Maviglio included one or more of the following intentionally false statements of purported fact of and concerning Plaintiff. . . ."

(Docket No. 32 ("SAC") ¶¶ 59-60.) However, Plaintiff also admits that "[b]eginning on May 11, 2020, Plaintiff in one or more CPRA [California Public Records Act] requests asked for . . . City Police communications with Maviglio and Andres, but Defendant City Police has not provided any. . . . " (SAC ¶ 163.) As such, Plaintiff admits she does not know whether Andres and Maviglio called the Police Department on May 9, 2020, before her arrest. By her own allegations, Plaintiff cannot plausibly claim to know that any unknown "calls for service" Andres or Maviglio may have made on May 9, 2020 included false statements.

Additionally, Plaintiff's claims are based on the premise that Maviglio and Andres conspired with the Police Department

> to retaliate against Plaintiff for persisting in exposing through . . . police reports to Defendant City, of: (i) what Plaintiff believes to be the perjury committed by Defendants Maviglio and Andres in obtaining a restraining order against Plaintiff; and (ii) for Plaintiff sending written police reports to Defendant City's chief of police exposing this perjury as well as specific illegal acts by Defendants Maviglio and Andres that threatened Plaintiff, acts that were committed in the months and weeks between the November 1, 2019 restraining order hearing and the May 9, 2020 seizure, including some that occurred on May 8, 2020.

(SAC ¶ 17.) And yet, Plaintiff alleges that "in March 2016 [the Police Department] announced its' policy 'we are not accepting police reports from Parvin Olfati.'" (SAC ¶ 39.) She also admits that the Police Department refused to either number or respond to the specific police reports Plaintiff made about the alleged "perjury by Defendants Maviglio and Andres on November 1, 2019 to get a restraining order against Plaintiff" (SAC ¶ 40-41). Clearly, if the Police Department ignored Plaintiff's police reports about Maviglio and Andres, then Maviglio and Andres would not have

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

been investigated and they would have had no reason to even know about Plaintiff's police reports, let alone seek to retaliate against Plaintiff based on the unknown reports.

In support of the alleged "conspiracy," Plaintiff makes other allegations based on exhibits she attaches to the Complaint. However, the exhibits contradict Plaintiff's allegations. First, Plaintiff incredibly alleges that exhibits 1 through 4 demonstrate that Maviglio was riding in the passenger's seat of a Sacramento City Police car that drove by Plaintiff's home, before Plaintiff was arrested on May 9, 2020. (SAC ¶¶ 71-73, Exhs. 1-4.) Plainly, the photos that Plaintiff provides do not demonstrate what she alleges. It is not possible to tell who is sitting in the passenger's seat of the vehicle, let alone to establish that the arm belongs to Maviglio. Second, Plaintiff asserts that exhibits 6 through 10 demonstrate that Andres trespassed onto Plaintiff's property. (SAC ¶ 82, Exhs. 6-10.) However, the photos clearly show an individual standing on the sidewalk and not on Plaintiff's property. If anything, these exhibits disprove trespass.

Additionally, Plaintiff's theory of conspiracy is based upon the idea that Police Department was targeting Plaintiff. (*See, e.g.*, SAC ¶ 26.) At the same time, Plaintiff alleges that the plan on May 9, 2020 was for "Defendant City Police Officer Robinet upon arrival to consult with Andres who would point out Plaintiff to Robinet" (SAC ¶ 75), which is contradictory to Plaintiff's allegations that the Police Department already knew Plaintiff and was targeting her. If the conspiracy was already in place, then Andres would not have needed to point out Plaintiff to the police officers. At a minimum, the officers would already know Plaintiff's address if her other allegations of targeting are to be believed. Yet, by Plaintiff's own admission, she was on her property at the time of the arrest on May 9, 2020. (SAC ¶ 7.) It is not plausible that the Police Department had been targeting Plaintiff but also needed someone to point out Plaintiff and her property to them.

## III.   LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. *Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also*

*Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id.*

On a motion to dismiss for failure to state a claim, all of the facts alleged in the complaint are

accepted as true and construed in the light most favorable to the plaintiff. *Corrie v. Caterpillar, Inc.*,

503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory

allegations that are contradicted by documents referred to in the complaint, and [the court does] not

necessarily assume the truth of legal conclusions merely because they are cast in the form of factual

allegations." *Paulsen*, 559 F.3d at 1071.

## IV. ARGUMENT

### A. The SAC remains prolix under Rule 8(a) and is subject to dismissal.

The Court may dismiss the entire SAC due to its extreme length, redundancy, and the inclusion

of irrelevant material. Federal Rule of Civil Procedure 8(a) states that "[a] pleading which sets forth a

claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is

entitled to relief." *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59

(9th Cir. 2011) (upholding dismissal of a prolix complaint without leave to amend) (collecting cases).

The fact that the SAC is prolix is especially egregious, here, because the Court held that the FAC was

prolix and admonished Plaintiff not to file another pleading that is unnecessarily lengthy.

### B. Plaintiff's sole federal claim against Andres and Maviglio fails as a matter of law, because it fails to allege facts sufficient to demonstrate a conspiracy that is plausible on its face.

"We have held that a plaintiff can . . . plead himself out of a claim by including unnecessary

details contrary to his claims." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.),

*opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). This includes unnecessary

exhibits that contradict the allegations in the complaint. *Id.* ("The court need not . . . accept as true

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

allegations that contradict matters properly subject to judicial notice or by exhibit."); *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) ("the exhibit trumps the allegations"); *Matter of Wade*, 969 F.2d 241, 249 (7th Cir. 1992) ("A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.").

The "First Federal Count" in the SAC is for conspiracy to violate Plaintiff's Fourth and First Amendment Rights under 452 U.S.C. § 1983. (SAC ¶ 200-208.) "To establish a conspiracy under § 1983, a plaintiff must satisfy the following elements: (1) the existence of an express or implied agreement among the defendant[s] . . . to deprive him of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010). "The defendants must have, 'by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *Mendocino Env't Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999).

As explained above, Plaintiff's SAC is full of contradictory allegations. These contradictions undermine her attempt to plead any express or implied agreement (or "meeting of the minds") between Andres, Maviglio, and the Police Department. Plaintiff alleges that the conspiracy was formed to retaliate against Plaintiff for filing police reports about Andres' and Maviglio's alleged perjury at a restraining order hearing in 2019. (SAC ¶ 17.) At the same time, Plaintiff alleges that the City had stopped accepting police reports from Plaintiff and, specifically, did not accept her reports about this alleged perjury. (SAC ¶ 39-41.) It is simply not plausible that <u>rejected</u> reports about Andres and Maviglio caused Andres and Maviglio to conspire with the Police Department.

Further, Plaintiff's allegations regarding Maviglio meeting with a police officer prior to the arrest on May 9, 2020 are contradicted by the exhibits that Plaintiff attached to the SAC—they do not demonstrate that Maviglio was riding in the patrol car. (SAC, Exhs. 1-4.) Even more critically, Plaintiff admits that she does not know whether Andres or Maviglio actually called the police on May 9, 2020—and yet alleges that she knows what they told the police on that day. (SAC ¶¶ 59-60, 163.) The Court need not credit the truth of allegations that are contradicted by other allegations included by Plaintiff in the same pleading. *See, Sprewell*, 266 F.3d at 988.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

As such, the conspiracy claim is based upon <u>only</u> Plaintiff's unsupported presumptions and assumptions that are not plausible on their face. Plaintiff presumes to understand, with precision, what Andres communicated by a hand-signal to a police officer who was "around the corner" from Plaintiff "that 'now is the time' to come and seize Plaintiff." (SAC ¶ 12.) It is simply not believable that Plaintiff could know that Andres was saying "now is the time to seize Plaintiff" with some unspecified hand-signal. Especially because Plaintiff admits that she does not even know whether either Defendant called the police on May 9, 2020, before the arrest. (*See, e.g.,* SAC ¶ 163.)

Plaintiff also assumes that—because she saw police officers speaking with Andres and Maviglio <u>after</u> Plaintiff was in custody—her neighbors were directing and controlling the police. (*See, e.g.,* SAC ¶ 125-133.) Witnessing police officers interview witnesses after an arrest cannot constitute sufficient factual content to support a claim of conspiracy, without something more. Otherwise, every arrest that does not result in a conviction could be attacked in court as a conspiracy.

Plaintiff pleaded herself out of this claim by adding contradictory allegations and exhibits. With the assumptions and conclusions that remain, the SAC does not allege sufficient <u>facts</u> to demonstrate a meeting of the minds necessary for a conspiracy. *See Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1271–72 (E.D. Cal. 2009) ("Plaintiff's complaint is completely devoid of any factual allegations that the Wackenhut Defendants had an agreement or 'meeting of the minds' to conspire to violate Plaintiff's constitutional rights. . . . The Wackenhut Defendants correctly argue that Plaintiff made a variety of vague and conclusory allegations of conspiracy. . . . Other courts are in agreement as to the necessity of pleading the essential facts in a conspiracy cause of action. . . ."). Thus, the SAC lacks the factual content necessary to allow the Court to draw a reasonable inference that there was a conspiracy that is plausible on its face. *Iqbal*, 556 U.S. at 678. Pursuant to Rule 12(b)(6), Plaintiff's First Federal Count for conspiracy under 42 U.S.C. § 1983 should therefore be dismissed.

### C. Plaintiff's state law claims against Andres and Maviglio are all rooted in protected petitioning activity and should be stricken pursuant to California's anti-SLAPP statute.

"California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue.'"

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

1  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Cal. Civ. Proc. Code

2  § 425.16(b)(1)).  The goal of the anti-SLAPP statute is to eliminate meritless or retaliatory litigation at

3  an early stage of the proceedings.  *Seltzer v. Barnes*, 182 Cal. App. 4th 953 (2010).  It is clear that

4  Plaintiff named Maviglio and Andres as defendants in this action for an improper purpose, based on

5  protective activity.  Therefore, the Court should strike Plaintiff's state law claims, rather than simply

6  dismissing the matter without leave to amend.

7          1.  <u>The Court may consider an anti-SLAPP motion under California law, applying the</u>
   <u>Federal Rules of Civil Procedure.</u>

8

9       It is well-established that anti-SLAPP motions can be raised in federal court to target state

10 law claims.  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir.

11 1999).  "A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part

12 inquiry. First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from

13 an act in furtherance of the defendant's rights of petition or free speech.' . . .  Second, once the

14 defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a

15 probability of prevailing on the challenged claims.'. . . If 'the court determines that the plaintiff has

16 established that there is a probability that the plaintiff will prevail on the claim,' the motion to strike

17 must be denied." *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1110 (9th Cir. 2003) (citing Cal Civ.

18 Proc. Code § 425.16(b)(1)).

19      "The district court, in making its decision [on an anti-SLAPP motion], considers the pleadings

20 and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

21 *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832–33 (9th Cir.),

22 *amended*, 897 F.3d 1224 (9th Cir. 2018).  "[O]n the one hand, when an anti-SLAPP motion to strike

23 challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil

24 Procedure 12(b)(6) standard and consider whether a claim is properly stated**.** And, on the other hand,

25 when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal

26 Rule of Civil Procedure 56 standard will apply."  *Planned Parenthood*, 890 F.3d at 834.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

**2.** <u>Under the first prong, each of Plaintiff's state law claims arises from activity in furtherance of Andres' and Maviglio's right of petition or free speech.</u>

Each of Plaintiff's state law claims is based on alleged complaints and statements that Andres and Maviglio made to the police. (*See* SAC ¶¶ 358-373; 394-422.) Even the claim of trespass and conspiracy to trespass is based on these alleged statements, because it is inextricably intertwined with Plaintiff's meritless allegations of Andres' and Maviglio's conspiracy with the police. (*See, e.g.,* SAC ¶ 397 ("Defendant Andres trespassed Plaintiff's property as part of a conspiracy with Defendant Maviglio to use Defendant City Police Officer Robinet to seize Plaintiff for handcuffed custodial interrogation.").)

"An act in furtherance of a person's right of petition or free speech includes 'any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law' . . . It also includes 'any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law. . . .' " *Walker v. Kiousis*, 93 Cal. App. 4th 1432, 1438 (2001) (citing Cal. Civ. Proc. Code § 425.16 (e)).

A complaint or witness statement to the police is "made in connection with an official proceeding authorized by law" and is in furtherance of a person's right of petition or free speech. *Id.*, at 1439. Therefore, the alleged complaints and statements that Andres and Maviglio made to the police are protected petitioning activity, and Plaintiff's claims arising from these acts are subject to the special motion to strike. Cal. Civ. Proc. Code § 425.16(b); *Walker*, 93 Cal. App. 4th at 1438–39.

**3.** <u>Under the second prong, Plaintiff cannot demonstrate a reasonably probability of prevailing on her state law claims, because the claims are not legally sufficient nor can they be supported by a prima facie showing of facts.</u>

To establish a reasonable probability that Plaintiff will prevail on her claims, as required to defeat a motion to strike under California's anti-SLAPP statute, "plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1177 (9th Cir. 2015).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

*i.  Plaintiff's state law claims are not legally sufficient, because the SAC does not include sufficient factual allegations to state any claim.*

Each state law claim is based on the same vague and contradicted allegations that underpin the federal "conspiracy" claim.  Because Plaintiff has failed to state any of these claims as a matter of law, the Court may strike these claims under Cal. Civ. Proc. Code § 425.16, applying the procedure of Rule 12(b)(6), without considering Andres' and Maviglio's attached declarations.  *Planned Parenthood*, 890 F.3d at 834.

## a.  FIRST CALIFORNIA COUNT FOR BANE ACT VIOLATIONS

Essentially restating her federal claim for conspiracy, Plaintiff attempts to state a claim against Andres and Maviglio under the Bane Act.  (SAC ¶¶ 358-373.)  "The Bane Act permits an individual to pursue a civil action for damages where another person 'interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.' " *King v. State of California*, 242 Cal.App.4th 265, 294 (2015) (internal citation omitted).  Speech alone is not sufficient to constitute a violation unless it involves a credible threat of violence. Cal. Civ. Code, § 52.1(j); *Cabesuela v. Browning-Ferris Industries*, 68 Cal.App.4th 101, 111(1998) (to state a cause of action under Bane Act there must first be violence or intimidation by threat of violence); CACI No. 3066.

The SAC fails to include plausible factual allegations that Andres or Maviglio threatened or committed any acts of violence. In her typical conclusory and implausible fashion, Plaintiff alleges that Andres and Maviglio committed "acts of threats, intimidation, and coercion alleged in this Count by using Defendant Robinet to seize Plaintiff inside the curtilage of Plaintiff's residence without a warrant. . . ."  (SAC ¶ 364-365.)  As with each claim, these allegations are based on Andres' and Maviglio's alleged communications with the police, e.g., the "calls for service" that Plaintiff admits to having no knowledge of.  (SAC ¶ 163.)  Indeed, the allegations of conspiracy under the Bane Act are legally insufficient for the same reasons they are legally insufficient under 42 U.S.C. § 1983. (*See* Section IV.B, *supra*.)

### b. TWELFTH CALIFORNIA COUNT FOR MALICIOUS PROSECUTION

As with all other claims, Plaintiff's claim for malicious prosecution fails to include the requisite factual allegations necessary to state a claim. "Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime." *Sullivan v. County of Los Angeles*, 12 Cal.3d 710, 720 (1974) (internal citations omitted). As explained, Plaintiff admits through her allegations that she does not know whether Andres and Maviglio made any statements to police before the arrest on May 9, 2020, let alone, any false statements. Plaintiff is left with legal conclusions based upon unprovable presumptions and assumptions. The Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen*, 559 F.3d at 1071.

### c. THIRTEENTH CALIFORNIA COUNT FOR TRESPASS AND CONSPIRACY TO COMMIT TRESPASS

Plaintiff's Thirteenth California Count confusingly seeks to bring a claim for trespass against Andres, and conspiracy to trespass against Maviglio, alone. (*See* SAC ¶¶ 394-399.) Under California law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510–511 (1994) (internal citations omitted). "A conspiracy requires evidence 'that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it.' " *IIG Wireless, Inc. v. Yi*, 22 Cal.App.5th 630, 652( 2018) (citations omitted).

Foundationally, Plaintiff fails to state a claim for trespass, because she includes and points to "evidence" of trespass that clearly contradicts Plaintiff's own allegations, as it demonstrates that Andres did not trespass onto Plaintiff's property. (SAC ¶ 82, Exhs. 6-10.) More importantly, both the alleged trespass and conspiracy to trespass are based on the same conclusory and implausible allegations of conspiracy under 42 U.S.C. § 1983. Plaintiff alleges that "Maviglio and Andres us[ed] the Andres trespass to hand-signal City Police Officer Robinet, which set in motion the Robinet

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

stalking and seizure and related violations of Plaintiff's Fourth Amendment, First Amendment, and California law rights." (SAC ¶ 398.)  For the same reasons these allegations fail to state a claim for conspiracy under § 1983, they fail to state a claim for conspiracy to trespass.  Most notably, the SAC does not include any factual allegations to allow a Court to reasonably infer that there was a mutual understanding (or meeting of the minds) between Maviglio and Andres to participate in a scheme to violate any of Plaintiff's rights on May 9, 2020.

### d. FOURTEENTH CALIFORNIA COUNT FOR DEFAMATION AND FIFTEENTH CALIFORNIA COUNT FOR FALSE LIGHT INVASION OF PRIVACY

The claims for defamation and false light invasion of privacy rely only on the communications Andres and Maviglio purportedly made to the police.  Under each theory, each defendant must make a false report.  Cal. Civ. Code § 47(b)(5).  However, the contradictions apparent on the face of the pleading demonstrate that Plaintiff does not know what, if anything, either defendant said to the police on May 9, 2020.  Accordingly, the SAC does not actually include factual allegations to support that either Andres or Maviglio made any false statements to the police on May 9, 2020.

### e. SIXTEENTH CALIFORNIA COUNT FOR IIED AND SEVENTEENTH CALIFORNIA COUNT FOR NEGLIGENCE

As with her other claims, Plaintiff's conclusory and implausible allegations fail to state a claim for IIED.  "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' " *Hughes v. Pair* 46 Cal.4th 1035, 1050–1051 (2009).  Plaintiff bases this claim on her now-familiar allegations of conspiracy: "Defendants Barbara Andres and Steven Maviglio were in a conspiracy to cause Plaintiff to suffer emotional distress; each knew the objectives and shared the objectives of the conspiracy; and each committed one or more overt acts in furtherance of the conspiracy." (SAC ¶ 413.)  Again, these allegations fail to state facts to support a conspiracy that is plausible on its face and Plaintiff, therefore, fails to state a claim for IIED.

1178698.4

1    Plaintiff also purports to bring a claim for negligence, which appears to be negligent infliction

2 of emotional distress.  (SAC 420-422.)  This claim is not clearly pleaded and thus not sufficient under

3 Rule 8(a).  Moreover, these allegations appear to be based on the same flawed allegations of

4 conspiracy.

5    Clearly, the SAC fails to state any state law claims against Maviglio and Andres.  As a result,

6 Plaintiff cannot demonstrate a reasonable probability of prevailing on her claims, under the Second

7 Prong of the anti-SLAPP analysis.  Therefore, the Court should strike these claims under Rule

8 12(b)(6).

9        *ii.  Plaintiff cannot demonstrate that her state law claims are supported by a sufficient
         prima facie showing of evidence to sustain a favorable judgment.*

10

11    Even assuming any of Plaintiff's claims are legally sufficient, she will be unable to show a

12 reasonable probability of success as to any of her claims by proffering evidence to the Court.[1]  As

13 discussed above, these claims rely on contradictory allegations and several unprovable presumptions

14 and assumptions.  More importantly, Andres and Maviglio have each presented facts in the attached

15 declarations that controvert the allegations underpinning each of Plaintiff's claims.

16    Maviglio did not communicate with the police on May 9, 2020, before the police interacted

17 with Plaintiff.  (Declaration of Steven Maviglio ("Maviglio Decl.") ¶ 3.)  Andres does not recall

18 calling the police on May 9, 2020, before the police interacted with Plaintiff.  (Declaration of

19 Barbara Andres ("Andres Decl.") ¶ 7.)  After Plaintiff was in custody, police officers asked Andres

20 and Maviglio questions about what they had witnessed on that day and at other times.  (Andres

21 Decl. ¶ 8; Maviglio Decl. ¶ 7.)  Both Andres and Maviglio cooperated with the officers and

22 answered their questions truthfully.  (Andres Decl. ¶ 8; Maviglio Decl. ¶ 7.)  Thus, under California

23 anti-SLAPP law "[because] defendants deny that any report they made to the police was false or

24 illegal. . . ., this case is controlled by the case law holding that when allegations of making false reports

25 are controverted, they are insufficient to render that alleged conduct unlawful as a matter of law and

26

27 —————————————

28 [1] If the Court were to determine that it needs to consider facts to decide the Anti-SLAPP issues, then it may consider the attached declarations from Maviglio and Andres, order limited discovery if necessary, and decide the issues under the procedural standards of Rule 56.  *See Planned Parenthood*, 890 F.3d at 834.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

outside the protection of section 425.16." *Kenne v. Stennis*, 230 Cal. App. 4th 953, 967 (2014) (collecting cases). Andres' and Maviglio's statements to the police on May 9, 2020, therefore, are protected under Cal. Civ. Proc. Code § 425.16 as a matter of law, and Plaintiff will be unable to proffer any evidence to support her claims of "false reports."

    4. <u>Andres and Maviglio are entitled to all attorneys' fees for bringing this and the prior special motions to strike.</u>

  It is well-established that if defendants successfully bring an anti-SLAPP motion to strike in federal court, they are "entitled to fees pursuant to [Cal. Civ. Proc. Code] § 425.16(c)." *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999). Thus, should Andres and Maviglio prevail on the present motion to strike, they are unquestionably entitled to fees for bringing the motion. Additionally, Maviglio and Andres should be awarded fees for bringing their prior motions to strike. Plaintiff conceded the validity of Maviglio's first motion, when she chose to amended rather than formally oppose the motion. While the Court did not find on the Anti-SLAPP issues when it dismissed the FAC, the issues present in the SAC were clearly present in the FAC. Because Plaintiff restated the same meritless and retaliatory claims in each amended pleading, Andres and Maviglio are entitled to fees for bringing each of their motions to strike.

  **D. Plaintiff's state law claims are also subject to dismissal because Plaintiff has failed to include sufficient factual allegations to state any claim.**

  In the alternative, for the same reasons that Plaintiff's state law claims fail as a matter of law under the second prong of the anti-SLAPP analysis (*see* Section IV.C.3.i, *supra*), the Court may dismiss Plaintiff's state law claims against Maviglio under Rule 12(b)(6). Each claim lacks the necessary factual allegations that, if accepted as true, are sufficient to state any claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. Nevertheless, Plaintiff's failure to state any claim, while targeting Andres' and Maviglio's protected petitioning activity, strongly counsels in favor of dispensing with the SAC under California's anti-SLAPP statute, applying the standard of Rule 12(b)(6). *Planned Parenthood*, 890 F.3d at 834.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

**E. The Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Andres and Maviglio.**

Because Plaintiff's only federal claim against Andres and Maviglio is subject to dismissal under Rule 12(b)(6), the Court could alternatively decline to exercise supplemental jurisdiction over the purported state law claims. 28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000-01 (9th Cir. 1997). Again, however, because all of Plaintiff's state law claims target Andres' and Maviglio's protected petitioning activity, the law strongly counsels in favor of dispensing with the SAC under California's anti-SLAPP statute, rather than allowing Plaintiff to refile these meritless claims in state court. *Seltzer*, 182 Cal. App. 4th at 953 (the goal of the anti-SLAPP statute is to eliminate meritless or retaliatory litigation at an early stage of the proceedings).

**F. The Court should not grant leave to amend.**

The Court may dismiss all of the claims against Andres and Maviglio for a variety of reasons. Under any of the theories outlined above, amendment would be futile. Plaintiff has had three bites at the apple. She has not heeded the Court's own warnings. She has presented a far-fetch manifesto, full of words but empty of relevant factual content. She has set forth legal conclusions, masquerading as factual allegations. Furthermore, filing complaints with and making statements to the police is protected activity. Plaintiff has demonstrated that she cannot correct these issues with any further amendment. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.), *amended*, 856 F.2d 111 (9th Cir. 1988) ("leave to amend may be denied . . . if amendment of the complaint would be futile . . . [or if] the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (internal citations omitted)); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (the district court did not abuse its discretion in denying leave to amend, when further amendment was deemed to be futile).

## V. CONCLUSION

For the foregoing reasons, Defendants Barbara Andres and Steven Maviglio respectfully request that the Court strike each of Plaintiff's state law claims against Andres and Maviglio as a matter of law pursuant to Cal. Civ. Proc. Code § 425.16(b) and Rule 12(b)(6); enter an order entitling Andres and Maviglio to attorneys' fees pursuant to Cal. Civ. Proc. Code § 425.16(c); and dismiss

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1178698.4

Plaintiff's First Federal Count for Conspiracy under 42 U.S.C. § 1983 against Andres and Maviglio with prejudice pursuant to Rule 12(b)(6). In the alternative, Andres and Maviglio request that the Court dismiss Plaintiff's federal and state law claims against Andres and Maviglio with prejudice pursuant to Rule 12(b)(6); or decline to exercise supplemental jurisdiction over each of Plaintiff's state law claims against Andres and Maviglio; or dismiss the entire Complaint as prolix pursuant to Rule 8(a) with prejudice.

Dated: August 3, 2021                                    BOUTIN JONES INC.


By:  ___/s/ Daniel S. Stouder_____
            Daniel S. Stouder
            Ian K. McGlone
            Attorney for Defendant, Steven Maviglio