UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PARVIN OLFATI,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF SACRAMENTO; CITY OF SACRAMENTO POLICE OFFICER JARED ROBINET; CITY OF SACRAMENTO POLICE OFFICER MARYNA STANIONIS; CITY OF SACRAMENTO POLICE OFFICER NATHANIEL REASON; BARBARA ANDRES; STEVEN MAVIGLIO; JOHN DOE CITY DEFENDANTS 1-100; and JOHN DOE CONSPIRATOR DEFENDANTS 1-100,<br><br>            Defendants. | No. 2:21-cv-00606-WBS-CKD<br><br><u>ORDER RE: MOTIONS TO DISMISS</u> |

----oo0oo----

Plaintiff Parvin Olfati ("plaintiff") brought this action against Barbara Andres, Steven Maviglio, the City of Sacramento ("the City"), Sacramento Police Officers Jared Robinet, Maryna Stanionis,[1] and Nathaniel Reason, John Doe City

---

[1]   The court notes that the parties have used various

1

Defendants 1-100, and John Doe Conspirator Defendants 1-100. (See Second Am. Compl. (Docket No. 32).) The court previously dismissed plaintiff's First Amended Complaint for failure to state a short and concise claim showing that she is entitled to relief under Federal Rule of Civil Procedure 8(a). (Docket No. 30.) The court admonished that "unnecessarily lengthy filings are unlikely to comply with the requirement of a short and plain statement under Federal Rule of Civil Procedure 8(a)."

      The City, Officers Robinet, Stanionis, and Reason, and Andres and Maviglio have now moved to dismiss plaintiff's Second Amended Complaint for failure to state a short and concise claim showing that she is entitled to relief under Federal Rule of Civil Procedure 8(a). (See City Mot. to Dismiss (Docket No. 41); Maviglio and Andres Mot. to Dismiss (Docket No. 40).)

      Federal Rule of Civil Procedure 8(a) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). The court agrees with defendants that plaintiff's Second Amended Complaint is so excessively "verbose, confusing, and almost entirely conclusory" that it violates Rule 8(a). See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). The incident giving rise to this lawsuit appears to be relatively straightforward -- a single altercation between plaintiff, her neighbors, and the police resulting in alleged violations of her civil rights

---

spellings for this defendant, and it is not clear which spelling is correct. The court uses the spelling set forth in the Second Amended Complaint.

2

1  pursuant to 42 U.S.C. § 1983.  (See City Mot. to Dismiss at 2.)
2  Nevertheless, plaintiff's initial complaint was 322 pages.  (See
3  Compl.) (Docket No. 1.)  She then filed a First Amended Complaint
4  which totaled 566 pages and over 1100 paragraphs.  (See generally
5  First Am. Compl.) (Docket No. 17.)  The First Amended Complaint
6  was excessively repetitive, filled with citations to legal cases,
7  and confusing and conclusory statements.  (See id.)  Despite the
8  court's order admonishing plaintiff to comply with Federal Rule
9  of Civil Procedure 8(a), plaintiff's Second Amended Complaint
10 totals 227 pages.  (See generally Second Am. Compl.)  It is
11 equally as verbose, confusing, conclusory, prolix, excessive, and
12 duplicative as its two predecessors.
13         "Although normally verbosity or length is not by itself
14 a basis for dismissing a complaint," the Ninth Circuit has never
15 held that a pleading may be of unlimited length and opacity.  See
16 Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d
17 1047, 1059 (9th Cir. 2011).  In fact, the Ninth Circuit has
18 emphasized that "[o]ur district courts are busy enough without
19 having to penetrate a tome approaching the magnitude of War and
20 Peace to discern a plaintiff's claims and allegations."  Id.  As
21 the court has already mentioned, this is particularly salient in
22 the Eastern District of California, which is in a state of
23 "judicial emergency" due to the judicial vacancies on the court
24 that have not been filled and the sheer volume of cases filed
25 within this district.  See In re Approval of the Judicial
26 Emergency Decl. in the E. Dist. of Cal., 956 F.3d 1175 (9th Cir.
27 Judicial Council 2020).  The court will therefore grant
28 defendants' motions to dismiss under Rule 8 but will give

plaintiff further leave to amend.[2]

The court will resist the temptation to place a page limit on plaintiff's amended complaint but again strongly admonishes counsel that unnecessarily lengthy filings are unlikely to comply with the requirement of a short and plain statement under Federal Rule of Civil Procedure 8(a).[3]

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Docket Nos. 40, 41) are GRANTED.  Plaintiff has twenty days from the date this Order is signed to file an amended complaint, if she can do so consistent with this Order.

Dated: September 14, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Because the court grants the motions to dismiss under Rule 8(a), it does not address Maviglio's and Andres' alternative requests to dismiss under Federal Rule of Civil Procedure 12(b)(6) or strike under California Code of Civil Procedure § 425.16.

[3] The court notes that plaintiff has separated her causes of action into federal causes of action and state causes of action, listing "Federal Count 1" and "State Count 1", for example.  Rather than following this confusing organization, all causes of action should be consecutively numbered, regardless of whether they stem from state law or federal law.  In other words, instead of having "Federal Count 1" and "State Count 1", any amended complaint should set forth "Claim One", "Claim Two", and so forth.

4