1

**BOUTIN JONES INC.**
Daniel S. Stouder SBN 226753
Ian K. McGlone SBN 315201
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
T: (916) 321-4444/F: (916) 441-7597
dstouder@boutinjones.com
ianmcglone@bointjones.com

2

3

4

5

6   Attorneys for Defendants Steven Maviglio
and Barbara Andres

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **EASTERN DISTRICT OF CALIFORNIA**

11

12   Ms. PARVIN OLFATI,                          |   **Case No.:   2:21-cv-00606-WBS-CKD**

13                    Plaintiff,

14         vs.                                    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES [Fed. R. Civ. P. 8(a) and 12(b)(6) and Cal. Civ. Proc. Code § 425.16]**

15   CITY OF SACRAMENTO, et al.

16                    Defendants.

17

18

19                                               **Date:        November 15, 2021**
**Time:        1:30 pm**
**Courtroom:   5, 14th Floor**
**Judge:       Hon. William B. Shubb**

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

I.      INTRODUCTION...........................................................................................................7

II.     BACKGROUND.............................................................................................................8

  A.  Procedural History.....................................................................................................8

  B.  Allegations in the TAC...............................................................................................9

    1.  The gravamen of the pleading is simple despite its length. ....................................9

    2.  Internal contradictions abound and undermine Plaintiff's claims.........................10

III.    LEGAL STANDARD ..................................................................................................12

IV.     ARGUMENT ...............................................................................................................12

  A.  The TAC remains prolix under Rule 8(a) and is subject to dismissal......................12

  B.  Plaintiff's sole federal claim against Andres and Maviglio fails as a matter of law, because it fails to allege facts sufficient to demonstrate a conspiracy that is plausible on its face. ..........13

  C.  Plaintiff's state law claims against Andres and Maviglio are all rooted in protected petitioning activity and should be stricken pursuant to California's anti-SLAPP statute. ..........................15

    1.  The Court may consider an anti-SLAPP motion under California law, applying the Federal Rules of Civil Procedure. ...................................................................................15

    2.  Under the first prong, each of Plaintiff's state law claims arises from activity in furtherance of Andres' and Maviglio's right of petition or free speech.......................................16

    3.  Under the second prong, Plaintiff cannot demonstrate a reasonably probability of prevailing on her state law claims, because the claims are not legally sufficient nor can they be supported by a prima facie showing of facts..........................................................................17

      i.      Plaintiff's state law claims are not legally sufficient, because the TAC does not include sufficient factual allegations to state any claim...........................................17

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

a.   CLAIM TWO FOR BANE ACT VIOLATIONS ................................................. 17

b.   CLAIM TWENTY-TWO FOR TRESPASS AND CONSPIRACY TO COMMIT TRESPASS .................................................................................................. 18

c.   CLAIM TWENTY-THREE FOR MALICIOUS PROSECUTION ..................... 19

d.   CLAIM TWENTY-FOUR FOR DEFAMATION AND FALSE LIGHT INVASION OF PRIVACY ....................................................................... 19

e.   CLAIM TWENTY-FIVE FOR IIED AND CLAIM TWENTY-SIX FOR NEGLIGENCE .................................................................................... 20

ii.   Plaintiff cannot demonstrate that her state law claims are supported by a sufficient prima facie showing of evidence to sustain a favorable judgment ............................. 21

4.  Andres and Maviglio are entitled to all attorneys' fees for bringing this and the prior special motions to strike. ................................................................................ 21

D.  Plaintiff's state law claims are also subject to dismissal because Plaintiff has failed to include sufficient factual allegations to state any claim. ................................................. 22

E.  The Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Andres and Maviglio ................................................................... 22

F.  The Court should not grant leave to amend. ............................................................ 23

V.      CONCLUSION ................................................................................................ 23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Acri v. Varian Associates, Inc.*,
  114 F.3d 999 (9th Cir. 1997)...................................................................................................23
*Albrecht v. Lund*,
  845 F.2d 193 (9th Cir.)..........................................................................................................23
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................................12, 15, 22
*Avalos v. Baca*,
  596 F.3d 583 (9th Cir. 2010)...................................................................................................13
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................................12
*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011).................................................................................................12
*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996)....................................................................................................23
*Corrie v. Caterpillar, Inc.*,
  503 F.3d 974 (9th Cir. 2007)..................................................................................................12
*Cox v. Ashcroft*,
  603 F. Supp. 2d 1261 (E.D. Cal. 2009) .................................................................................14
*Davis v. Elec. Arts Inc.*,
  775 F.3d 1172 (9th Cir. 2015).................................................................................................17
*Matter of Wade*,
  969 F.2d 241 (7th Cir. 1992)...................................................................................................13
*Mendocino Env't Ctr. v. Mendocino Cty.*,
  192 F.3d 1283 (9th Cir. 1999).................................................................................................13
*Paulsen v. CNF, Inc.*,
  559 F.3d 1061 (9th Cir. 2009)...........................................................................................12, 19
*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
  890 F.3d 828 (9th Cir.)....................................................................................................passim
*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir.)......................................................................................................13, 14
*Thompson v. Illinois Dept. of Professional Regulation*,
  300 F.3d 750 (7th Cir. 2002)...................................................................................................13
*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999)............................................................................................8, 15, 22
*Vega v. JPMorgan Chase Bank, N.A.*,
  654 F. Supp. 2d 1104 (E.D. Cal. 2009) .................................................................................12
*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)........................................................................................15, 16, 17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

## State Cases

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal.4th 503 (1994)................................................................................18
*Cabesuela v. Browning-Ferris Industries*,
   68 Cal.App.4th 101(1998)........................................................................18
*Hughes v. Pair*,
   46 Cal.4th 1035 (2009)............................................................................20
*IIG Wireless, Inc. v. Yi*,
   22 Cal.App.5th 630( 2018).......................................................................18
*Kenne v. Stennis*,
   230 Cal. App. 4th 953 (2014)............................................................10, 17
*King v. State of California*,
   242 Cal.App.4th 265 (2015).....................................................................18
*Seltzer v. Barnes*,
   182 Cal. App. 4th 953 (2010).............................................................15, 23
*Sullivan v. County of Los Angeles*,
   12 Cal.3d 710 (1974)...............................................................................19
*Walker v. Kiousis*,
   93 Cal. App. 4th 1432 (2001)............................................................16, 17

## Federal Statutes

28 U.S.C. § 1367(c)(3) ...................................................................................23
42 U.S.C. § 1983 ......................................................................................passim

## State Statutes

Cal. Civ. Code § 47(b)(5) ..............................................................................19
Cal. Civ. Code § 52.1 .......................................................................................9
Cal. Civ. Code, § 52.1(j) ...............................................................................18
Cal. Civ. Proc. Code § 425.16........................................................................1, 7, 17
Cal. Civ. Proc. Code § 425.16 (e) .................................................................16
Cal. Civ. Proc. Code § 425.16(b) ..........................................................8, 17, 23
Cal. Civ. Proc. Code § 425.16(b)(1) .......................................................15, 16
Cal. Civ. Proc. Code § 425.16(c) ...........................................................8, 22, 23

## Federal Rules

Fed. R. Civ. P. 8(a) and 12(b)(6) ..............................................................passim
Fed. R. Civ. P. 8(a)(2) ...................................................................................12
Fed. R. Civ. P. 12(b)(6) ...........................................................................passim
Federal Rule of Civil Procedure 56 ...............................................................16
Federal Rules of Civil Procedure.15 ................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1  <u>Other Authorities</u>

2  CACI No. 3066 .................................................................................................................18

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

## I.   INTRODUCTION

Plaintiff Parvin Olfati ("Plaintiff"), who has the benefit of free legal counsel[1], seems content to waste Defendants' time and money, as well as the Court's resources, in a Sisyphean effort to draft a pleading that meets the minimum requirements of the Federal Rules—all the while ignoring the Court's clear and repeated direction.  Giving Plaintiff another opportunity to roll her inevitably prolix pleading up the hill would achieve nothing, aside from permitting Plaintiff to continue to use the Court as a means to harass Defendants.  Plaintiff cannot follow the Court's directions and is plainly incapable of providing a short and plain statement of her claims under Federal Rule of Civil Procedure 8(a).  For this alone, the Court may dismiss Plaintiff's Third Amended Complaint ("TAC")—which is 217 pages long and replete with redundant, irrelevant, and contradictory content—with prejudice.  Under no circumstances should the Court grant Plaintiff further leave to amend.

Moreover, Plaintiff's state law claims against Defendants Steven Maviglio ("Maviglio") and Barbara Andres ("Andres") remain subject to a special motion to strike pursuant to California's anti-SLAPP ("strategic lawsuit against public participation") statute, Cal. Civ. Proc. Code § 425.16.  It is apparent that Plaintiff's claims against Andres and Maviglio were brought to harass them, and to retaliate against them for (a) cooperating with and making complaints to law enforcement; and (b) obtaining a restraining order against Plaintiff based on prior incidents of harassment.  Each claim against Andres and Maviglio arises from the same alleged conduct—filing complaints with and making statements to police officers—in furtherance of Defendants' First Amendment rights.  Accordingly, consistent with the liberal and broadly construed policy of California's anti-SLAPP statute, the Court should eliminate this meritless and retaliatory litigation at this early stage.

Because these claims fail as a matter of law, the Court may and should strike these claims under the procedures of Fed. R. Civ. P. 12(b)(6).  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832–33 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018).  The Court

---

[1] Steven Kamp has been witnessed staying overnight many nights a week at Plaintiff's residence and Plaintiff has been witnessed regularly driving Kamp's vehicle.  (*See* Docket No. 40-2, Declaration of Steven Maviglio in support of Defendants' Motion to Dismiss and Special Motion to Strike Plaintiff's Second Amended Complaint at ¶ 8.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1  should also award Andres and Maviglio attorneys' fees to which they are entitled.  Ninth Circuit

2  precedent is clear on this point.  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d

3  963, 972 (9th Cir. 1999).  Plaintiff should not be allowed to simply walk away after brazenly pursuing

4  claims that she has been notified, on several occasions, are meritless and barred.

5       Therefore, Andres and Maviglio respectfully request that the Court strike all state law claims

6  against them pursuant to Cal. Civ. Proc. Code § 425.16(b); dismiss the single federal claim against

7  them with prejudice under Rule 12(b)(6); and order that Andres and Maviglio are entitled to all

8  attorneys' fees incurred under Cal. Civ. Proc. Code § 425.16(c) for each special motion to strike filed

9  in this matter.

10  **II.      BACKGROUND**

11      **A.  Procedural History**

12       On April 2, 2021, Plaintiff filed a complaint spanning 321 pages that was full of redundant

13  and irrelevant content.  (Docket No. 1.)  Plaintiff unsuccessfully attempted to state claims against

14  everyone conceivably involved with her arrest on May 9, 2020, including Maviglio and Andres,

15  Plaintiff's neighbors and mere witnesses.  In response, Maviglio moved to dismiss and strike the

16  claims.  (Docket No. 12.)  Rather than oppose the motion, Plaintiff filed the First Amended Complaint

17  ("FAC") on May 17, 2021.  (Docket No. 17.)  Instead of providing a short and plain statement of the

18  claims at issue, the FAC was a sham amended pleading of 566 pages that was "excessively repetitive,

19  filled with citations to legal cases, and confusing and conclusory statements."  (Docket No. 30 at 2.)

20  Defendants again moved to dismiss and strike.  (Docket Nos. 21 and 22.)  On July 1, 2021, the Court

21  granted the motions to dismiss, but afforded Plaintiff the opportunity to amend while warning Plaintiff

22  not to file a similar pleading:

23       The court is not going to succumb to the strong temptation to impose page limits in

24       this case. However, in considering plaintiff's amended complaint, counsel is
   admonished that unnecessarily lengthy filings are unlikely to comply with the

25       requirement of a short and plain statement under Federal Rule of Civil Procedure 8(a).
   The court does not have the unlimited capacity to read an infinite number of pages in

26       any case.

27  (Docket No. 30 at 3.)

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1   Thereafter, Plaintiff filed the Second Amended Complaint ("SAC").  (Docket No. 32.)

2   Contrary to the Court's order, the SAC remained prolix (225 pages), repetitive, conclusory, and full of

3   irrelevant and contradictory content.  Defendants again moved to dismiss and strike.  (Docket Nos. 40

4   and 41.)  Once again, on September 14, 2021, the Court granted Defendants' motions to dismiss,

5   finding that Plaintiff had failed to comply with Federal Rule of Civil Procedure 8(a).  Specifically, the

6   Court found that the SAC was "equally as verbose, confusing, conclusory, prolix, excessive, and

7   duplicative as its two predecessors."  (Docket No. 50 at 3.)  The Court "again strongly admonishe[d]

8   counsel that unnecessarily lengthy filings are unlikely to comply with the requirement of a short and

9   plain statement under Federal Rule of Civil Procedure 8(a)."  (*Id.* at 4.)

10   In response, Plaintiff filed the TAC, which is only five pages shorter than the SAC.  (Docket

11   No. 52)  Blatantly disregarding the Court's clear and repeated warning, the TAC is again prolix (217

12   pages), repetitive, conclusory, and full of irrelevant and contradictory content.  As with the previous

13   pleadings in this matter, the TAC fails to state even a single cause of action against Maviglio and

14   Andres and reads more like a rambling manifesto of fanciful grievances than a legal pleading.

15   **B.  Allegations in the TAC**

16   1.  <u>The gravamen of the pleading is simple despite its length.</u>

17   The theory behind all of the claims against Andres and Maviglio is that the two allegedly

18   conspired with the Sacramento City Police Department ("Police Department") to arrest Plaintiff

19   and violate her constitutional rights on the morning of May 9, 2020.  Based on this conclusory

20   theory, Plaintiff purports to bring seven claims against Andres and Maviglio: (1) Claim One for

21   Conspiracy under 42 U.S.C. § 1983; (2) Claim Two for Violations of the Bane Act (Cal. Civ. Code

22   § 52.1); (3) Claim Twenty-Two for Trespass (against Andres) and Conspiracy to Commit Trespass

23   (against Maviglio); (4) Claim Twenty-Three for Malicious Prosecution; (5) Claim Twenty-Four

24   for Defamation and False Light Invasion of Privacy; (6) Claim Twenty-Five for Intentional

25   Infliction of Emotional Distress ("IIED"); and (7) Claim Twenty-Six for Negligence.

26   In the prior versions of her complaint, Plaintiff listed Defamation and False Light Invasion

27   of Privacy as separate claims.  Aside from that, there are very few significant differences between

28   the TAC and the SAC.  The two pleadings are substantively identical.  Primarily, Plaintiff has

1    made organizational and formatting changes.  In some areas, Plaintiff has changed the sentence

2    structure and changed the numbering system.  Plaintiff has also added additional references to and

3    quotations from a Sacramento City Police manual.  Finally, Plaintiff has named an additional

4    defendant, Stephen Mayer.

5                   2.   <u>Internal contradictions abound and undermine Plaintiff's claims.</u>

6            As with her prior pleadings, several of Plaintiff's essential allegations are explicitly

7    contradicted by other allegations in the TAC and exhibits that Plaintiff attached.  Below are a few

8    examples of egregious contradictions found in Plaintiff's fourth pleading.

9            Each of Plaintiff's claims is based on the allegation that Maviglio and Andres made false

10   statements to the police about Plaintiff on May 9, 2020, which caused Plaintiff's arrest.  (*See, e.g.,*

11   TAC ¶¶ 60-64.)  However, Plaintiff also alleges that she sent a Public Records Act request to the

12   City of Sacramento regarding any communications on May 9, 2020, and learned only that there

13   was a communication from Andres—she did not learn that Maviglio communicated with the police

14   that day nor did she learn any detail regarding what was allegedly communicated to the police.

15   (*See, e.g.,* TAC ¶ 61.)  As such, by her own allegations, Plaintiff cannot plausibly claim to know

16   what Andres or Maviglio stated in these unknown communications on May 9, 2020, let alone that

17   any such communication included any false statements.  And, in any event, "when allegations of

18   making false reports are controverted [as they are here], they are insufficient to render that alleged

19   conduct unlawful as a matter of law and outside the protection of [California's anti-SLAPP

20   statute]."  *Kenne v. Stennis*, 230 Cal. App. 4th 953, 967 (2014) (collecting cases); *see* Docket Nos.

21   40-2 and 40-3.

22           Plaintiff's claims are also based on the premise that Maviglio and Andres conspired with

23   the Police Department in order to retaliate against Plaintiff for (a) accusing Maviglio and Andres

24   of committing perjury and (b) for filing several police reports against Maviglio, Andres, and their

25   friends and family.  (*See* TAC ¶ 18.)  This premise is fanciful and far-fetched as it is undermined

26   by Plaintiff's own assertions.  Plaintiff simultaneously alleges that "in March 2016 [the Police

27   Department] announced its[] policy 'we are not accepting police reports from Parvin Olfati.'"

28   (TAC ¶ 414.)  She also alleges that the Police Department refused to either number or respond to

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

1   the specific police reports Plaintiff made about the alleged "perjury by Defendants Maviglio and

2   Andres on November 1, 2019. . . ." (SAC ¶¶ 416-17).  Taking Plaintiff's allegations at face value,

3   if the Police Department ignored Plaintiff's police reports about Maviglio and Andres, then

4   Maviglio and Andres would not have been investigated and they would have had no reason to even

5   know about Plaintiff's police reports, let alone seek to retaliate against Plaintiff based on the

6   unknown reports.

7       In support of the alleged "conspiracy," Plaintiff makes other allegations based on exhibits

8   she attaches to the Complaint.  However, the exhibits also contradict Plaintiff's allegations.  First,

9   Plaintiff incredibly alleges that exhibits 1 through 4 demonstrate that Maviglio was riding in the

10  passenger's seat of a Sacramento City Police car that drove by Plaintiff's home, before Plaintiff

11  was arrested on May 9, 2020.  (TAC ¶¶ 72-73, Exhs. 1-4.)   Plainly, the photos that Plaintiff

12  provides do not demonstrate what she alleges.  It is not possible to tell who is sitting in the

13  passenger's seat of the vehicle, let alone to establish that the arm belongs to Maviglio.  Second,

14  Plaintiff asserts that exhibits 6 through 10 demonstrate that Andres trespassed onto Plaintiff's

15  property.  (TAC ¶¶ 82-83, Exhs. 6-10.)  However, the photos clearly show an individual standing

16  on the sidewalk and not on Plaintiff's property.  These exhibits disprove trespass, rather than

17  support it.  Plaintiff was under no obligation to provide these exhibits, but having attached them,

18  she cannot side-step what they demonstrate and what they contradict.

19      Additionally, Plaintiff's theory of conspiracy is based upon the allegations that prior to

20  May 9, 2020, the Police Department had been targeting Plaintiff and the conspiracy was already in

21  place. (*See, e.g.*, TAC ¶¶ 12, 419.)  At the same time, Plaintiff alleges that the plan on May 9, 2020

22  was for "Defendant City Police Officer Robinet upon arrival to consult with Andres who would

23  point out Plaintiff to Robinet." (TAC ¶ 75(f).)  Plaintiff was on her property at the time of the

24  arrest on May 9, 2020.  (*See* TAC ¶ 8.)   Taking Plaintiff's allegations at face value, the officers

25  would have already known Plaintiff's address before May 9, 2020.  It is simply not plausible that

26  the Police Department had been targeting Plaintiff but also needed someone to point out Plaintiff

27  and her property to them and then signal before the police could take action on their own.

28  ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1   These blatant contradictions that persist in Plaintiff's fourth pleading underscore the

2   apparent disconnect from reality that underpins each of her claims.  More importantly, they prove

3   that Plaintiff's allegations regarding Defendants' alleged privileged activity cannot survive legal

4   scrutiny and must be dismissed under the anti-SLAPP statute.

5   **III.    LEGAL STANDARD**

6   A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

7   challenges the sufficiency of the pleadings set forth in the complaint.  *Vega v. JPMorgan Chase*

8   *Bank, N.A.*, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of

9   the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

10   plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *see*

11   *also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

12   a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

13   plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

14   *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

15   factual content that allows the court to draw the reasonable inference that the defendant is liable

16   for the misconduct alleged."  *Id.*

17   On a motion to dismiss for failure to state a claim, all of the facts alleged in the complaint are

18   accepted as true and construed in the light most favorable to the plaintiff.  *Corrie v. Caterpillar, Inc.*,

19   503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory

20   allegations that are contradicted by documents referred to in the complaint, and [the court does] not

21   necessarily assume the truth of legal conclusions merely because they are cast in the form of factual

22   allegations."  *Paulsen*, 559 F.3d at 1071.

23   **IV.    ARGUMENT**

24   **A.  The TAC remains prolix under Rule 8(a) and is subject to dismissal.**

25   The Court may dismiss the entire TAC due to its extreme length, redundancy, and the

26   inclusion of irrelevant material.  Federal Rule of Civil Procedure 8(a) states that "[a] pleading which

27   sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that

28   the pleader is entitled to relief."  *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

1194902.6

1   1047, 1058–59 (9th Cir. 2011) (upholding dismissal of a prolix complaint without leave to amend)

2   (collecting cases).  The fact that the TAC is prolix is especially egregious, here, because the Court

3   held that the FAC and SAC were both prolix and admonished Plaintiff not to file another pleading

4   that is unnecessarily lengthy.  Nonetheless, the TAC is only eight pages shorter than—and

5   substantively identical to—the SAC.

6        **B. Plaintiff's sole federal claim against Andres and Maviglio fails as a matter of law, because it fails to allege facts sufficient to demonstrate a conspiracy that is plausible**

7        **on its face.**

8        "We have held that a plaintiff can . . . plead himself out of a claim by including

9   unnecessary details contrary to his claims."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

10  (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).   This includes

11  unnecessary exhibits that contradict the allegations in the complaint.  *Id*. ("The court need not . . .

12  accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.");

13  *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) ("the

14  exhibit trumps the allegations"); *Matter of Wade*, 969 F.2d 241, 249 (7th Cir. 1992) ("A plaintiff

15  may plead himself out of court by attaching documents to the complaint that indicate that he or she

16  is not entitled to judgment.").

17       "Claim One" in the TAC is for conspiracy to violate Plaintiff's Fourth and First Amendment

18  Rights under 42 U.S.C. § 1983.  (TAC ¶¶ 193-203.)  "To establish a conspiracy under § 1983, a

19  plaintiff must satisfy the following elements: (1) the existence of an express or implied agreement

20  among the defendant[s] . . . to deprive him of his constitutional rights; and (2) an actual deprivation of

21  those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010).  "The

22  defendants must have, 'by some concerted action, intend[ed] to accomplish some unlawful objective

23  for the purpose of harming another which results in damage.'" *Mendocino Env't Ctr. v. Mendocino*

24  *Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999).

25       As explained above, Plaintiff's TAC is full of contradictory allegations.  These contradictions

26  undermine her attempt to plead any express or implied agreement (or "meeting of the minds")

27  between Andres, Maviglio, and the Police Department.  Plaintiff alleges that the conspiracy was

28  formed to retaliate against Plaintiff for filing police reports about Andres' and Maviglio's alleged

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

1   perjury at a restraining order hearing in 2019.  (TAC ¶ 18.)  At the same time, Plaintiff alleges that

2   the City had already stopped accepting police reports from Plaintiff and, specifically, did not accept

3   her reports about this alleged perjury.  (TAC ¶¶ 414-16.)  It is simply not plausible that <u>rejected</u>

4   reports about Andres and Maviglio caused Andres and Maviglio to conspire with the Police

5   Department.

6            Further, Plaintiff's allegations regarding Maviglio meeting with a police officer prior to the

7   arrest on May 9, 2020 are contradicted by the exhibits that Plaintiff attached to the TAC—they do

8   not demonstrate that Maviglio was riding in the patrol car.  (TAC, Exhs. 1-4.)  Additionally,

9   Plaintiff admits that she does not know whether Andres and Maviglio actually called the police on

10  May 9, 2020 (only that Andres communicated with the police)—and yet alleges that she knows

11  what they told the police on that day.  (TAC ¶¶ 60-64.)   The Court need not credit the truth of

12  allegations that are contradicted by other allegations included by Plaintiff in the same pleading.

13  *See, Sprewell*, 266 F.3d at 988.

14           As such, the conspiracy claim is based upon <u>only</u> Plaintiff's unsupported presumptions and

15  assumptions that are not plausible on their face.  Plaintiff presumes to understand, with precision,

16  what Andres communicated by a hand-signal to a police officer who was "around the corner" from

17  Plaintiff "<u>that 'now is the time' to come and seize Plaintiff</u>."  (TAC ¶ 12 (emphasis in original).)  It

18  is simply not believable that Plaintiff could know that Andres was saying "now is the time to seize

19  Plaintiff" with some unspecified hand-signal.

20           Plaintiff also assumes that—because she saw police officers speaking with Andres and

21  Maviglio <u>after</u> Plaintiff was in custody—her neighbors were directing and controlling the police.

22  (*See, e.g.,* TAC ¶ 127-136.)  Observing police officers interview witnesses after an arrest cannot

23  constitute sufficient factual content to support a claim of conspiracy, without something more.

24  Otherwise, every arrest that does not result in a conviction could be attacked in court as a conspiracy.

25           Plaintiff pleaded herself out of this claim by adding contradictory allegations and exhibits.

26  With the assumptions and conclusions that remain, the TAC does not allege sufficient <u>facts</u> to

27  demonstrate a meeting of the minds necessary for a conspiracy.  *See Cox v. Ashcroft*, 603 F. Supp. 2d

28  1261, 1271–72 (E.D. Cal. 2009) ("Plaintiff's complaint is completely devoid of any factual

allegations that the Wackenhut Defendants had an agreement or 'meeting of the minds' to conspire to violate Plaintiff's constitutional rights. . . . The Wackenhut Defendants correctly argue that Plaintiff made a variety of vague and conclusory allegations of conspiracy. . . . Other courts are in agreement as to the necessity of pleading the essential facts in a conspiracy cause of action. . . .").  Thus, the TAC lacks the factual content necessary to allow the Court to draw a reasonable inference that there was a conspiracy that is plausible on its face.  *Iqbal*, 556 U.S. at 678.  Pursuant to Rule 12(b)(6), Plaintiff's Claim One for conspiracy under 42 U.S.C. § 1983 should therefore be dismissed.

### C. Plaintiff's state law claims against Andres and Maviglio are all rooted in protected petitioning activity and should be stricken pursuant to California's anti-SLAPP statute.

"California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)).  The goal of the anti-SLAPP statute is to eliminate meritless or retaliatory litigation at an early stage of the proceedings.  *Seltzer v. Barnes*, 182 Cal. App. 4th 953 (2010).  It is clear that Plaintiff named Maviglio and Andres as defendants in this action for an improper purpose, based on protective activity.  Therefore, the Court should strike Plaintiff's state law claims, rather than simply dismissing the matter without leave to amend.

### 1. The Court may consider an anti-SLAPP motion under California law, applying the Federal Rules of Civil Procedure.

It is well-established that anti-SLAPP motions can be raised in federal court to target state law claims.  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).  "A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.' . . .  Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'. . . If 'the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim,' the motion to strike

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

1   must be denied." *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1110 (9th Cir. 2003) (citing Cal Civ.

2   Proc. Code § 425.16(b)(1)).

3          "The district court, in making its decision [on an anti-SLAPP motion], considers the pleadings

4   and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

5   *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832–33 (9th Cir.),

6   *amended*, 897 F.3d 1224 (9th Cir. 2018).  "[O]n the one hand, when an anti-SLAPP motion to strike

7   challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil

8   Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand,

9   when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal

10  Rule of Civil Procedure 56 standard will apply."  *Planned Parenthood*, 890 F.3d at 834.

11              2.  Under the first prong, each of Plaintiff's state law claims arises from activity in
                   furtherance of Andres' and Maviglio's right of petition or free speech.
12

13         Each of Plaintiff's state law claims is based on alleged complaints and statements that Andres

14  and Maviglio made to the police.  (*See* TAC ¶¶ 204-22; 437-79.)  Even the claim of trespass and

15  conspiracy to trespass is based on these alleged statements, because it is inextricably intertwined with

16  Plaintiff's meritless allegations of Andres' and Maviglio's conspiracy with the police.  (*See, e.g.,*

17  TAC ¶ 447 ("Defendant Andres trespassed Plaintiff's residence front yard and driveway as part of a

18  meeting of the minds or conspiracy with Defendant Maviglio to use Defendant City Police Officer

19  Robinet to seize Plaintiff for handcuffed custodial interrogation.").)

20         "An act in furtherance of a person's right of petition or free speech includes 'any written or

21  oral statement or writing made before a legislative, executive, or judicial proceeding, or any other

22  official proceeding authorized by law' . . . It also includes 'any written or oral statement or writing

23  made in connection with an issue under consideration or review by a legislative, executive, or judicial

24  body, or any other official proceeding authorized by law. . . .' "  *Walker v. Kiousis*, 93 Cal. App. 4th

25  1432, 1438 (2001) (citing Cal. Civ. Proc. Code § 425.16 (e)).

26         A complaint or witness statement to the police is "made in connection with an official

27  proceeding authorized by law" and is in furtherance of a person's right of petition or free speech.  *Id.*,

28  at 1439.  Therefore, complaints and statements made to the police are protected petitioning activity.

---

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1   Cal. Civ. Proc. Code § 425.16(b); *Walker*, 93 Cal. App. 4th at 1438–39.  Further, because

2   "defendants deny that any report they made to the police was false or illegal. . . . , this case is

3   controlled by the case law holding that when allegations of making false reports are controverted, they

4   are insufficient to render that alleged conduct unlawful as a matter of law and outside the protection of

5   section 425.16."  *Kenne v. Stennis*, 230 Cal. App. 4th 953, 967 (2014) (collecting cases); *see also*

6   Docket Nos. 40-2 and 40-3.  Andres' and Maviglio's alleged statements to the police on May 9, 2020,

7   therefore, are protected under Cal. Civ. Proc. Code § 425.16 as a matter of law.

8         3.  <u>Under the second prong, Plaintiff cannot demonstrate a reasonably probability of
9   prevailing on her state law claims, because the claims are not legally sufficient nor
can they be supported by a prima facie showing of facts.</u>

10         Having established that Plaintiff's claims against Andres and Maviglio arise from protected

11   activity, the burden shifts to Plaintiff to establish a likelihood of success on the merits.  *Vess*, 317 F.3d

12   at 1110.  To establish a reasonable probability that Plaintiff will prevail on her claims, "plaintiff must

13   demonstrate that the complaint is <u>both</u> legally sufficient and supported by a sufficient prima facie

14   showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."

15   *Davis v. Elec. Arts Inc*., 775 F.3d 1172, 1177 (9th Cir. 2015) (emphasis added).  Here, Plaintiff cannot

16   demonstrate either.

17         *i.  Plaintiff's state law claims are not legally sufficient, because the TAC does not
18   include sufficient factual allegations to state any claim.*

19         Each state law claim is based on the same vague, conclusory, and contradicted allegations that

20   underpin the federal "conspiracy" claim.  Because Plaintiff has failed to state any of these claims as a

21   matter of law, the Court may strike these claims under Cal. Civ. Proc. Code § 425.16, applying the

22   procedure of Rule 12(b)(6).  *Planned Parenthood*, 890 F.3d at 834.

23         a.  CLAIM TWO FOR BANE ACT VIOLATIONS

24         Essentially restating her federal claim for conspiracy, Plaintiff attempts to state a claim against

25   Andres and Maviglio under the Bane Act.  (TAC ¶¶ 204-22.)  "The Bane Act permits an individual to

26   pursue a civil action for damages where another person 'interferes by threat, intimidation, or coercion,

27   or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any

28   individual or individuals of rights secured by the Constitution or laws of the United States, or of the

1194902.6

1    rights secured by the Constitution or laws of this state.' " *King v. State of California*, 242 Cal.App.4th

2    265, 294 (2015) (internal citation omitted).  Speech alone is not sufficient to constitute a violation

3    unless it involves a credible threat of violence. Cal. Civ. Code, § 52.1(j); *Cabesuela v. Browning-*

4    *Ferris Industries*, 68 Cal.App.4th 101, 111(1998) (to state a cause of action under Bane Act there

5    must first be violence or intimidation by threat of violence); CACI No. 3066.

6        The TAC fails to include plausible factual allegations that Andres or Maviglio threatened

7    or committed any acts of violence. In her typical conclusory and implausible fashion, Plaintiff

8    alleges that Andres and Maviglio committed "acts of threats, intimidation, and coercion alleged in

9    this Claim by . . . acting in concert with Defendant Robinet for Robinet to seize Plaintiff inside the

10   curtilage of Plaintiff's residence without a warrant. . . ."  (TAC ¶ 211.)  As with each claim, these

11   allegations are based on Andres' and Maviglio's alleged communications with the police—

12   communications that are protected petitioning activity, and communications that Plaintiff does not

13   know the contents of, by her own admission.  (*See, e.g.,* TAC ¶ 61(iii) ("refusing to reveal the

14   content of the communication. . .").)  Accordingly, the allegations of conspiracy under the Bane

15   Act are legally insufficient for the same reasons they are legally insufficient under 42 U.S.C. §

16   1983. (*See* Section IV.B, *supra*.)

17        b. CLAIM TWENTY-TWO FOR TRESPASS AND CONSPIRACY TO COMMIT
18          TRESPASS

19        Plaintiff's twenty-second claim confusingly seeks to bring a claim for trespass against Andres,

20   and conspiracy to trespass against Maviglio, alone.  (*See* TAC ¶¶ 437-450.)  Under California law,

21   "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who,

22   although not actually committing a tort themselves, share with the immediate tortfeasors a common

23   plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th

24   503, 510–511 (1994) (internal citations omitted).  "A conspiracy requires evidence 'that each member

25   of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and

26   unlawful plan, and that one or more of them committed an overt act to further it.' " *IIG Wireless, Inc.*

27   *v. Yi*, 22 Cal.App.5th 630, 652( 2018) (citations omitted).

28

1   Foundationally, Plaintiff fails to state a claim for trespass, because she includes and points to

2   "evidence" of trespass that clearly contradicts her own allegations, as it demonstrates that Andres did

3   not trespass onto Plaintiff's property.  (TAC ¶¶ 82-83, Exhs. 6-10.)  More importantly, both the

4   alleged trespass and conspiracy to trespass are based on the same conclusory and implausible

5   allegations of conspiracy under 42 U.S.C. § 1983.  Plaintiff alleges that "Maviglio and Andres us[ed]

6   the Andres trespass to hand-signal City Police Officer Robinet, which set in motion the Robinet

7   stalking and seizure and related violations of Plaintiff's Fourth Amendment, First Amendment, and

8   California law rights."  (TAC ¶ 448.)  For the same reasons these allegations fail to state a claim for

9   conspiracy under § 1983, they fail to state a claim for conspiracy to trespass.  Most notably, the TAC

10  does not include any factual allegations to allow a Court to reasonably infer that there was a mutual

11  understanding (or meeting of the minds) between Maviglio and Andres to participate in a scheme to

12  violate any of Plaintiff's rights on May 9, 2020.

13  c. CLAIM TWENTY-THREE FOR MALICIOUS PROSECUTION

14  As with all other claims, Plaintiff's claim for malicious prosecution fails to include the

15  requisite factual allegations necessary to state a claim.  (TAC ¶¶ 451-58.)  "Cases dealing with actions

16  for malicious prosecution against private persons require that the defendant has at least sought out the

17  police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has

18  committed a crime."  *Sullivan v. County of Los Angeles*, 12 Cal.3d 710, 720 (1974) (internal citations

19  omitted).  As explained, Plaintiff admits through her allegations that she does not know whether

20  Andres and Maviglio made any false statements to the police on May 9, 2020.  Plaintiff is left with

21  legal conclusions based upon unprovable and manifestly unreasonable presumptions and assumptions.

22  The Court need not "assume the truth of legal conclusions merely because they are cast in the form of

23  factual allegations."  *Paulsen*, 559 F.3d at 1071.

24  d. CLAIM TWENTY-FOUR FOR DEFAMATION AND FALSE LIGHT
    INVASION OF PRIVACY

25

26  The claims for defamation and false light invasion of privacy rely only on the communications

27  Andres and Maviglio purportedly made to the police.  Under each theory, each defendant must make a

28  false report.  Cal. Civ. Code § 47(b)(5).  However, the contradictions apparent on the face of the

pleading demonstrate that (a) Plaintiff does not know what, if anything, either defendant said to the police on May 9, 2020, and (b) the assumptions that underpin her essential allegations are fanciful, far-fetched, and not plausible.   Accordingly, the TAC does not actually include factual allegations to support that either Andres or Maviglio made any false statements to the police on May 9, 2020.

### e.  CLAIM TWENTY-FIVE FOR IIED AND CLAIM TWENTY-SIX FOR NEGLIGENCE

As with her other claims, Plaintiff's conclusory and implausible allegations fail to state a claim for IIED.  "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' "  *Hughes v. Pair* 46 Cal.4th 1035, 1050–1051 (2009).  Plaintiff bases this claim on her now-familiar allegations of conspiracy: "Defendants Barbara Andres and Steven Maviglio were in a conspiracy to cause Plaintiff to suffer emotional distress; each knew the objectives and shared the objectives of the conspiracy; and each committed one or more overt acts in furtherance of the conspiracy."  (TAC ¶ 468.)  Once again, these conclusory allegations fail to state facts to support a conspiracy that is plausible on its face and Plaintiff, therefore, fails to state a claim for IIED.

Plaintiff also purports to bring a claim for negligence, but it is unclear what duty was at issue, here.  (TAC ¶¶ 476-79.)  This claim is not clearly pleaded and thus it is not sufficient under Rule 8(a).  Moreover, these allegations appear to be based on the same flawed allegations of conspiracy.

Clearly, the TAC fails to state any state law claims against Maviglio and Andres.  As a result, Plaintiff cannot demonstrate a reasonable probability of prevailing on her claims, under the Second Prong of the anti-SLAPP analysis.  Therefore, the Court should strike these claims under Rule 12(b)(6).

////

////

////

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

1

*ii.  Plaintiff cannot demonstrate that her state law claims are supported by a sufficient prima facie showing of evidence to sustain a favorable judgment.*

2

3    Even assuming any of Plaintiff's claims are legally sufficient, she will be unable to show a

4    reasonable probability of success as to any of her claims by proffering evidence to the Court.[2]  As

5    discussed above, these claims rely on contradictory allegations and several unprovable presumptions

6    and assumptions.  More importantly, Andres and Maviglio have each presented facts in declarations

7    filed in this matter that controvert the allegations underpinning each of Plaintiff's claims.  (*See* Docket

8    Nos. 40-2 and 40-3.)

9    Maviglio did not communicate with the police on May 9, 2020, before the police interacted

10   with Plaintiff.  (Docket No. 40-2, Declaration of Steven Maviglio in support of Defendants'

11   Motion to Dismiss and Special Motion to Strike Plaintiff's Second Amended Complaint

12   ("Maviglio Decl.") at ¶ 3.)  Andres does not recall calling the police on May 9, 2020, before the

13   police interacted with Plaintiff.  (Docket No. 40-3, Declaration of Barbara Andres in support of

14   Defendants' Motion to Dismiss and Special Motion to Strike Plaintiff's Second Amended

15   Complaint ("Andres Decl.") at ¶ 7.)  After Plaintiff was in custody, police officers asked Andres

16   and Maviglio questions about what they had witnessed on that day and at other times.  (Andres

17   Decl. at ¶ 8; Maviglio Decl. at ¶ 7.)  Both Andres and Maviglio cooperated with the officers and

18   answered their questions truthfully.  (Andres Decl. ¶ 8; Maviglio Decl. ¶ 7.)  Plaintiff will be unable

19   to proffer any evidence to support her claims that Defendants made any "false" reports.

20   4.  <u>Andres and Maviglio are entitled to all attorneys' fees for bringing this and the prior special motions to strike.</u>

21

22   Plaintiff should not be allowed to use free legal representation and meritless litigation as a

23   means to harass her neighbors and force them to incur significant legal fees.  While the American

24   Rule typically sees each side pay its own attorneys' fees, the California legislature carved out an

25   exception for anti-SLAPP lawsuits.  Indeed, it is well-established that if defendants successfully bring

26   _____

27   [2] If the Court were to determine that it needs to consider facts to decide the Anti-SLAPP issues, then it may (a) consider the declarations from Maviglio and Andres in support of their Motion to Dismiss and Special Motion to Strike Plaintiff's SAC (Docket Nos. 40-2 and 40-3); (b) order limited discovery if necessary; and (c) decide the issues under the procedural standards of Rule 56.  *See Planned Parenthood*, 890 F.3d at 834.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

1194902.6

1    an anti-SLAPP motion to strike in federal court, they are "**entitled to fees** pursuant to [Cal. Civ. Proc.

2    Code] § 425.16(c)." *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th

3    Cir. 1999) (emphasis added).  Thus, should Andres and Maviglio prevail on the present motion to

4    strike, they are unquestionably entitled to fees for bringing the motion.

5        Additionally, Maviglio and Andres should be awarded fees for bringing their prior motions to

6    strike.  Plaintiff conceded the validity of Maviglio's first motion, when she chose to amend rather than

7    formally oppose the motion.  While the Court did not make findings on the anti-SLAPP issues when it

8    dismissed the FAC or the SAC, the issues present in the TAC were clearly present in both the FAC

9    and SAC.   Because Plaintiff restated the same meritless and retaliatory claims in each of her three

10    amended pleadings, Andres and Maviglio are entitled to fees for bringing each of their motions to

11    strike.

12        It is of no moment that Plaintiff might appeal an order for fees or that Plaintiff feels that the

13    Ninth Circuit precedent was incorrectly decided on this issue.  Ninth Circuit precedent is clear.

14    Andres and Maviglio are entitled to fees.

15    **D.  Plaintiff's state law claims are also subject to dismissal because Plaintiff has failed
          to include sufficient factual allegations to state any claim.**

16

17        In the alternative, for the same reasons that Plaintiff's state law claims fail as a matter of law

18    under the second prong of the anti-SLAPP analysis (*see* Section IV.C.3.i, *supra*), the Court may

19    dismiss Plaintiff's state law claims against Maviglio under Rule 12(b)(6).  Each claim lacks the

20    necessary factual allegations that, if accepted as true, are sufficient to state any claim to relief that is

21    plausible on its face. *Iqbal*, 556 U.S. at 678.  Nevertheless, Plaintiff's failure to state any claim,

22    while targeting Andres' and Maviglio's protected petitioning activity, strongly counsels in favor of

23    dispensing with the TAC under California's anti-SLAPP statute, applying the standard of Rule

24    12(b)(6).  *Planned Parenthood*, 890 F.3d at 834.

25    **E.  The Court may decline to exercise supplemental jurisdiction over Plaintiff's state
          law claims against Andres and Maviglio.**

26

27        Because Plaintiff's only federal claim against Andres and Maviglio is subject to dismissal

28    under Rule 12(b)(6), the Court could alternatively decline to exercise supplemental jurisdiction

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE
1194902.6

1  over the purported state law claims.  28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114

2  F.3d 999, 1000-01 (9th Cir. 1997).  Again, however, because all of Plaintiff's state law claims

3  target Andres' and Maviglio's protected petitioning activity, the law strongly counsels in favor of

4  dispensing with the TAC under California's anti-SLAPP statute, rather than allowing Plaintiff to

5  refile these meritless claims in state court.  *Seltzer*, 182 Cal. App. 4th at 953 (the goal of the anti-

6  SLAPP statute is to eliminate meritless or retaliatory litigation at an early stage of the

7  proceedings).

8  **F.  The Court should not grant leave to amend.**

9  The Court may dismiss all of the claims against Andres and Maviglio for a variety of reasons.

10  Under any of the theories outlined above, amendment would be futile.  Plaintiff has had *four* bites at

11  the apple.  She has not heeded the Court's own warnings.  She has presented a far-fetch manifesto,

12  full of words but empty of relevant factual content.  She has set forth legal conclusions, masquerading

13  as factual allegations.  And most fundamentally, under the circumstances present here, filing

14  complaints with and making statements to the police are protected activities that cannot serve as

15  predicate for a civil case under California's anti-SLAPP statute.  Plaintiff has demonstrated that she

16  cannot correct these issues with any further amendment.  *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th

17  Cir.), *amended*, 856 F.2d 111 (9th Cir. 1988) ("leave to amend may be denied . . . if amendment of the

18  complaint would be futile . . . [or if] the 'allegation of other facts consistent with the challenged

19  pleading could not possibly cure the deficiency.'" (internal citations omitted)); *Cahill v. Liberty Mut.*

20  *Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (the district court did not abuse its discretion in denying

21  leave to amend, when further amendment was deemed to be futile).

22  **V.    CONCLUSION**

23  For the foregoing reasons, Defendants Barbara Andres and Steven Maviglio respectfully

24  request that the Court strike each of Plaintiff's state law claims against Andres and Maviglio as a

25  matter of law pursuant to Cal. Civ. Proc. Code § 425.16(b) and Rule 12(b)(6); enter an order entitling

26  Andres and Maviglio to attorneys' fees pursuant to Cal. Civ. Proc. Code § 425.16(c); and dismiss

27  Plaintiff's Claim One for Conspiracy under 42 U.S.C. § 1983 against Andres and Maviglio with

28  prejudice pursuant to Rule 12(b)(6).  In the alternative, Andres and Maviglio request that the Court

1194902.6

1    dismiss Plaintiff's federal and state law claims against Andres and Maviglio with prejudice pursuant

2    to Rule 12(b)(6); or decline to exercise supplemental jurisdiction over each of Plaintiff's state law

3    claims against Andres and Maviglio; or dismiss the entire Third Amended Complaint as prolix

4    pursuant to Rule 8(a) with prejudice.

5

6    Dated:  October 18, 2021                         BOUTIN JONES INC.

7
                                          By:   /s/ Daniel S. Stouder _____
8                                               Daniel S. Stouder
                                                Ian K. McGlone
9                                               Attorney for Defendants,
                                                Steven Maviglio and
10                                              Barbara Andres

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MAVIGLIO'S
AND BARBARA ANDRES' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE
1194902.6