UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PARVIN OLFATI, | No. 2:21-cv-00606-WBS-CKD |
| Plaintiff, | |
| v. | ORDER RE: MOTION TO DISMISS |
| CITY OF SACRAMENTO; City of Sacramento Police Officer Jared Robinet; City of Sacramento Police Officer Maryna Stanionis; City of Sacramento Police Officer Nathaniel Reason; City of Sacramento Fire Captain Stephen Mayer; Barbara Andres; and Steven Maviglio, | |
| Defendants. | |

----oo0oo----

Defendants City of Sacramento ("the City"); Sacramento Police Officers Jared Robinet, Maryna Stanionis, and Nathaniel Reason; Sacramento Fire Captain Stephen Mayer; Barbara Andres, and Steven Maviglio move to dismiss plaintiff's Third Amended Complaint for, among other reasons, failure to state a short and concise claim showing that she is entitled to relief under

1

1   Federal Rule of Civil Procedure 8(a).  (See City Mot. to Dismiss
2   (Docket No. 56); Maviglio and Andres Mot. to Dismiss (Docket No.
3   55).)
4           Federal Rule of Civil Procedure 8(a) requires that a
5   pleading that states a claim for relief contain "a short and
6   plain statement of the claim showing that the pleader is entitled
7   to relief."  See Fed. R. Civ. P. 8(a)(2).  As this court has
8   observed twice previously, the incident giving rise to this
9   lawsuit appears to be relatively straightforward.  Nevertheless,
10  plaintiff continues to file complaints that are excessively
11  "verbose, confusing and conclusory."  Nevijel v. N. Coast Life
12  Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).  Plaintiff's initial
13  complaint was 322 pages.  The First Amended Complaint totaled 566
14  pages, and was filled with confusing, repetitive, and conclusory
15  statements.  After the court admonished plaintiff to comply with
16  Federal Rule of Civil Procedure 8 and dismissed the First Amended
17  Complaint (Docket No. 30), plaintiff filed a Second Amended
18  Complaint totaling 227 pages which the court dismissed because it
19  was "equally as verbose, confusing, prolix, excessive, and
20  duplicative as its two predecessors."  (Docket No. 50).
21          After the court admonished plaintiff twice already that
22  "unnecessarily lengthy flings are unlikely to comply with the
23  requirement of a short and plain statement under Federal Rule of
24  Civil Procedure 8(a)," (Docket Nos. 30, 50), plaintiff has now
25  filed a Third Amended Complaint, but failed to make any
26  substantial changes based on the court's previous orders.
27          Plaintiff cites Hearns v. San Bernandino Police
28  Department, 530 F.3d 1124, 1131 (9th Cir. 2008), for the

1    proposition that the court cannot dismiss a complaint based on
2    length.  However, the Ninth Circuit has explained that though
3    "verbosity of length is not by itself a basis for dismissing a
4    complaint, [] we have never held – and we know of no authority
5    supporting the proposition – that a pleading may be of unlimited
6    length and opacity."  Cafasso, U.S. ex rel. v. Gen. Dynamics C4
7    Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citations
8    omitted).  As this court has previously told plaintiff, the Ninth
9    Circuit has emphasized that "[o]ur district courts are busy
10   enough without having to penetrate a tome approaching the
11   magnitude of War and Peace to discern a plaintiff's claims and
12   allegations."  Id.  Plaintiff's Third Amended Complaint is not
13   only excessive in length at 217 pages, but is also confusing,
14   duplicative, and unintelligible.  Therefore, the court will again
15   grant defendants' motions to dismiss.[1]  Though the court has
16   already given plaintiff two opportunities to comply with its
17   order, the court will give plaintiff further leave to amend one
18   last time.
19          Although the court previously stated that it would not
20   succumb to the strong temptation to impose a page limit on
21   plaintiff's amended complaint, given plaintiff's disregard of the
22   court's admonishments, the court will now do so.  Accordingly,
23   the court now places a 40-page limit on plaintiff's next amended
24   complaint.  This page limit is based on limits that other judges
25   routinely place.  See e.g., Bittaker v. Rushen, 978 F.2d 714 (9th

---

[1] Because the court dismisses the complaint under Rule 8(a), it does not address defendants' other grounds for dismissal.

1  Cir. Oct. 29, 1992) (upholding dismissal after plaintiff failed
2  to comply with Federal Rule of Civil Procedure 8 and the court's
3  40-page limit); Sloan v. Comm'r of the Dep't of Corr. & Rehab.,
4  2018 WL 3769382, No. 2:15-cv-1921 MCE AC (E.D. Cal. Aug. 9, 2018)
5  (dismissing plaintiff's complaint after failure to comply with
6  the 25-page limit the court had placed on plaintiff); Sameer v.
7  Right Moves 4 U, 2018 WL 2318331, No. 1:17-cv-886 AWI-EPG (E.D.
8  Cal. May 22, 2018) (dismissing plaintiff's complaint after
9  failure to comply with 50-page limit).  The court strongly
10 cautions plaintiff that failure to comply with the page limit,
11 this Order, and Federal Rule of Civil Procedure 8 may result in
12 dismissal with prejudice.
13          IT IS THEREFORE ORDERED that defendants' motions to
14 dismiss (Docket Nos. 55, 56) are GRANTED.  Plaintiff's Third
15 Amended Complaint is DISMISSED.  Plaintiff has twenty day from
16 the date this order is signed to file an amended complaint, if
17 she can do so consistent with this Order.
18 Dated:  November 8, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE