UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. PARVIN OLFATI, | Case No.:  2:21-cv-00606-KJM-CKD |
| Plaintiff, | EVIDENCE PRESERVATION ORDER |
| vs. | |
| CITY OF SACRAMENTO, et al. | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 16(b)(3)(B)(iii) and 26 (f)(3)(C) and the Court's ECF 98 Order, and upon consideration of the parties' submissions and good cause appearing, the Court hereby orders as follows to each of Plaintiff Ms. PARVIN OLFATI ("Plaintiff") and City Defendants CITY OF SACRAMENTO, CITY OF SACRAMENTO POLICE OFFICER JARED ROBINET (badge# 0520), CITY OF SACRAMENTO POLICE OFFICER MARYNA STANIONIS (badge# 0597), CITY OF SACRAMENTO POLICE OFFICER NATHANIEL REASON (badge# 0507), and CITY OF SACRAMENTO FIRE CAPTAIN STEPHEN MAYER ("City Defendants")(collectively, "the Parties").

A. The Court reminds all parties of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees or other

non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to exercise efforts to identify and notify such non-parties, including employees of the City of Sacramento and any of its' departments or offices.

B. "Documents, data and tangible things: is to be interpreted broadly to include Body Warn Camera, In-Car Camera, call for service recordings, recordings, video, audio, films, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, digital or chemical process photographs, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes. Information that serves to identify, locate, or link such materials, such as file inventories, file folders, indices and metadata, is also included in this definition.

C. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipates to be subject to discovery under Federal Rule of Civil Procedure 26, 45 and 56(e) in this action. Preservation includes taking steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

D. This order extends to information relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence under the currently operative Complaint in this case, the ECF 88 Fifth Amended Complaint ("5AC") or in the City Defendants' ECF 93 Amended Answer. Such information subject to this Order includes but is not limited to:\

(1) all Body Worn Camera (BWC) video, In Car Camera (ICC) video, and all other recordings, documents, writings and/or records of or relating to the events of May 9, 2020 pleaded in the 5AC (ECF 88);

(2) the recordings and other records of the May 9, 2020 "call for service" and related City Police investigation or other activity and meetings giving rise to this action\

(3) City Police communications and records related to Plaintiff or Plaintiff's residence made prior to May 9, 2020;

(4) City Police communications related to Plaintiff or Plaintiff's residence made to, received from, or with any person outside of the City Police Department or City Fire Department;

(5) The assignments, training, and personnel history of each of City Police Officers Jared Robinet, Maryna Stanionis, Nathaniel Reason and City Fire Captain Stephen Mayer;

(6) Documents relating to or part of City Police Internal Affairs investigation 2020-193;

(7) Documents related to City Police and City Fire policies, procedures, and customs;

(8) Documents related to department-wide City Police and City Fire training of City Police officers and City Fire captains, including but not limited to the areas of Fourth Amendment and First Amendment police conduct standards;

(9) Any records of any of the training, assignments, or personnel history of each of City Police Officers Jared Robinet, Maryna Stanionis, Nathaniel Reason and City Fire Captain Stephen Mayer;

(10) Any City Police Department or City Fire Department department-wide training records.

(11) Any City of Sacramento Office of the City Clerk records of California Public Records Act requests referenced in the 5AC or otherwise related to this action.

(12) Plaintiff's home security system video, cellphone video, or other records related to this action.

**IT IS SO ORDERED**.

DATED: August 18, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE