UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI, | 2:21-cv-00606-DAD-CKD |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff's motion to compel (ECF No. 113) is before the court. This matter was calendared for hearing to take place on December 14, 2022, at 10:00 a.m. The court finds it appropriate to resolve the motion without a hearing.

At issue are requested supplemental substantive responses to plaintiff's Interrogatories, Set One, Numbers 1-11, propounded to Defendant Maryna Stanionis under Rule 33 of the Federal Rules of Civil Procedure. (ECF No. 113 at 2.) The relief requested in plaintiff's motion to compel is that defendant Stanionis immediately serve supplemental substantive responses to the interrogatories "in the manner required by Rule 33 of the Federal Rules of Civil Procedure," and as already produced by Stanionis' co-defendants represented by the same defense counsel.[1] (Id. at

---

[1] The fact that Stanionis' co-defendants represented by the same counsel had already served their supplemental substantive responses suggests to the court that this dispute could have been more

1

6.) Plaintiff's motion also requested an award for attorney's fees for the preparation and anticipated argument of the motion. The motion itself did not specify the amount of fees requested, but counsel's declaration indicates plaintiff would seek $9,000.00 for 22.5 hours expended by counsel. (See ECF No. 114 at 16.)

On December 7, 2022, defendant Stanionis filed a statement of non-opposition to the motion to compel. (ECF No. 117.) Defendant's statement of non-opposition indicates that supplemental substantive responses have been served. (See id.) Defendant did not address plaintiff's request for attorney's fees. (See id.)

At the outset, the court notes that in filing this motion, plaintiff represented there had been a "complete and total failure to respond to a discovery request" as this term is used in Local Rule 251, subdivision (e)(1), thus excepting plaintiff from the joint statement requirement contained in the rule. (Id.) It is clear, however, that this situation was not marked by "a complete and total failure to respond to a discovery request or order." See Local Rule 251(e); see also, e.g., Suhovy v. Sara Lee Corp., No. 1:12-CV-01889-LJO, 2013 WL 2100562, at *1 (E.D. Cal. May 14, 2013). Instead, plaintiff's motion appears to describe a failure by defendant to respond to plaintiff's two written meet-and-confer letters sent via email requesting supplemental substantive interrogatory responses and stating a motion to compel would be filed if supplemental responses were not received. (See ECF No. 113 at 4; ECF No. 114 at 13-14.)

In the situation plaintiff encountered, Local Rule 251(b) required plaintiff's counsel to make a good faith effort to arrange a conference for the specific purpose of filing a joint statement on the discovery dispute. See Local Rule 251(b). In general, written attempts at meet-and-confer do not suffice to satisfy the conference requirement of Local Rule 251(b). The burden of ensuring that proper meet and confer discussions take place is on the moving party, and the rule is clear: "Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." Local Rule 251(b).

---

efficiently resolved with proper meet-and-confer.

Plaintiff asserts counsel's declaration accompanying the motion to compel is the "functional equivalent" of the affidavit referenced in Local Rule 251(d) for situations when counsel is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference or in preparing and executing the required joint statement. (See ECF No. 113 at 2, fn. 1.) This is not the case. Counsel's declaration does not set forth any good faith efforts to arrange the *conference* required by Local Rule 251(b).[2] As set forth, there was not "a complete and total failure to respond to a discovery request" relieving plaintiff of the requirement to pursue the required conference for the purpose of filing a joint statement. Because plaintiff disregarded Local Rule 251's conference requirement for a joint discovery statement, the motion to compel discovery will be denied without prejudice at this time. See, e.g., Akkawi v. Sadr, No. 2:20-cv-01034 MCE AC, 2022 WL 2442234, at *1 (E.D. Cal. July 5, 2022) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing).[3]

In accordance with the above, IT IS ORDERED THAT:

1. The December 14, 2022 hearing is VACATED.
2. Plaintiff's motion to compel (ECF No. 113) is DENIED without prejudice.

Dated:  December 12, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Olfati21cv606.mtc

---

[2] To be clear, neither of plaintiff's counsel's written meet-and-confer attempts sent prior to filing the motion to compel (see ECF Nos. 114-5 at 3; 114-8) sufficed as a good faith effort to arrange the conference required by Local Rule 251(b), notwithstanding any reference to information plaintiff stated would be included in a "Joint Statement re Discovery Dispute" if plaintiff filed a motion to compel.

[3] The court in no way condones or excuses defendant's apparent non-response or delayed response to plaintiff's written meet-and-confer attempts. Nevertheless, the court believes this discovery dispute could have been resolved without plaintiff's counsel's expense of many hours to file unilateral briefing for the motion to compel, had plaintiff simply filed a notice of motion to compel and thereafter adequately pursued the conference required by Local Rule 251(b), as was required under the circumstances confronted.

3