UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI, | 2:21-cv-00606-DAD-CKD |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff's motion to compel (ECF No. 113) is before the court. After review of the parties' joint statement addressing the discovery dispute (ECF No. 131), the court finds oral argument to be unnecessary. Accordingly, the hearing scheduled for February 15, 2023, will be vacated. For the reasons set forth below, the undersigned will grant the motion to compel.

**I.  Background**

This action arises from the May 9, 2020, seizure and arrest of plaintiff by defendant City of Sacramento ("City") police officer(s) at plaintiff's residence. City police came to plaintiff's residence that day in response to 911 calls reporting a neighborhood disturbance. Plaintiff sustained a broken finger during the arrest. A resisting arrest charge against plaintiff was dismissed by the District Attorney. Plaintiff filed suit under 42 U.S.C. § 1983 against the City and

1

four individual capacity defendants. In addition to a Fourth Amendment unreasonable search and seizure claim, plaintiff alleges excessive force and related Fourth Amendment, First Amendment, and California law violations.

At issue are the City defendants' objections to producing prior police reports involving plaintiff in response to plaintiff's Request for Production of Documents, Sets Seven, Eight, Nine, Twelve, Thirteen, Fourteen and Fifteen, propounded under Rule 34 of the Federal Rules of Civil Procedure, and containing the following specific requests at issue here: Set Seven, Item 9; Set Eight, Item 4; Set Twelve, Item 3; Set Eight, Item 6; Set Twelve, Item 4; Set Nine, Items 1-76 and 78; Set Thirteen, Item 1; Set Fourteen, Items 1-3; and Set Fifteen, Items 1-3. (ECF No. 130, Notice of Motion.)[1]

Plaintiff asserts defendants have responded to these requests with an improper blanket refusal to produce any City Police reports about plaintiff, without citation of any statutory, constitutional, or case law authority for the nondisclosure as required by Local Rule 250.3(b).[2] (ECF No. 130 at 8.)

**II.     Legal Standards**

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. …

Fed. Rule Civ. P. 26(b)(1).

---

[1] The joint statement also includes plaintiff's Request for Production of Documents, Set Twenty-Two, Items 1-4, but these items were not noticed in the motion to compel. Plaintiff provides the following explanation: "This content could not be included in the ECF Notice of Motion filed at 8:59 a.m. January 18, 2023 because the City Defendants' timely response to Plaintiff's Set Twenty-Two Request for Production of Documents was not transmitted until 1:13 p.m. that day." (ECF No. 131 at 14, fn. 53.) This is an insufficient reason to allow new content in the joint statement addressing requests not noticed in the motion to compel. The court will not compel responses to these requests at this time. Nevertheless, the court notes the reports at issue in Set Twenty-Two, Items 1-4, appear to be responsive to other, properly noticed requests.

[2] Under Local Rule 250.3(b), "[e]ach objection to any request for production [of documents] shall include a statement of reasons and, if appropriate, citation to relevant authority."

2

"A party may serve on any other party a request within the scope of Rule 26(b)… to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the moving party believes the response is deficient; (4) why the opposing parties' objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution of this action. Harris v. Kernan, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019).

### III. Discussion

#### A. Overview of the Dispute

Plaintiff states that in discovery responses, defendants produced a list of approximately 100 numbered City police reports about calls to the police about plaintiff prior to May 9, 2020, which was the date on which the seizure and arrest underlying the complaint occurred. (ECF No. 131 at 10.) Asserting objections for "privacy of the victim and/or third parties," the City defendants have refused to produce these reports. (Id.) According to plaintiff, as to three of the requests at issue, the City defendants additionally objected, "CLETS information protected by State and federal law." (Id.) According to the City, and unrefuted by plaintiff, defendants also objected to producing these reports on the asserted ground that the information sought is not relevant to the action. (See id. at 22.)

Through this motion, plaintiff challenges the defendants' objections based on privacy concerns. Plaintiff argues defendants should be required to produce all reports requested in the motion or submit them for in camera review. (ECF No. 131 at 20.)

In their portion of the joint statement, defendants note plaintiff has served a total of 40 separate sets of Requests for Production of Documents upon the defendants, many of which are

3

duplicative, among other discovery requests. (ECF No. 131 at 22.) Defendants state they believe plaintiff has abused the discovery process and that they are in the process of preparing a protective order to prevent the ongoing abuse of process. (Id.)

### B. Privacy Objections

Defendants assert their privacy objections and argument therefor in a single, brief paragraph in the joint statement. (See ECF No. 131 at 21-22.) Defendants state without further argument or citation that under Cal. Gov. Code § 6254, "any files kept by a public agency are not subject to disclosure if such disclosure would constitute an unwarranted invasion of personal privacy or would endanger the safety of the person involved in the investigation." (Id. at 21.) Defendants state, further, "[t]here has been no waiver of privacy by these individuals related to any prior investigation[.]" (Id.)

Plaintiff argues federal privilege law applies and thus that there is no binding state privilege doctrine. (ECF No. 131 at 18-19.) Plaintiff argues the only privacy right that could be asserted here is the federal constitutional right of privacy, which does not apply. (Id. at 20.)

"In federal question cases, federal privilege law applies." N.L.R.B. v. North Bay Plumbing, Inc., 102 F.3d 1005 (9th Cir. 1996) (citing Fed. R. Evid. 501); see also Kelly v. City of San Jose, 114 F.R.D. 653, 655 (N.D. Cal. 1987) ("in a civil rights case brought under federal statutes questions of privilege are resolved by federal law ... State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases."). Moreover, where, as here, the complaint alleges both substantive federal and state law claims concerning the same alleged conduct, the federal law of privilege controls. Agster v. Maricopa Cnty., 422 F.3d 836, 839 (9th Cir. 2005). Defendants' assertion of privacy based on Cal. Gov. Code § 6254, made without additional citation to any other authority, is unavailing. See Perez v. City of Fresno, 519 F. Supp. 3d 718, 727 (E.D. Cal. 2021) ("mere reliance on the plain language of § 6254(b), unsupported by citation to any relevant authority that actually interprets or applies that section, fails to demonstrate any potential application to this case").[3]

---

[3] Neither party addresses the recent repeal of Cal. Gov. Code § 6254, operative January 1, 2023.

Although, according to plaintiff, defendants also objected to three of the requests at issue based on "CLETS information protected by State and federal law" (see ECF No. 131 at 10), defendants offer no further argument or authority in support of such an objection. To be clear, aside from Cal. Gov. Code § 6254, defendants cite no State or federal law in support of their privacy and/or confidentiality objections. Defendants' objections based on privacy and/or confidentiality are overruled. See, e.g., Clark v. City of Los Angeles, No. CV-2010768-CAS-PVC, 2021 WL 4731353, at *9 (C.D. Cal. Aug. 23, 2021) (mere reliance on state law in objections does not properly assert objections in federal court without at least substantial qualification); Chatman v. Felker, No. CIV S-03-2415-JAM-KJM-P, 2009 WL 173515, at *9 (E.D. Cal. Jan. 23, 2009) (expressly rejecting objections based on state statutes including Cal. Gov. Code § 6254(f) because state privilege law does not control in federal court).

**C. Relevance**

Defendants also argue the prior reports involving plaintiff are irrelevant because plaintiff's claims involve the May 9, 2020, seizure of plaintiff, and whether that seizure was lawful, as well as whether excessive force was used during that seizure. (ECF No. 131 at 21.) Defendants assert prior complaints made to the police by neighbors about plaintiff are not relevant and would not lead to the discovery of admissible evidence. (Id.)

As an initial matter, plaintiff does not directly address in the joint statement the relevance and proportionality of the reports at issue. The court questions whether plaintiff has met the initial burden under Rule 26(b)(1) of the Federal Rules of Civil Procedure to show that the reports are both relevant and proportional to the needs of the case, particularly where defendants assert in their portion of the joint statement the materials are irrelevant.[4]

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear

---

[4] Instead, plaintiff focused argument on the reports not being protected from disclosure by defendants' objections for privacy and confidentiality.

5

on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery is designed to help define and clarify the issues. Id. Discovery is not limited to issues raised by the pleadings or the merits of a case, because a variety of fact-oriented issues may arise during litigation that are not related to the merits. Id. At the same time, discovery does have "ultimate and necessary boundaries." Id.

Although plaintiff has not directly addressed relevancy and proportionality, the joint statement makes clear the individual City defendants came to plaintiff's house on May 9, 2020 in response to calls for service made by neighbors/civilians who were dismissed as defendants. (ECF No. 131 at 5.) The City defendants made prior unannounced visits to plaintiff's residence responding to neighbor complaints. (Id. at 6.) Two of the individual City defendants had participated in a "neighborhood meeting" one to two months before May 9, 2020, during which neighbors' complaints about plaintiff and calls to police were among the subjects of discussion. (Id.) Although, as defendants note, there currently are no claims of conspiracy between plaintiff's neighbors and the Sacramento Police Department, the court finds the prior reports reasonably could lead to some matter that could bear on some issue that is or may be in the case. The motion to compel will be granted.

### D. Request for Fees

Plaintiff requests an award of fees in the motion to compel but has not submitted evidence to support the request. The request will be denied without prejudice at this time. Should plaintiff wish to pursue an award of attorneys' fees for bringing this motion, plaintiff may promptly file a supplemental request along with evidence to substantiate the request within the time period set forth below.

### IV. Order

In accordance with the above, IT IS ORDERED:

1. The hearing on plaintiff's motion to compel previously set for February 15, 2023, is vacated.
2. Plaintiff's motion to compel (ECF No. 113) is granted to the extent that defendants shall produce the reports responsive to plaintiff's Request for Production of

Documents, Set Seven, Item 9; Set Eight, Item 4; Set Twelve, Item 3; Set Eight, Item 6; Set Twelve, Item 4; Set Nine, Items 1-76 and 78; Set Thirteen, Item 1; Set Fourteen, Items 1-3; and Set Fifteen, Items 1-3.

3. Plaintiff's request for attorney's fees in connection with this motion is denied without prejudice.

4. Within 7 days from the date of this order, plaintiff may file a supplemental fee request along with evidence to substantiate the request; any response or objection by defendant shall be filed within 7 days thereafter.

Dated: February 9, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Olfati21cv606.mtc2