UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>  Defendants. | 2:21-cv-00606-DAD-CKD<br><br><br>ORDER |

Plaintiff's motion to compel (ECF No. 141) is before the court. A joint statement regarding the discovery dispute was filed on February 15, 2023. (ECF No. 144.) This matter is appropriate for decision without oral argument. The court will vacate the hearing that was set to take place on March 1, 2023, at 10:00 a.m., and deny the motion to compel without prejudice.

This action arises from the May 9, 2020 seizure and arrest of plaintiff by defendant City of Sacramento ("City") police officer(s). At issue are plaintiff's Request for Production of Documents, Set Twenty-Five, Items 7, 8, and 9. Through these requests, plaintiff seeks records of California Penal Code § 148 charges brought in the name of three individual City officers for a time period spanning 2014 through 2022 for two officers and for 2010 through 2022 as to a third officer. (ECF No. 144 at 4.) The City defendants objected to these requests, asserting privacy grounds and overbreadth. (Id.)

1

Plaintiff's portion of the joint statement argues that the requests are relevant to a claim against the City based on an alleged policy or custom. Plaintiff challenges defendant's objection based on privacy rights. (ECF No. 144 at 5-7.)

Defendants' portion of the joint statement indicates the issue is moot because defense counsel "has advised Plaintiff's counsel that we will provide the documents requested…." (ECF No. 144 at 8.) Plaintiff appears to dispute defendant's claim that plaintiff's counsel was so-advised, at least prior to receiving defendant's portion of the joint statement. Plaintiff states, "[a]s of 5:25 p.m. [on the date of filing the joint statement], Plaintiff's undersigned counsel has not received any communication from the City Defendants' counsel that 'we will provide the documents requested….'" (Id.)

The burden of ensuring that proper meet-and-confer discussions take place is on the moving party. See Local Rule 251(b). Here, as to meet-and-confer, the joint statement details a single email sent to defense counsel by plaintiff's counsel regarding this discovery dispute. In general, a single written, one-way attempt at meet-and-confer does not satisfy the conference requirement of Local Rule 251(b). The motion to compel will be denied without prejudice. See, e.g., Akkawi v. Sadr, No. 2:20-cv-01034 MCE AC, 2022 WL 2442234, at *1 (E.D. Cal. July 5, 2022) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing).

By order dated December 12, 2022 (ECF No. 120), these parties were recently reminded that solely written attempts at meet-and-confer do not generally satisfy the conference required by Local Rule 251(b). By the same order, a previous motion to compel filed by plaintiff was denied without prejudice for failure to comply with Local Rule 251. Plaintiff is now reminded that Local Rule 110 provides for sanctions in the event of failure of counsel or a party to comply with the Local Rules or with any court order. Plaintiff shall not file another joint statement on a motion to compel in this case without satisfying the conference requirement of Local Rule 251(b).

////

////

////

In accordance with the above, IT IS HEREBY ORDERED THAT the March 1, 2023 hearing is VACATED and plaintiff's motion to compel (ECF No. 141) is DENIED without prejudice.

Dated:  February 24, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Olfati21cv606.mtc3