1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PARVIN OLFATI,                           No.  2:21-cv-00606-DAD-CKD

12              Plaintiff,

13        v.                                  ORDER GRANTING PLAINTIFF'S MOTION
                                              FOR ADMINISTRATIVE RELIEF AND
14   CITY OF SACRAMENTO, et al.,              PROVIDING CLARIFICATION

15              Defendants.                   (Doc. No. 151)

16

17        The court hereby clarifies the page limitations set forth in the court's order dated February

18   21, 2023.  (Doc. No. 148.)

19        1.      The table of contents, table of authorities, and proof of service do not count toward

20   the page limitations.  The caption page does not count toward the page limitations because the

21   caption page is a stand-alone page with no text below the caption.  The signature block will not

22   count toward the page limitations, but only if the signature block is on a page that does not

23   include any other text.

24        2.      The notice of motion does not count toward the page limitations.  Plaintiff asks for

25   clarification for whether "any exhibit thereto referenced in the description of the pre-filing meet

26   and confer efforts that is required by ECF 99, paragraph 5(c)" counts toward the page limitations.

27   (Doc. No. 151 at 2.)  The court advises that the meet and confer requirement of its

28   /////

standing order can be satisfied by way of a footnote in its notice of motion and need not include exhibits.  Any attached exhibits will count toward the page limitations set by the court on exhibits to be filed.

3. The statement of undisputed facts does not count toward the page limitations. Furthermore, Local Rule 260 subdivision (a) requires the moving party in a motion for summary judgment to "enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact."  Local Rule 260 subdivision (b) also requires the opposing party to provide specific "citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial" when denying a purportedly undisputed fact.  In contravention of these rules, plaintiff previously provided more than one fact in many paragraphs of the undisputed facts, and defendant did not cite to the record in support of the facts to which they contended there was a dispute.  Therefore, the court directs the parties to review and comply with Local Rule 260 subdivisions (a) and (b).

Additionally, in the meet and confer correspondence that plaintiff's counsel provided as an attachment to plaintiff's motion for administrative relief, plaintiff indicates her intention to reference documents that have already been filed on the docket in connection with the two prior motions for summary judgment and her belief that those documents do not need to be refiled in connection with the forthcoming motion for summary judgment.  (Doc. No. 151-1 at 2–3.)  In her motion for administrative relief, plaintiff did not seek clarification regarding whether those previously filed documents count toward the page limitations set forth in the court's February 21, 2023 order.  Thus, it appears that plaintiff misunderstands the court's order.  The court, therefore, finds it necessary to strike from the docket all filings in connection with the two prior motions for summary judgment:  Doc. Nos. 107–11, 118–19, 121–28, 133–34, and 138–40.

/////

/////

/////

Accordingly,

1. Plaintiff's motion for administrative relief (Doc. No. 151) is granted;

2. The court provides the following clarification:

    a. The table of contents, table of authorities, and proof of service do not count toward the page limitations.  The caption page does not count toward the page limitations because the caption page is a stand-alone page with no text below the caption.  The signature block will not count toward the page limitations, but only if the signature block is on a page that does not include any other text;

    b. The notice of motion does not count toward the page limitations.  Plaintiff asks for clarification for whether "any exhibit thereto referenced in the description of the pre-filing meet and confer efforts that is required by ECF 99, paragraph 5(c)" counts toward the page limitations.  (Doc. No. 151 at 2.)  The court advises that the meet and confer requirement of its standing order can be satisfied by way of a footnote in its notice of motion and need not include exhibits.  Any attached exhibits will count toward the page limitations;

    c. The statement of undisputed facts does not count toward the page limitations.  Furthermore, Local Rule 260 subdivision (a) requires the moving party in a motion for summary judgment to "enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact."  Local Rule 260 subdivision (b) also requires the opposing party to provide specific "citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial" when denying a purportedly undisputed fact.  In contravention of these rules, plaintiff previously

provided more than one fact in many paragraphs of the undisputed facts, and defendant did not cite to the record in support of the facts to which they contended there was a dispute.  Therefore, the court directs the parties to review and comply with Local Rule 260 subdivisions (a) and (b); and

3.   The Clerk of the Court is directed to update the docket to reflect that the following documents have been stricken from the docket:  Doc. Nos. 107–11, 118–19, 121–28, 133–34, and 138–40 from the docket in this case; and

4.   The parties are directed to comply with both the letter and the spirit of the court imposed page limitations in this case, something which in the court's view should be obvious based upon the discussion at the last hearing.  No further clarification in this regard will be provided.

IT IS SO ORDERED.

Dated:   __**March 8, 2023**__                    _____
                                                  UNITED STATES DISTRICT JUDGE

4