1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                     FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12    PARVIN OLFATI,                              2:21-cv-00606-DAD-CKD

13            Plaintiff,

14       v.                                       ORDER

15    CITY OF SACRAMENTO, et al.,

16            Defendants.

17

18

19        The court granted in full plaintiff's January 18, 2023 motion to compel (ECF Nos. 130,

20    142.) Plaintiff's supplemental fee application is before the court. (ECF No. 145.)

21        Pertinent to the motion to compel at issue, defendants, the City of Sacramento and

22    individual City of Sacramento defendants ("City defendants") objected to producing prior police

23    reports involving plaintiff in response to multiple requests for production of documents under

24    Rule 34 of the Federal Rules of Civil Procedure. In briefing before the court, the City defendants

25    failed to cite any federal statutory, constitutional, or case law authority to support their position

26    that "privacy of the victim and/or third parties" prevented discovery. (See ECF No. 131 at 10,

27    21.) Defendants also unsuccessfully argued that the reports were irrelevant and not within the

28    scope of discovery.

                                                     1

1    **I.      Legal Standards**

2    When a court grants a motion for an order compelling disclosure or discovery,

3    the court must, after giving an opportunity to be heard, require the
     party or deponent whose conduct necessitated the motion, the party
4    or attorney advising that conduct, or both[,] to pay the movant's
     reasonable expenses incurred in making the motion, including
5    attorney's fees. But the court must not order this payment if:

6    (i)     the movant filed the motion before attempting in good faith
             to obtain the disclosure or discovery without court action;

7
     (ii)    the opposing party's nondisclosure, response, or objection
8            was substantially justified; or

9    (iii)   other circumstances make an award of expenses unjust.

10   Fed. R. Civ. P. 37(a)(5)(A).

11   "The party seeking fees bears the burden of documenting the hours expended in the

12   litigation and must submit evidence supporting those hours and the rate claimed." Welch v.

13   Metro. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). Recovery should not exceed the

14   expenses and fees that were reasonably necessary to resist the offending action. Id. at 1185.

15   Under the "lodestar" approach for assessing reasonable attorney's fees, the number of

16   hours reasonably expended is multiplied by a reasonable hourly rate. Camacho v. Bridgeport Fin.,

17   Inc., 523 F.3d 973, 978 (9th Cir. 2008). A reasonable hourly rate is determined by identifying the

18   relevant legal community (the forum where the district court sites) and the prevailing market rate

19   in that community for similar services by lawyers of reasonably comparable skill. Id. at 979-81.

20   In determining a reasonable fee, the court takes into account the relevant factors of those

21   set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and

22   labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to

23   perform the legal service properly, (4) the preclusion of other employment by the attorney due to

24   acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

25   limitations imposed by the client or the circumstances, (8) the amount involved and the results

26   obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirabilise" of

27   the case, (11) the nature and length of the professional relationship with the client and (12)

28   awards in similar cases. McGrath v. County of Nevada, 67 F.3d 248, 252 n.4 (9th Cir. 1995).

1      **II.      Discussion**

2            Plaintiff requests an award of $10,500 for 26.25 hours worked at an hourly rate of $400.

3      (ECF No. 145 at 10.) Turning to the <u>Kerr</u> factors,[1] with respect to factors one through three (time

4      and labor required, novelty of issues and skill required), the court notes that the issues associated

5      with the motion to compel were not complex and that this was a very straightforward discovery

6      motion. Plaintiff propounded multiple discovery requests seeking police reports involving

7      plaintiff. Defendant did not provide the reports. Overcoming defendants' objections did not

8      require extensive legal research or briefing. Looking at awards in similar cases, the court finds

9      that the hourly rate charged by plaintiff's attorney is reflective of the prevailing market rate

10     within the Eastern District of California, Sacramento Division. However, not all hours claimed

11     were reasonably necessary to the motion to compel.

12           Plaintiff requests a total of 5 hours for preparation of the January 18, 2023 notice of the

13     motion to compel. (ECF No. 145 at 10.) Five hours is not a reasonable amount of time for the

14     preparation of a simple notice of motion. Local Rule 251 required a simple statement scheduling

15     the hearing date on the appropriate calendar. To any extent counsel expended so much time on the

16     notice of motion due to reproducing in full each request at issue and objection thereto, the court

17     notes this information is supposed to be included with the joint statement, not the notice of

18     motion, <u>see</u> Local Rule 251(c)(3), and that it may be included by attachment, where appropriate.[2]

19     Moreover, plaintiff's multiple discovery requests seeking the same items were duplicative and

20     unnecessary. The court finds 0.5 hours is a reasonable amount of attorney time for filing a simple

21     notice of motion.

22           Plaintiff next requests a total of 12 hours for preparation of the joint statement, consisting

23     of 11 hours to "prepare Joint Statement re Discovery Disagreement (police reports)," 0.5 hour to

24     communicate with opposing counsel, and 0.5 hours to add the defendants' position to the joint

25     statement and file the joint statement. (ECF No. 145 at 5-6.) The court will not award fees for

26     ─────────────────
       [1] The court does not find factors four through eleven are particularly relevant in deciding
27     reasonable fees here.

28     [2] Plaintiff did not include this information with the joint statement.

                                          3

communication with opposing counsel. Communication with opposing counsel about the

discovery dispute was "required regardless of whether [plaintiff] had to file a motion to compel."

I.R. v. City of Fresno, No. 1:12-CV-558 AWI GSA, 2013 WL 2404775, at *7 (E.D. Cal. May 31,

2013); see also RG Abrams Ins. v. L. Offs. of C.R. Abrams, No. 2:21-cv-00194-FLA-MAA-X,

2021 WL 4974050, at *19 (C.D. Cal. July 8, 2021) (collected cases). The court also will not

award attorney fees for clerical tasks, as non-attorney clerical work is not compensable at an

attorney's rate of billing. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).

This motion to compel did not involve complex legal questions or require plaintiff to

articulate novel or difficult legal arguments. Plaintiff's portion of the joint statement failed to

address relevance, even though relevance was one of two points raised by defendants in their

portion of the joint statement. The court will apply a 50% reduction to the 11 hours sought for

preparation of the joint statement and find that 5.5 hours were reasonably incurred.

On February 1, 2023, after the filing of the joint statement, the City defendants filed an

opposition to the motion to compel. (ECF No. 136.) Plaintiff filed a statement requesting the

court to disregard the opposition as prohibited by Local Rule 251. (ECF No. 137.) Plaintiff

requests fees for the request to disregard (2.25 hours) and for preparation of a reply memorandum

that was not ultimately filed (1.25 hours). Fees for the preparation of a reply memorandum were

not reasonably incurred under the procedure of Local Rule 251. Fees for filing the request to

disregard the opposition were reasonably incurred, but 2.25 hours is an excessive amount of time

for such a simple task. The court will reduce the amount of time reasonably incurred to 0.5 hours.

Finally, plaintiff claims 5.75 hours for preparing the supplemental fee application. Such

time can be recoverable. See, e.g., Sure Safe Industries Inc., v. C & R Pier Mfg., 152 F.R.D. 625,

627 (S.D. Cal. 1993). However, the amount of time claimed is again excessive. The court finds 1

hour of attorney time was reasonably incurred.

### III.     Conclusion and Order

The court finds 7.5 hours of attorney time were reasonably expended at $400.00 per hour

for a total lodestar of $3000.00. The court finds no factors that warrant adjusting the lodestar. See

Camacho, 523 F.3d at 978 ("in most cases, the lodestar figure is presumptively a reasonable fee

1   award").

2        In accordance with the above, IT IS ORDERED that plaintiff's request for attorney's fees

3   (ECF Nos. 130, 145) in connection with the January 18, 2023 motion to compel is granted in part;

4   the City of Sacramento defendants shall pay plaintiff's attorney's fees in the amount of $3000.00

5   within 30 days of the date of this order.

6   Dated:  March 22, 2023

7                                                    _____
                                                     CAROLYN K. DELANEY
8                                                    UNITED STATES MAGISTRATE JUDGE

9   8.Olfati21cv606.fee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28