UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI, | 2:21-cv-00606-DAD-CKD |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff's motion for sanctions (ECF No. 158) pertaining to plaintiff's November 23, 2022, motion to compel is before the court. Plaintiff seeks attorney's fees in the amount of $7,200 for preparation of the motion to compel and the motion for sanctions. (ECF No. 167 at 12.) Defendant opposes the motion and plaintiff filed a reply. (ECF No. 164, 167.) Pursuant to Local Rule 230(g), the court takes the motion under submission on the record and briefs on file and vacates the May 10, 2023, hearing on the motion for sanctions. For the following reasons, the court will deny the motion.

If requested discovery is provided after a motion to compel was filed,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both[,] to pay the movant's

1

>   reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Here, plaintiff seeks an award of fees under Rule 37 on the ground that defendants provided their supplemental responses that were the subject of the November 23, 2022, motion to compel only after plaintiff filed the motion. (ECF No. 158 at 2.)

Defendants argue in response that an award of expenses would be unjust because of the volume of discovery requests served by plaintiff. (ECF No. 164 at 1-2.) Defendants represent plaintiff has served 50 separate sets of requests for production of documents, 11 separate sets of requests for admissions and 5 separate sets of special interrogatories to defendant Robinet; 10 separate sets of requests for admissions and 4 separate sets of special interrogatories to defendant Stanionis; and 15 separate sets of requests for admissions to the City of Sacramento. (Id.) Defendants further state that an order for a discovery special master is now necessary under Federal Rule of Procedure 53(a)(1)(C), pursuant to which the court may appoint a master to address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district. (Id. at 2-3.)

In reply, plaintiff argues defendants failed to address the specific point raised that defendants provided their supplemental responses that were the subject of the motion to compel only after plaintiff filed the motion. (ECF No. 167 at 2-4.) Plaintiff argues defendants failed to cite any authority for their claim that an alleged volume of discovery gives defendant a right to avoid the express language of Rule 37(a)(5)(A). (Id. at 6.) Plaintiff opposes the request for a discovery special master, arguing it is inadequately supported and without merit. (Id. at 7-11.)

Courts may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "In appointing a master, the court must consider the fairness

of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). "It is within a district court's discretion to appoint a master, and to decide the extent of the duties of a special master." In re Hanford Nuclear Rsrv. Litig., 292 F.3d 1124, 1138 (9th Cir. 2002). The Advisory Committee notes to Rule 53 caution, however, that a pretrial special master "should be appointed only when the need is clear." Fed. R. Civ. P. 53 (2003 Adv. Comm. Notes).

Here, defendants' request for the court to appoint a special master is deficient and must be noticed as a separate motion in compliance with Local Rule 230(b). Therefore, the court denies the request without prejudice.

Having considered the record and the parties' arguments on the motion for sanctions, the court will deny the motion. The court denied the subject November 23, 2022, motion to compel on December 12, 2023. (ECF No. 120.) In denying the motion to compel, the court noted plaintiff had misrepresented the motion as involving a "complete and total failure to respond to a discovery request," as this term is used in Local Rule 251, subdivision (e)(1), thus excepting plaintiff from the joint statement requirement contained in the rule. (Id. at 2.) However, there had not been a complete and total failure to respond to a discovery request because defendants had served initial responses and plaintiff's motion to compel sought supplemental responses. (Id.) In the situation plaintiff encountered, Local Rule 251 did not permit plaintiff to file a motion under the procedure of Local Rule 251(e)(1) based on solely written attempts at meet-and-confer. Under the procedurally improper circumstances of the November 23, 2022, motion to compel, the court finds that awarding the requested fees would be unjust.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's motion for sanctions (ECF No. 158) is denied.

2. Defendants' request for a discovery special master is denied without prejudice to renewal in a properly noticed motion under the local rules.

Dated: April 27, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Olfati21cv606.r37