UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI, | No. 2:21-cv-00606-DAD-CKD |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT |
| CITY OF SACRAMENTO, et al. | |
| Defendants. | (Doc. No. 170) |

Currently before the court is plaintiff's motion for leave to amend the fifth amended complaint. (Doc. No. 170.) Plaintiff filed the pending motion on May 1, 2023. (*Id.*) Defendants filed an opposition on May 15, 2023, and plaintiff filed her reply thereto on May 25, 2023. (Doc. Nos. 178, 184.) Having reviewed the motion, the court finds it suitable for decision on the papers. Accordingly, the court vacates the hearing on the pending motion scheduled for June 6, 2023. For the reasons set forth below, plaintiff's motion will be denied.

On November 9, 2021, the court set a page limit of forty pages for plaintiff's amended complaint "given plaintiff's disregard of the court's admonishments . . . ." (Doc. No. 63 at 3.) In doing so, the court warned, "The court strongly cautions plaintiff that failure to comply with the page limit, this Order, and Federal Rule of Civil Procedure 8 may result in dismissal with prejudice." (*Id.* at 4.) On March 1, 2022, the court again set a page limit of forty pages for

1

plaintiff's amended complaint. (Doc. No. 87.) Plaintiff now proposes a sixth amended complaint (Doc. No. 170-2) that is over double the page limit the court previously set. Plaintiff's motion will therefore be denied.[1]

In light of plaintiff's counsel's conduct in this action and his demonstrated difficulty in complying with this court's orders, the court finds it necessary to take the unusual step[2] of imposing the following, very specific, page limits on plaintiff's filings in this case from this point forward:

1. Any amended complaint authorized to be filed by the court shall not exceed forty pages in length inclusive of exhibits and attachments.

2. Consistent with the undersigned's standing order, all moving and opposition briefs or legal memorandum shall not exceed twenty-five pages, and reply briefs filed by moving parties shall not exceed fifteen pages unless prior leave of court is obtained. (Doc. No. 102 at 2.) The court now imposes an additional requirement on plaintiff's counsel with respect to filing briefs and legal memorandum: attachments thereto, if any, are limited to forty pages overall, absent further order of this court. If plaintiff's counsel files both a moving and reply brief, he is limited to forty pages of attachments for the moving and reply brief combined.

3. Consistent with Local Rule 233, any motion for administrative relief or opposition thereto shall not exceed five pages. L.R. 233(a)(2), (b)(1). The court now imposes an additional requirement on plaintiff's counsel: attachments to a motion for administrative relief or an opposition thereto are limited to forty pages overall, absent further order of this court.

---

[1] To the extent that plaintiff requests (Doc. No. 170-1 at 19) reconsideration of the court's prior order granting the motion to dismiss brought on behalf of Barbara Andres and Steven Maviglio (Doc. No. 87), the court finds that this request is rendered moot by this order because the court has not granted plaintiff leave to amend to add those parties or otherwise.

[2] This step is unusual because it is extremely rare for the court to be required to provide such specific direction. Normally, counsel before the court conduct themselves appropriately, making a good faith effort to comply with both the letter and the spirit of the court's orders. Unfortunately, that has not been the case here as to the conduct of plaintiff's counsel.

4. The page limits set herein do not impact plaintiff's pending motion for summary judgment (Doc. No. 154), for which the court has already set specific page limits (*see* Doc. No. 148).

5. As the court has previously confirmed (Doc. No. 152),

   a. The table of contents, table of authorities, and proof of service do not count toward these page limits.  The caption page does not count toward the page limits because the caption page is a stand-alone page with no text below the caption.  The signature block does not count toward the page limits, but only if the signature block is on a page that does not include any other text.

   b. The notice of motion does not count toward these page limits.  The court advises that the meet and confer requirement of its standing order can be satisfied by way of a footnote in its notice of motion and need not include exhibits.  Any attached exhibits will count toward the page limits set by the court on exhibits to be filed.

   c. The statement of undisputed facts in a motion for summary judgment does not count toward these page limits.

**Plaintiff's counsel is hereby warned that failure to comply with this court's rules could result in plaintiff's filings being rejected or stricken and sanctions, including terminating sanctions, being imposed.**

## CONCLUSION

For the reasons explained above,

1. Plaintiff's motion to amend the fifth amended complaint (Doc. No. 170) is denied;
2. Plaintiff's motion for reconsideration (Doc. No. 170) is denied as moot;
3. The hearing on the motion scheduled for June 6, 2023 at 1:30 p.m. is vacated; and
4. In light of plaintiff's counsel's conduct in this action, the court finds it necessary to impose the following page limits on plaintiff from this point forward:

   a. Any amended complaint authorized to be filed by the court shall not exceed forty pages in length inclusive of exhibits and attachments;

      b.      Consistent with the undersigned's standing order, all moving and opposition briefs or legal memorandum shall not exceed twenty-five pages, and reply briefs filed by moving parties shall not exceed fifteen pages unless prior leave of court is obtained. (Doc. No. 102 at 2.) The court now imposes an additional requirement on plaintiff's counsel with respect to filing briefs and legal memorandum: attachments thereto, if any, are limited to forty pages overall, absent further order of this court. If plaintiff's counsel files both a moving and reply brief, he is limited to forty pages of attachments for the moving and reply brief combined;

      c.      Consistent with Local Rule 233, any motion for administrative relief or opposition thereto shall not exceed five pages. L.R. 233(a)(2), (b)(1). The court now imposes an additional requirement on plaintiff's counsel: attachments to a motion for administrative relief or an opposition thereto are limited to forty pages overall, absent further order of this court;

      d.      The page limits set herein do not impact plaintiff's pending motion for summary judgment (Doc. No. 154), for which the court has already set specific page limits (*see* Doc. No. 148); and

      e.      As the court has previously confirmed (Doc. No. 152),

            i.      The table of contents, table of authorities, and proof of service do not count toward these page limits. The caption page does not count toward the page limits because the caption page is a stand-alone page with no text below the caption. The signature block does not count toward the page limits, but only if the signature block is on a page that does not include any other text;

            ii.      The notice of motion does not count toward these page limits. The court advises that the meet and confer requirement of its standing order can be satisfied by way of a footnote in its notice of motion and need not include exhibits. Any attached exhibits will count

toward the page limits set by the court on exhibits to be filed; and

   iii. The statement of undisputed facts in a motion for summary judgment does not count toward these page limits.

 f. Plaintiff's counsel is directed to comply with both the letter and the spirit of the court-imposed page limits.  He is warned that failure to comply with this court's rules could result in plaintiff's filings being rejected or stricken and sanctions, including terminating sanctions, being imposed.

IT IS SO ORDERED.

Dated:  **May 25, 2023**      /s/ Dale A. Drozd
               UNITED STATES DISTRICT JUDGE