UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI, | 2:21-cv-00606-DAD-CKD |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff's motion to compel filed on May 17, 2023, is before the court, along with the parties' joint statement regarding the discovery dispute. (ECF Nos. 180, 183.) This matter is appropriate for decision without oral argument. The hearing set to take place on this matter vacated, and the motion to compel is denied.

This action arises from the seizure and arrest of plaintiff by defendant City of Sacramento ("City") police officers on May 9, 2020. In the operative Fifth Amended Complaint, plaintiff brings claims alleging unreasonable search and seizure and excessive force under the Fourth Amendment, claims alleging violations under the First Amendment, and state-law claims against the City of Sacramento and its individual officers. (See ECF No. 88.)

The present motion involves plaintiff's Request for Interrogatories, Set One, Request One, with its seven parts (the "Interrogatory"). Through the Interrogatory, plaintiff seeks information

1

about the City police car that drove by her house 28 minutes before she was seized, including the identity of the person in civilian clothes in the passenger seat of the car and the reason why the person was in the car, among other information. (ECF No. 183 at 6.)

The City provided responses and two sets of supplemental responses. (ECF No. 183 at 7-13.) The City's first supplemental responses indicated Officers Gomez and Vue were in the subject car and provided a list of locations where those officers were responding to calls with corresponding time frames. (ECF No. 183 at 7.) The City's second supplemental responses stated that based on an "expanded" search for any patrol vehicles driving on 45th between T and S Street from 7:30 a.m. to 8:10 a.m. on May 9, 2020, "the only vehicles found are [defendant] Officer Robinet's vehicle, [defendant] Officer Stanionis' vehicle, and Officer Gomez and Vue's vehicle." (Id.)

Plaintiff argues the City's responses are not responsive to the Interrogatory because the City did not identify the passenger wearing civilian clothes and because it is "simply not plausible" that the car with Officers Vue and Gomez was the car that drove by plaintiff's house 28 minutes before she was seized. (ECF No. 183 at 14.) Plaintiff argues the City's responses have placed "the same City Police car being on two streets at the same time." (Id.) Plaintiff notes also the City claims it cannot admit or deny that Officers Gomez and Vue were physically present at the locations identified in the City's Supplemental Response in response to plaintiff's Requests to Admit Numbers 115-116. (Id.)

Defendant argues the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible information. Defendant notes plaintiff's argument repeatedly refers to the Sixth Amended Complaint, but that the operative pleading is the Fifth Amended Complaint, in which there is no conspiracy cause of action asserted. (ECF No. 183 at 15.) Defendant argues it made great efforts to locate the requested information, and plaintiff simply does not like the content. (Id. at 16.) Defendant argues the subject motion is untimely because, pursuant to the scheduling order dated July 18, 2022 (ECF No. 98), "fact discovery is to be completed by 6/1/23." (Id.)

////

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1). Setting aside the asserted untimeliness of the present motion to compel, which plaintiff does not address, plaintiff does not meet the burden to compel further responses for other reasons.

At the outset, the undersigned notes plaintiff's motion for leave to file the Sixth Amended Complaint was denied on May 26, 2023.[1] (See ECF No. 185.) While stating the information sought about the passenger in civilian clothes is "obviously" relevant (ECF No. 183 at 5), plaintiff fails to acknowledge that her argument references a non-operative complaint containing causes of action not pleaded in the operative complaint. Moreover, plaintiff's argument that defendant's responses are implausible based on the stated locations of the car with Officers Gomez and Vue amounts to a showing of mere distrust and suspicion by plaintiff, which falls short of demonstrating a fact-based deficiency sufficient to compel further responses. See, e.g., Lugo v. Fisher, No. 1:19-CV-00039-NONE-SAB-PC, 2020 WL 2770074, at *2 (E.D. Cal. May 28, 2020) (in the absence of legal or fact-based substantive deficiencies, a party is required to accept responses that are facially legally sufficient).

For the foregoing reasons, IT IS HEREBY ORDERED THAT the June 7, 2023, hearing is VACATED and plaintiff's motion to compel (ECF No. 180) is denied.

Dated: June 1, 2023

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Olfati21cv606.mtc4

---

[1] Plaintiff has filed an administrative motion seeking clarification of the May 26, 2023, order which appears to indicate that plaintiff may again seek leave to file a further amended complaint. (ECF No. 186.)