UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-00606-DAD-CKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SIXTH AMENDED COMPLAINT, MOTION FOR ADMINISTRATIVE RELIEF, AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT<br><br>(Doc. Nos. 192, 200, 202) |

This matter is before the court on plaintiff's motion for leave to file a sixth amended complaint, motion for administrative relief, and motion for leave to file a supplemental complaint. (Doc. Nos. 192, 200, 202.)[1] For the reasons explained below, plaintiff's motions will be denied.

**BACKGROUND**

On April 2, 2021, plaintiff Parvin Olfati filed the complaint initiating this civil rights action arising out of an allegedly unconstitutional seizure and detention of her by Sacramento Police Department officers on May 9, 2020. (Doc. No. 1.) Following the court's four orders dismissing different iterations of plaintiff's complaints with leave to amend (Doc. Nos. 30, 50, 63,

---

[1] Currently, there is a hearing set for plaintiff's motion for leave to file a supplemental complaint on November 21, 2023. Having reviewed the motion, the court finds that motion suitable for decision on the papers. Accordingly, the court will vacate the hearing.

1

87), as well as dismissing claims brought against defendants Barbara Andres and Steven Maviglio with prejudice (Doc. No. 87), plaintiff filed her operative fifth amended complaint ("5AC") on March 21, 2022, (Doc. No. 88).

On July 28, 2022, the previously assigned district judge issued the pretrial scheduling order governing this case and setting forth the following deadlines: close of fact discovery on June 1, 2023; close of expert discovery on August 25, 2023; and a last day for hearing of dispositive motions deadline of October 6, 2023. (Doc. No. 98.)[2] On August 25, 2022, the case was reassigned to the undersigned. (Doc. No. 101.)

On May 1, 2023, plaintiff filed a motion for leave to amend to her 5AC, which the court denied on May 26, 2023 because the proposed sixth amended complaint was over double the page limit the court previously established on March 1, 2022. (Doc. No. 185 at 1–2.)

On June 12, 2023, plaintiff filed the pending motion for leave to file a sixth amended complaint. (Doc. No. 192.) On June 26, 2023, defendants filed an opposition to plaintiff's motion for leave to amend, and on July 6, 2023, plaintiff filed a reply thereto. (Doc. Nos. 196, 198.) The pending motion for leave to file a sixth amended complaint was taken under submission without oral argument on June 30, 2023. (Doc. No. 197.)

On September 26, 2023, plaintiff filed a motion for relief from the court's May 26, 2023 order, which had set page limits for any amended complaint. (Doc. No. 200.) On October 12, 2023, plaintiff filed a motion for leave to file a supplemental complaint. (Doc. No. 202.) Defendants have not filed an opposition to these pending motions, and having reviewed both these pending motions closely, the court concludes that any further briefing on them would not be helpful to their resolution.

/////

/////

---

[2] Pursuant to this court's Local Rules, effective March 1, 2022, a motion must be filed at least 35 days prior to the hearing date. L.R. 230(b). Therefore, under the court's July 28, 2022 scheduling order which governs this case, all dispositive motions (except for motions for continuances, temporary restraining order or other emergency applications) were required to be filed no later than September 1, 2023. Thus, the motions filed by plaintiff after September 1, 2023, are untimely.

## ANALYSIS

**A.     Plaintiff's Motion for Leave to File a Sixth Amended Complaint (Doc. No. 192)**

The court first turns to plaintiff's motion for leave to file a sixth amended complaint. (Doc. No. 192.) The proposed sixth amended complaint seeks to add fifteen new defendants—twelve City of Sacramento Police officers as Doe defendants, plaintiff's neighbor Amy Cabrera/Salazar, and two previously terminated defendants (Barbara Andres and Steven Maviglio)—as well as multiple new claims and theories of liability. (*See* Doc. No. 192-2.)

"A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave when justice so requires." *Id.* "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). It is important to note that these factors "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, undue delay in combination with the presence of other factors may indeed warrant a denial of leave to amend. *See, e.g.*, *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387–89 (9th Cir. 1990) (holding that a finding of prejudice combined with undue delay was sufficient to deny leave to amend). Among these factors, "[p]rejudice to the opposing party is the most important factor." *Id.* at 1387 (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomm.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

In this case, plaintiff has previously amended her complaint five times, resulting in a total of six complaints. This weighs heavily against granting further leave to amend. *See Johnson*,

356 F.3d at 1077; *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citation omitted); *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1839700, at *2 (N.D. Cal. May 8, 2021) (finding the fact that the plaintiff had previously amended its complaint three times, and thus had already filed a total of four complaints, weighed against granting leave to amend).

Furthermore, as defendants point out, allowing plaintiff to file a sixth amended complaint would prejudice defendants because plaintiff's motion for leave to amend was filed more than two years after plaintiff filed her original complaint initiating this action, after extensive discovery had been conducted and the discovery deadline set by the court had passed, and after the filing of three motions to dismiss by the moving defendants. (Doc. No. 196 at 1–3); *see Snapkeys*, 2021 WL 1839700, at *2 (holding that permitting the plaintiff to file a fourth amended complaint would prejudice the defendant because the defendant had already filed three motions to dismiss); *McCart-Pollak v. On Demand Direct Response LLC*, No. 2:20-cv-01624-GMN-VCF, 2023 WL 1879683, at *3 (D. Nev. Feb. 9, 2023) ("Defendants would be unduly prejudiced if the possible disposition and resolution of this case was effectively halted, and they were required to restart the litigation cycle by filing a third motion to strike or second motion to dismiss . . . ."); *Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("[W]hen, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party.").

Having reviewed plaintiff's pending motion closely, the court finds that permitting the addition of fifteen defendants, including two previously dismissed defendants, and numerous new claims and legal theories at this advanced stage of the litigation would cause undue delay and prejudice by both forcing defendants to reconstruct their defense strategy late in the proceedings and requiring the reopening of discovery. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming the denial of leave to amend where the plaintiffs

moved to amend two years after the initial filing and the new claims would have "greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming the denial of leave to amend when "[t]he new allegations would totally alter the basis of the action, in that they covered different acts, employees and time periods necessitating additional discovery"); *Netbula, LLC v. Bindview Dev. Corp.*, No. 06-cv-00711-MJJ, 2007 WL 2221070, at *4 (N.D. Cal. Aug. 2, 2007) (finding that granting leave to amend would result in undue prejudice to the defendants where proposed amendments to the pleadings came after the close of discovery and involved adding unnamed Doe defendants, two new claims, and new factual allegations); *Redon v. Ruiz*, No. 13-cv-01765-WQH-KSC, 2016 WL 3406126, at *4 (S.D. Cal. June 21, 2016) (denying leave to amend where the plaintiff sought to amend the complaint for a fourth time to add fourteen new claims and two new defendants).

Because plaintiff has had multiple opportunities to amend her operative pleading and the court has found that granting further leave to file a sixth amended complaint would cause undue prejudice and delay to defendants, it is unnecessary for the court to address the remaining factors. Accordingly, plaintiff's motion for leave to file a sixth amended complaint will be denied.[3]

**B.     Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. No. 202)**

Next, the court turns to plaintiff's motion for leave to file a supplemental complaint. (Doc. No. 202.)   As noted above, this motion is untimely under the scheduling order that governs this case and could be denied on that basis alone.[4]

/////

---

[3] To the extent that plaintiff requests (Doc. No. 192-1 at 12) reconsideration of the court's prior order granting the motion to dismiss brought on behalf of Barbara Andres and Steven Maviglio (Doc. No. 87), the court finds that this request is rendered moot by this order because the court will not grant plaintiff leave to amend to add those parties or in any other respect.  The court will therefore not entertain such a motion for reconsideration because no further amended complaint will be allowed.

[4] While the court is addressing the merits of plaintiff's untimely filed motions in this instance, it does not intend to do so in the event that untimely, unauthorized motions are filed by plaintiff's counsel in the future.

Turning to the merits of the motion, the court has broad discretion to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). When deciding whether to permit a supplemental pleading, the court's primary concern is judicial efficiency. *See Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (stating that the goal of Rule 15(d) is to promote judicial efficiency). Rule 15(d) "enabl[es] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1998). While leave to permit a supplemental pleading is "favored," it "cannot be used to introduce a 'separate, distinct and new cause of action.'" *Neely*, 130 F.3d at 402 (citation omitted). Instead, the matters newly alleged in a supplemental complaint must exhibit some relation to the claims set forth in the original pleading. *Keith*, 858 F.2d at 474. When determining whether to grant such leave, courts may consider factors such as prejudice. *Id.*

Here, plaintiff's proposed supplemental complaint attempts to introduce distinct claims from those existing in the 5AC because it alleges conduct perpetrated by different defendants involving events occurring more than three years after the events alleged in her 5AC. (*See* Doc. No. 202-2.) Strikingly, the proposed supplemental complaint includes twenty-nine defendants not named in the 5AC, including two whom plaintiff had previously asserted claims against that were dismissed with prejudice by this court. Thus, granting plaintiff leave to file the supplemental complaint would not serve the interests of judicial economy. Rather, it would effectively reset the case, which is near its conclusion, and launch it on a completely different course. *See Gonzalez v. Mason*, No. 07-cv-00180-SI, 2008 WL 2079195, at *2 (N.D. Cal. May 15, 2008) (denying the plaintiff's motion to file a supplemental complaint because the proposed supplement included different defendants and new claims), *aff'd*, 357 F. App'x 835 (9th Cir. 2009); *Byrd v. Lynn*, No. 10-cv-00839-KJM-DAD, 2012 WL 1027348, at *2 (E.D. Cal. Mar. 26, 2012) (denying the plaintiff's motion for leave to file a supplemental complaint where the "plaintiff's proposed supplemental claims [were] separate and distinct from his current claim of unlawful retaliation against defendant [] and [gave] rise to new causes of action against different

defendants"); *Pinson v. Unknown Party*, No. 13-cv-02059-TUC-DCB, 2018 WL 11267794, at *4 (D. Ariz. Oct. 25, 2018) (denying the plaintiff's motion to file a supplemental complaint, finding that the supplemental pleading would "create a multiplicity of litigation within the case and not be in the interests of judicial economy because it would reboot the case which is almost over and start it down a whole new path"). Furthermore, for the same reasons as already explained above, new allegations concerning recent events and the adding of new defendants to this action at this late date would clearly cause undue delay and prejudice.

For all of these reasons, plaintiff's motion for leave to file a supplemental complaint will be denied.[5]

**CONCLUSION**

For the reasons explained above,

1. Plaintiff's motion for leave to file a sixth amended complaint (Doc. No. 192) is denied;

2. To the extent plaintiff is seeking reconsideration of the court's prior order granting the motion to dismiss brought on behalf of Barbara Andres and Steven Maviglio (Doc. No. 192), that request is denied as having been rendered moot;

3. Plaintiff's motion for leave to file a supplemental complaint (Doc. No. 202) is denied;

4. The hearing on plaintiff's motion for leave to file a supplemental complaint currently scheduled for November 21, 2023 at 1:30 p.m. is vacated; and

/////

/////

/////

---

[5] Given that the court will deny plaintiff's motion to file a supplemental complaint, plaintiff's motion for administrative relief from Local Rule 220 and this court's order limiting pleadings to 40 pages will be denied as having been rendered moot. (Doc. No. 200.) As noted above, this motion is also untimely under the scheduling order that governs this case and could be denied on that basis alone. Moreover, the court observes that given the nature of counsel's latest filings in this case, it is apparent that the court's prior order imposing page limitations upon plaintiff's filings was both clearly necessary and remains appropriate.

5. Plaintiff's motion for administrative relief (Doc. No. 200) is denied as having been rendered moot.

IT IS SO ORDERED.

Dated: **October 23, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE