SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**SEAN D. RICHMOND, Senior Deputy City Attorney (SBN 210138)**
srichmond@cityofsacramento.org
**KATE D.L. BROSSEAU, Deputy City Attorney (SBN 345596)**
kbrosseau@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, MARYNA STANIONIS, JARED ROBINET, NATHANIEL REASON, and STEPHEN MAYER

**STEVEN MARK KAMP (California State Bar Number (SBN) 116817)**
steve.kamp@comcast.net
STEVEN KAMP LAW OFFICE, 22 Petrilli Circle, Sacramento, CA 95822
Telephone: (916) 501-1791
Attorney for PARVIN OLFATI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, et al.<br><br>　　　　　Defendants. | Case No.:  2:21-cv-00606-CKD<br><br>**JOINT MOTION TO STAY ALL PROCEEDINGS AND**<br><br>~~**PROPOSED**~~ **ORDER** |

**I.**

**INTRODUCTION**

　　This matter arises from Plaintiff Parvin Olfati's (hereinafter "Plaintiff") Complaint against the City of Sacramento ("City"), and Sacramento Police Officers Robinet, Stanionis, and Reason, and City Fire Captain Stephen Mayer (hereinafter "Defendants") alleging violations of her civil rights under both federal and California law. This matter is currently on calendar

for a mandatory settlement conference to occur on April 7, 2025, a final pre-trial conference to occur on April 9, 2025, and the trial of this matter to commence on May 5, 2025. However, due to circumstances outside of the parties' control, Plaintiff has been made unavailable for an undetermined period of time as the result of her recent confinement to Napa State Hospital on March 11, 2025, ordered in Sacramento Superior Court Case No. 24FE001631. As such, Plaintiff is unable to personally appear in this matter until such time as the issues of her confinement in that case may be resolved by Plaintiff's Counsel. Accordingly, in light of the heavy burden imposed upon counsel during the settlement and trial preparation phases, the parties have jointly agreed to the instant motion to stay these proceedings until Plaintiff's confinement is resolved.

## II.

## ARGUMENT

It is within the inherent power of this Court to stay proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In considering the appropriateness of a stay, courts typically balance the competing interests of the parties, including: (1) the damage that may result from a stay; (2) inequity suffered by a party if the case moves forward; and (3) any impact to the "orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *See also Gates v. King County*, 2021 WL 6494798, at p. 1. (W.D.Wa. 2021).

In the instant case, the interests of the parties in a stay of the proceedings of this matter are not competing, but rather, joint. Here, as noted above, Plaintiff has been ordered to be confined to Napa State Hospital related to a Court Order in Sacramento Superior Court Case No. 24FE001631. The specific and actual timeframe of Plaintiff's confinement and corresponding unavailability is, at present, undetermined. What's more, the issue of her confinement is such that it requires a substantial diversion of the attention of Plaintiff's Counsel from the instant matter to effectively resolve.

Thus, in light of Plaintiff's unavailability, and without the ability of her counsel to appropriately prepare for the trial of this matter, this matter cannot now fairly proceed. *See Lockyer,* 398 F.3d at 1110. If the matter was to proceed irrespective of these issues, both parties

would suffer inequity in slightly different ways. *Id.* Plaintiff's Counsel's need to resolve the issues surrounding Plaintiff's current confinement are such that he cannot adequately prepare for the trial of this matter, thereby prejudicing Plaintiff's case. Similarly, Defendants' need to examine Plaintiff in-person, at the trial of this matter would be equally impinged if the matter was to proceed while Plaintiff remains confined to Napa State Hospital, thus prejudicing Defendants' ability to adequately examine her testimony in front of a jury.

It is also anticipated that once the issue of Plaintiff's confinement has been fully resolved, this matter will be able to proceed through either settlement or trial without interruption. *See Lockyer,* 398 F.3d at 1110. Thus, apart from vacating pre-trial and trial-based dates on the Court's calendar, no damage or prejudice will result from the requested stay, and in any event, the request is not now in dispute between the parties. Instead, a stay of this matter until the resolution of Plaintiff's confinement will aid the "orderly course of justice" as a stay will limit the possibility of a need for subsequent or numerous continuances. *Id.* Further, following the requested stay, once Plaintiff's period of unavailability concludes, the parties will be able to recommence this matter at the final pre-trial deadlines.

As both Plaintiff and Defendants share concerns regarding the ability of this matter to fairly proceed without the issue of Plaintiff's confinement being resolved, the parties equally consent to a stay of the matter until Plaintiff's release. As such, and considering that a stay is inherently within this Court's discretion, the parties jointly and respectfully request that this matter, including all remaining pre-trial and trial-based deadlines, be stayed until Plaintiff has fully resolved the issues surrounding her confinement as it relates to Sacramento Superior Court Case No. 24FE001631. *See Landis,* 299 U.S. at 254.

### III.
### CONCLUSION

For the forgoing reasons, the parties to this matter jointly request that the matter be stayed, to include all remaining pre-trial and trial-based deadlines, until such time as Plaintiff has resolved the issues surrounding her confinement in Sacramento Superior Court Case No. 24FE001631.

DATED:  March 17, 2025                    SUSANA ALCALA WOOD,
                                          City Attorney


                                   By:    /s/ KATE D.L. BROSSEAU
                                          **KATE D.L. BROSSEAU**
                                          Deputy City Attorney

                                          Attorneys for the
                                          CITY OF SACRAMENTO, MARYNA
                                          STANIONIS, JARED ROBINET,
                                          NATHANIEL REASON, and STEPHEN
                                          MAYER

DATED: March 17, 2025                     STEVEN KAMP LAW OFFICE


                                   By:/s/ Steven Mark Kamp March 17, 2025 11:25a.m.
                                          **STEVEN M. KAMP**

                                          Attorney for PARVIN OLFATI

**PROPOSED ORDER**

Good cause appearing, and in consideration of the parties' agreement to a stay of these proceedings, this Court orders that this matter be stayed until such time as Plaintiff's confinement in Sacramento Superior Court Case No. 24FE001631 is fully resolved. Accordingly, all further proceedings, deadlines, and obligations of any party to this matter are hereby removed from this Court's calendar until the stay of this matter has been lifted.

**In addition, the parties shall file promptly file a status report upon plaintiff's release from custody, or within 6 months from the date of this order, whichever occurs first.**

IT IS SO ORDERED.

Dated: March 18, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, olfa21cv0606.stay